Shahrad Milanfar (SBN 201126)
smilanfar@bkscal.com
Alex P. Catalona (SBN 200901)
acatalona@bkscal.com
BECHERER KANNETT & SCHWEITZER
1255 Powell Street
Emeryville, CA 94608
Telephone: (510) 658-3600
Facsimile: (510) 658-1151

Attorneys for Defendant
PRECISION VALVE & AUTOMATION, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN JUAREZ an individual and ISELA HERNANDEZ, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>PRECISION VALVE & AUTOMATION, INC., a corporation and DOES 1-20,<br><br>Defendants. | CASE NO.<br><br>[Los Angeles County Superior Court Case No. BC650229]<br><br>**NOTICE OF REMOVAL UNDER 28 U.S.C. § 1441(a) (DIVERSITY)** |

TO THE HONORABLE CLERK OF THE UNITED STATES DISTRICT COURT, PLEASE TAKE NOTICE:

Pursuant to Title 28 U.S.C. sections 1332, 1441(a) and 1446, Defendant Precision Valve & Automation, Inc. (hereinafter "Defendant" or "PVA") hereby removes this action from the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California and sets forth in support of its Notice of Removal the following:

1. On or about February 28, 2017, Plaintiffs filed this lawsuit, entitled Ruben Juarez and Isela Hernandez v. Precision Value & Automation, Inc., Case No. BC650229,

-1-
DEFENDANT PRECISION VALVE & AUTOMATION, INC.'S
NOTICE OF REMOVAL (28 U.S.C. § 1441(a))

against PVA in the Superior Court of California, County of Los Angeles. (*See* Complaint attached hereto as Exhibit A.)

2. On April 5, 2017, service of the Summons and Complaint was completed upon PVA pursuant to California Code of Civil Procedure ("CCP") section 415.30(c). On that date, PVA's attorney signed and returned plaintiffs' Notice of Acknowledgement of Receipt ("NOAR") of plaintiffs' complaint. (See NOAR and email attached hereto as Exhibit B.) Service of the complaint upon PVA was deemed complete upon this date, April 5, 2017, pursuant to CCP section 415.30(c) which states "[s]ervice of a summons pursuant to this section is deemed complete on the date a written acknowledgement of receipt of summons is executed, if such acknowledgement thereafter is returned to the sender."

3. Plaintiffs' Complaint includes allegations that plaintiff Ruben Juarez ("Mr. Juarez") and plaintiff Isela Hernandez are both citizens of California, and that PVA, the sole defendant in this case, is a citizen of New York. (Complaint, ¶¶ 1, 3.) PVA is a citizen of New York; it was incorporated in the State of New York and its principal place of business is located within the State of New York.

4. In the Complaint, Plaintiffs allege that Mr. Juarez was previously healthy but has suffered stomach pain as well as neurological, psychological and respiratory problems as a result of working with defendant's product, a "PVA 350" after his co-worker at SpaceX allegedly failed to turn on a ventilation system. Plaintiffs further allege that Mr. Juarez previously worked as a programmer at SpaceX from January, 2012 to May or June of 2014 but as a result of using Defendant's product, he (1) has been treated numerous times at urgent care or in the emergency room, (2) has been prescribed numerous medications including decongestants, antihistamines, opioids and anti-depressants, and (3) has not had any gainful employment since May or June of 2014. (Complaint, ¶¶ 14, 21, 30-31, 34.)

5. Previously, on January 30, 2017, plaintiffs' counsel sent a settlement communication that contained a statement of monetary damages which included claimed monetary losses for (1) past and future medical costs, (2) past and future wage loss, and (3)

Becherer Kannett & Schweitzer

1255 Powell St. Emeryville, CA 94608 510-658-3600

-2-
DEFENDANT PRECISION VALVE & AUTOMATION, INC.'S
NOTICE OF REMOVAL (28 U.S.C. § 1441(a))

non-economic damages. Each of these monetary loss claims was well in excess of $1 Million. The amount in controversy in this case is thus substantially in excess of $75,000.00, the jurisdictional amount of this Court pursuant to 28 U.S.C. § 1332(a). Plaintiffs' counsel has also informed PVA's attorneys that Mr. Juarez is currently 42 years old.

6. This Notice of Removal is timely filed in that it is filed within thirty (30) days after service of the Complaint was completed upon PVA. (28 U.S.C. § 1446(b).)

## The Amount In Controversy Requirement Is Satisfied

7. As stated above, on January 30, 2017, plaintiffs' counsel sent a settlement communication in which she asserted monetary losses for (1) past and future medical costs, (2) past and future wage loss, and (3) non-economic damages, and each of monetary loss claims was well in excess of $1 Million. The amount in controversy in this case is thus substantially in excess of $75,000.00, the minimum jurisdictional amount of this Court pursuant to 28 U.S.C. § 1332(a).

## Complete Diversity Exists

8. As stated previously, Plaintiffs' Complaint includes allegations that plaintiffs are citizens of California, and that PVA, the sole defendant in this case, is a citizen of New York. (Complaint, ¶¶ 1, 3.) PVA is, and was at all relevant times, a citizen of New York. PVA was incorporated in New York and its principal place of business is in the State of New York. PVA is not, and was not at any relevant time, a citizen of the State of California.

9. Plaintiffs have not sued any other defendants in this case.

10. The Complaint also names as Defendants DOES 1-20. Pursuant to 28 U.S.C. §1441(a), the citizenship of these defendants is disregarded.

11. This is a civil action over which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332. Plaintiffs' action may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441(a) because it is a civil action between citizens of different states and the matter in controversy herein exceeds the sum or value of $75,000.00, exclusive of interest and costs.

Becherer Kannett & Schweitzer

1255 Powell St.
Emeryville, CA
94608
510-658-3600

## The Other Requirements Of Removal Are Met

12. This Notice of Removal is being filed within thirty (30) days of service on the first-served (and only) defendant. Thus, this Notice of Removal is timely filed under 28 U.S.C. § 1446(b).

13. This case is properly removed to this particular district court because the Superior Court of the State of California, County of Los Angeles, where this action was originally filed, is located within this district.

14. Counsel for PVA certifies that pursuant to 28 U.S.C. § 1446(d), it will file a copy of this Notice of Removal with the Clerk of the Superior Court of the State of California, County of Los Angeles, and give notice of same to plaintiffs' attorney.

## Conclusion

WHEREFORE, Precision Valve & Automation, Inc., pursuant to these statutes and in conformance with the requirements set forth in 28 U.S.C. § 1446, removes this action to this Court from the Superior Court of California, County of Los Angeles.

Date: May 3, 2017

BECHERER KANNETT & SCHWEITZER

By: _____
Alex P. Catalona
Attorneys for Defendant
PRECISION VALVE & AUTOMATION, INC.

Becherer Kannett & Schweitzer
1255 Powell St.
Emeryville, CA 94608
510-658-3600

-4-
DEFENDANT PRECISION VALVE & AUTOMATION, INC.'S
NOTICE OF REMOVAL (28 U.S.C. § 1441(a))

# EXHIBIT A

Teresa Li (Bar No. 278779)
teresa@lawofficesofteresali.com
LAW OFFICES OF TERESA LI, PC
315 Montgomery Street, 9th Floor
San Francisco, California 94104
Telephone:   415.423.3377
Facsimile:    888.646.5493

Attorneys for Plaintiffs
RUBEN JUAREZ and ISELA HERNANDEZ

**Electronically FILED**
by Superior Court of California
County of Los Angeles on
**02/28/17**
Sherri R. Carter, Executive Officer/Clerk
By_____ Deputy
Dawn Alexander

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES - UNLIMITED JURISDICTION

| | |
|---|---|
| RUBEN JUAREZ, an individual and ISELA HERNANDEZ, an individual<br><br>Plaintiffs,<br><br>v.<br><br>PRECISION VALVE & AUTOMATION, Inc., a corporation and DOES 1-20<br><br>Defendants. | Case No. **BC650229**<br><br>**COMPLAINT FOR DAMAGES**<br><br>**GENERAL NEGLIGENCE**<br>**STRICT LIABILITY**<br>**FAILURE TO WARN**<br>**LOSS OF CONSORTIUM**<br><br>**JURY TRIAL DEMANDED** |

Plaintiffs RUBEN JUAREZ and ISELA HERNANDEZ hereby file this Complaint for Relief and Demand for Jury Trial against Defendant PRECISION VALVE & AUTOMATION, INC., (a New York Corporation) and alleges as follows:

**PARTIES AND JURISDICTION**

1.  The Plaintiffs RUBEN JUAREZ and ISELA HERNANDEZ reside in Granada Hills, CA 91344, in the County of Los Angeles within the State of California. During all relevant time, Plaintiff ISELA HERNANDEZ is Plaintiff's RUBEN JUAREZ's lawful wife.

2.  During all relevant time, the alleged injuries occurred in the County of Los Angeles within the State of California.

3.  Defendant PRECISION VALVE & AUTOMATION, INC. ("PVA") is a New York Corporation and its principal place of business is 1 Mustang Drive, Cohoes, New York,

COMPLAINT

BC650229

1  12047.

2      4.    Defendant PVA designed, manufactured, and sold PVA 350, a benchtop dispensing / coating system that sprays chemicals to circuit boards.

    5.    Before 2012, PVA designed, manufactured, and sold at least a PVA 350 to one of Space Exploration Technologies Corp. ("Space X") California locations in Hawthorne, CA, a County of Los Angeles.

    6.    On information and belief, before the sales of the PVA 350, PVA had samples of the chemicals to be sprayed by the PVA 350. As a result, PVA knew or should have known the toxicity of the chemicals to be used by the PVA 350.

    7.    Plaintiffs are unaware of the true names and capacities of those Defendants sued herein as DOES 1-20, inclusive, and therefore sues said Defendants by such fictitious names. Plaintiffs will amend this Complaint to allege the true names and capacities of said Defendants, when the same have been ascertained, together with such other charging allegations as may be appropriate.

    8.    Plaintiffs are informed and believe, and thereupon allege, that each Defendant designated as a DOE is responsible, negligently or in some other actionable manner, for the events and happenings hereafter referred to, and caused injuries and damages proximately thereby to plaintiffs, as hereinafter alleged, either through said defendants' own negligent conduct, or through the conduct of their agents, servants or employees, or in some other manner as yet unknown.

    9.    Plaintiffs are informed and believe, and thereupon allege, that at all times mentioned herein, defendants and each of them, were the agents, servants, employees, independent contractors and/or joint venturers of their co-defendants and were, as such, acting within the scope, course and authority of said agency, employment, contract, and/or joint venture, or acting in the concert, and that each and every defendant, as aforesaid, when acting as a principal, was negligent in the selection, hiring, training, control, and supervision of each and every other defendant as an agent, servant, employee, independent contractor and/or joint venture.

10. At some or all relevant herein, each Defendant was the agent of each other defendant, each Defendant was acting within the court and scope of that agency, each Defendant ratified the conduct of the other Defendants with actual and/or constructive knowledge of such conduct, and each Defendant was subject to and under the supervision of the other defendant.

## GENERAL ALLEGATIONS

11. PVA 350 is a benchtop dispensing / coating system that sprays chemicals to circuit boards, manufactured, designed, supplied, installed, inspected, repaired, and sold by Defendant PVA. Once programmed, PVA can automatically spray chemicals without an attendant constantly on duty.

12. PVA 350 does not have an automatic shutoff and does not sound an alarm when the ventilation / exhaust is not in operation. In other words, PVA 350 is designed to continue to spray chemicals even when the ventilation / exhaust is not in operation. Furthermore, there is no warning anywhere about this.

13. On information and belief, to add the automatic shutoff, PVA only needs to include an airflow sensor or something similar.

14. On January 2012, Plaintiff RUBEN JUAREZ started working for Space X as a programmer for a PVA 350 that sprayed chemicals to circuit boards at Space X's Hawthorne, CA location. Plaintiff RUBEN JUAREZ worked there with the PVA 350 until May or June of 2014.

15. During Plaintiff RUBEN JUAREZ's time at Space X, Plaintiff RUBEN JUAREZ was in charge of programming the PVA 350 to spray Arathane® 5750A, Arathane® 5750B, Arathane® 5750A/B, Humiseal®, Humiseal® thinner, and Isopropyl Alcohol.

16. PVA trained Plaintiff RUBNE JUAREZ that in order to verify whether the equipment correctly sprayed the chemicals, Plaintiff RUBNE JUAREZ had to stick his head into the spraying chamber of the PVA 350 to verify. He had to do this because the spray is usually transparent and is very fine with tiny thickness and therefore, a naked eye cannot identify whether or not certain part of the circuit board has been sprayed or the thickness of the spray. The only way to verify this is to use a black light and poke his head inside the PVA 350 to check. He could

3
COMPLAINT

BC650229

1  not take the circuit board out of the PVA 350 to verify this because it is wet and thus, any
2  handling of the board would destroy the accuracy of the spray.

3      17.     During Plaintiff RUBEN JUAREZ's time at Space X from 2012 to 2014, he had
4  confirmation that the ventilation system was not in operation many times: he asked his co-worker
5  why it always smelt so bad in the room, the co-worker told Mr. Juarez that he just realized that he
6  had forgotten to turn on the ventilation system. Plaintiff RUBEN JUAREZ also noticed that
7  chemicals often leaked out of the PVA 350 from the bottom.

8      18.     When the exhaust fan was not in operation, Plaintiff RUBEN JUAREZ breathed in
9  the toxic chemicals during the verification process because his head was directly emerged inside
10 the PVA 350 with the toxic chemicals floating inside it.

11     19.     In addition, when the exhaust fan was not in operation, the toxic chemicals leaked
12 out of the PVA 350. Plaintiff RUBEN JUAREZ on average spent about 60% of his days standing
13 right next to the PVA 350.

14     20.     Plaintiff RUBEN JUAREZ did not suspect that the chemicals may have caused his
15 injuries until March of 2015 when he, for the first time, received the MSDS of the chemicals.

16     21.     During the entire time, none of the treating physicians suspected that chemical
17 exposures could have been the cause of his symptoms, due to the fact that none knew that
18 Plaintiff RUBEN JUAREZ was working with chemicals. His medical records list his
19 employment as "computer programmer."

20     22.     The MSDS of Arathane® 5750A shows that it contains chemicals toluene,
21 diphenylmethane 4, 4'-diisocyanate, MDI Homopolymer, methylenediphenyldiisocryanate
22 ("MDI"), and triethyl phosphate. It further provides that the chronic health effects from the
23 exposure to the chemicals "can cause target organ damage" that include "upper respiratory tract,"
24 "the nervous system . . . brain, central nervous system (CNS)."

25     23.     The MSDS of Arathane® 5750B shows that it contains chemicals toluene,
26 hydroxylated polybutadiene, methyl ethyl ketone, 1, 1'-phenyliminodipropan-2-ol. It further
27 provides that the chronic health effects of exposure to the chemicals "can cause target organ
28

BC650229

damage" including "the nervous system . . . brain, gastrointestinal tract, central nervous system (CNS)." Over-exposure will aggravate the medical conditions.

24. The MSDS of Humiseal® shows that it contains chemicals toluene, acetone, xylene, ethyl benzene, methyl ethyl ketone, dimethyl ether, heptane, ethyl 3 ethoxy propionate, and oil mod. Polyurethane. It further provides that inhalation of the chemicals can "[c]ause irritation of nasal passages and throat" and "stupor (central nervous system depression)." "Significant exposure to these chemicals may adversely affect people with chronic disease of the respiratory system" and "central nervous system." And an inhalation may "cause mild nausea/dizziness."

25. The MSDS of Humiseal® thinner 521 EU that it contains chemicals xylene. It further provides "[s]ignificant exposure to these chemicals may adversely affect people with chronic disease of the respiratory system [and] central nervous system." Inhalation may cause nausea/dizziness.

26. The MSDS of IPA provides that prolonged exposure may result in nose, throat, and central nervous system depression. "Acute CNS depression may be manifested as giddiness, headache, dizziness, and/or nausea."

27. The scientific community has generally accepted the effects of prolonged exposure to these chemicals. For example, Center of Disease Control's ("CDC") publishes that "[s]ymptoms of toluene poisoning include CNC effects (headache, dizziness, ataxia, drowsiness, euphoria . . . . respiratory depression, nausea . . . electrolyte imbalances)." United States Department of Labor Occupational Safety and Health Administration notes that symptoms of toluene exposure include "weakness, exhaustion, confusion, euphoria, dizziness, headache . . . anxiety, muscle fatigue, insomnia" and that "long term and repeated workplace exposure to toluene affect the central nervous system." Environmental Protection Agency ("EPA") also notes that chronic effect of toluene exposure can cause "CNS depression," leading to drowsiness, headache, dizziness, and neurobehavioral effects.

28. Similarly, symptoms from exposure to MDI include "headache, sore throat . . .

BC650229

chest tightness." A study of 203 school children who were exposed to MDI shows that 70.9% reported headache, and 62.6% reported nausea. The effects of chronic exposure of MDI include "headache, nausea and muscle aches. "There are also case reports of neurological effects" of "headaches, forgetfulness, mood alterations, irritability, and difficulty concentrating." "[T]here was evidence of emotional distress in the form of depression, anxiety, and altered mentation."

29. On information and belief, before a benchtop dispensing system is designed and manufactured by PVA, Space X sends samples of its toxic chemicals to PVA for customization. So, PVA knew or should have known the exact type of chemicals used by its PVA 350 and the dangerous health consequences from exposure to these chemicals if the exhaust/ventilation is not in operation.

30. Plaintiff RUBEN JUAREZ, a previously healthy man, who rarely went to see doctors, after six months into the job, on June 27, 2012, went to urgent care for palpitations and presyncope (lightheadedness, muscular weakness, blurred vision, and feeling faint). He also complained about shortness of breath. All of these symptoms are well documented as chronic exposure to these toxic chemicals by the scientific community.

31. From June of 2012 to present, Plaintiff RUBEN JUAREZ has had over 9 hospitalizations for symptoms associated with toluene, MDI, and other toxic chemical exposure. In addition, he has had at least 21 visits to urgent care /emergency room for symptoms associated with the toxic chemical exposure.

32. His current medications include Oxycodne, Norco, Topamax, Depakote, and Ondansetron for migraine, Wellbutrin and Xanax for depression, Flonase and Allegra-D for respiratory issues, Deltasone for chest tightness, and Protonix for stomach problems causing from the drug cocktail.

33. His current conditions include severe headache, nausea, short of breath, dizziness, memory loss, out of balance, respiratory issues, and stomach pain from the medications. He also has suicidal thoughts once a week: sometimes his migraines are so severe that he hopes that he just does not wake up the next day. He also has sleeping problems.

34. Due to the continuing medical treatment, hospitalization, and urgent care visits, Plaintiff has not worked since May or June of 2014.

35. Plaintiff RUBEN JUAREZ lives with his 12-year-old daughter and his wife Plaintiff ISELA HERNANDEZ.

## FIRST CAUSE OF ACTION

## NEGLIGENCE

### (Against all Defendants)

36. Plaintiffs refer to paragraph 1-35 above and incorporate them into this cause of action as though fully set forth herein.

37. Defendants designed, manufactured, supplied, installed, inspected, and repaired the PVA 350.

38. First, Defendants were negligent in designing, manufacturing, supplying, installing, inspecting, and repairing the PVA 350. In particular, Defendants failed to use the amount of care in designing, manufacturing, inspecting, installing, and repairing the PVA 350 that a reasonably careful designer, manufacturer, supplier, installer, repairer would use in similar circumstances to avoid exposing Plaintiff RUBEN JUAREZ, a programmer of the PVA 350, to a foreseeable risk of harm. Furthermore, Defendants' design violated Cal-OSHA, which requires that "When spray is automatically applied without an attendant constantly on duty, the operating control of spray apparatus shall be so arranged that spray cannot be applied unless exhaust fans are in operation." (Title 8 of Cal. Code of Regulations, § 5153.)

39. Second, Defendants knew or reasonably should have known that the PVA 350 was dangerous or was likely to be dangerous when used or misused in a reasonably foreseeable manner. Defendants failed to adequately warn of the danger.

40. Third, Defendants became aware of this defect after the PVA 350 was sold and Defendants failed to recall/retrofit or warn of the danger of the PVA 350. A reasonable manufacturer/distributor/seller under the same or similar circumstances would have recalled, retrofitted the product.

BC650229

41. Plaintiffs were harmed.

42. Defendants' negligence was a substantial factor in causing Plaintiffs' harm.

## SECOND CAUSE OF ACTION

### STRICT PRODUCT LIABILITY

**(Against all Defendants)**

43. Plaintiffs refer to paragraph 1-42 above and incorporate them into this cause of action as though fully set forth herein.

44. The PVA 350 contains a design defect that it does not stop spraying toxic chemicals or sound any alarm when the ventilation / exhaust is not in operation. It continues to spray toxic chemicals even when the ventilation / exhaust is not in operation without sounding any alarm about it.

45. The PVA 350 also did not have warning of the potential safety hazard when the ventilation / exhaust is not in operation.

46. The PVA 350 did not perform as safely as an ordinary consumer would have expected it to perform when used or misused in an intended or reasonably foreseeable way.

47. Plaintiffs were harmed.

48. The PVA's failure to perform safely was a substantial factor in causing Plaintiffs' harm.

## THIRD CAUSE OF ACTION

### LOSS OF CONSORTIUM

**(Against all Defendants)**

49. Plaintiffs refer to paragraph 1-49 above and incorporate them into this cause of action as though fully set forth herein.

50. Defendants' wrongful conduct, acts and omissions, were a substantial factor in causing Plaintiff ISELA HERNANDEZ to sustain loss of love, care, companionship, comfort, assistance, protection, society, moral support from Plaintiff RUBEN JUAREZ, in an amount according to proof.

BC650229

## PRAYER

WHEREFORE, Plaintiffs pray for judgment against Defendants, each of them, as follows:

1. For general and noneconomic damages according to proof;
2. For special and economic damages according to proof;
3. For costs of suit;
4. For attorneys' fees as allowed by law;
5. Pre-judgment interest; and
6. For such further relief as the Court deems just and proper.

Dated: February 27, 2017

LAW OFFICES OF TERESA LI, PC

_____
Teresa Li
Attorneys for Plaintiffs
RUBEN JUAREZ and ISELA HERNANDEZ

# EXHIBIT B

**Catalona, Alex**

| | |
|---|---|
| **From:** | Milanfar, Shahrad |
| **Sent:** | Wednesday, April 05, 2017 3:40 PM |
| **To:** | teresa@lawofficesofteresali.com |
| **Cc:** | Catalona, Alex |
| **Subject:** | Juarez - Signed NOAR |
| **Attachments:** | Juarez - Signed NOAR 4-5-17.pdf |

Teresa,

Per our discussion, I'm attaching the signed notice of acknowledgement of receipt. I'm generally available on Friday. Please let me know the best time to call you.

Regards,

**Shahrad Milanfar, Esq. | Becherer Kannett & Schweitzer**

| | |
|---|---|
| **Northern California:** | 1255 Powell Street, Emeryville, CA 94608 |
| **Southern California:** | 85 North Raymond Avenue, Pasadena, CA 91103 |

Tel: 510.658.3600
Fax: 510.658.1151
Email: smilanfar@bkscal.com | www.bkscal.com



CONFIDENTIALITY NOTICE:
The information in this email is confidential and/or privileged. If you are not the intended recipient or an authorized representative of the intended recipient, you are on notice that any review, dissemination or copying of this email and its attachments is prohibited. If you have received this email in error, please immediately notify the sender by return email and delete this email from your system.

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Teresa Li (SBN 278779)<br>Law Offices of Teresa Li, PC<br>315 Montgomery Street, 9th Floor<br>San Francisco, CA 94104<br>TELEPHONE NO.: (415) 423-3377   FAX NO. *(Optional):* (888) 646-5493<br>E-MAIL ADDRESS *(Optional):* teresa@lawofficesofteresali.com<br>ATTORNEY FOR *(Name):* Plaintiffs Ruben Juarez and Isela Hernandez | FOR COURT USE ONLY |
|---|---|

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angles, CA 90012
BRANCH NAME: Stanley Mosk Courthouse

PLAINTIFF/PETITIONER: Ruben Juarez and Isela Hernandez
DEFENDANT/RESPONDENT: Precision Valve & Automation, Inc.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>BC650229 |
|---|---|

TO *(insert name of party being served):* Anthony J. Hynes (Chief Executive Officer) on behalf of Precision Valve & Automation, Inc.

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: March 7, 2017

Teresa Li, Esq.
(TYPE OR PRINT NAME)

▶ *(signature)*
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing):*

1. ☑ A copy of the summons and of the complaint.
2. ☑ Other *(specify):*
   Notice of Case Assignment, Civil Case Cover Sheet, 3rd Amended General order and 6th Amended General order

*(To be completed by recipient):*

Date this form is signed:

4-5-17
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY, ON WHOSE BEHALF THIS FORM IS SIGNED)

▶ *(signature)*
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov

Shahrad Milanfar (SBN 201126)
smilanfar@bkscal.com
Alex P. Catalona (SBN 200901)
acatalona@bkscal.com
BECHERER KANNETT & SCHWEITZER
1255 Powell Street
Emeryville, CA 94608
Telephone: (510) 658-3600
Facsimile: (510) 658-1151

Attorneys for Defendant
PRECISION VALVE & AUTOMATION, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN JUAREZ an individual and ISELA HERNANDEZ, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>PRECISION VALVE & AUTOMATION, INC., a corporation and DOES 1-20,<br><br>Defendants. | CASE NO.<br><br>[Los Angeles County Superior Court Case No. BC650229]<br><br>**CERTIFICATE OF SERVICE OF NOTICE OF REMOVAL UNDER 28 U.S.C. ¶ 1441(a) (DIVERSITY)**<br><br>[Originally Superior Court of the State of California, County of Los Angeles, Case No. BC650229] |

I, Jerry M. Dumlao, declare that I am employed in the County of Alameda, State of California; I am over the age of eighteen (18) years and not a party to the within entitled action; my business address is 1255 Powell Street, Emeryville, California 94608.

On **May 3, 2017**, I caused to be served the foregoing:

**NOTICE OF REMOVAL UNDER 28 U.S.C. ¶ 1441(a) (DIVERSITY)**

In said action by placing a true copy thereof enclosed in a sealed envelope and served in the manner and/or manners described below to each of the parties herein and addressed as follows:

///

///

-1-
CERTIFICATE OF SERVICE

| | |
|---|---|
| Attorneys for Plaintiff | Teresa Li, Esq.<br>LAW OFFICES OF TERESA LI, PC<br>315 Montgomery Street, 9th Floor<br>San Francisco, California 94104<br>Telephone: (415) 423-3377<br>Facsimile: (888) 646-5493 |

☒ (By Mail) I deposited such envelope with postage thereon fully prepaid to be placed in the United States Mail at Emeryville, California. I am familiar with the mail collection practices of Becherer Kannett & Schweitzer Attorneys and pursuant to those practices the envelope would be deposited with the United States Postal Service the same day.

Executed on May 3, 2017.

_____
Jerry M. Dumlao

Becherer Kannett & Schweitzer

1255 Powell St.
Emeryville, CA 94608
510-658-3600

-2-
DEFENDANT PRECISION VALVE & AUTOMATION, INC.'S
NOTICE OF REMOVAL (28 U.S.C. § 1441(a))