UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN JUAREZ an individual and ISELA HERNANDEZ, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>PRECISION VALVE & AUTOMATION, INC., a corporation and DOES 1-20,<br><br>Defendants. | Case No. 2:17-cv-03342<br><br>[Los Angeles County Superior Court Case No. BC650229]<br><br>**STIPULATION REGARDING TRIAL CONTINUANCE AND OTHER DEADLINES** |

WHEREAS, this is a product liability personal injury case in which plaintiff RUBEN JUAREZ alleges that he was injured while working in the Avionics department of Space Exploration Technologies Corp. ("SpaceX") while using a conformal coating machine manufactured by Defendant PVA;

WHEREAS, both parties have been diligent in seeking amendment to the pleadings as required by *Johnson v. Mammoth Recreations, Inc.* 975 F.2d 604, 609 (9th Cir. 1992) and the Court's Scheduling and Case Management Order 6.e. (ECF No. 14.) and to modify the scheduling order in compliance with the Court's Scheduling and Case Management Order 6.d. (ECF No. 14.):

1. Both parties have propounded extensive written discovery;

2. A larger than expected amount of documents have been generated

STIPULATION REGARDING TRIAL CONTINUANCE AND OTHER DEADLINES

1  during litigation so far.  Defendant PVA has produced approximately 5000 pages of
2  documents.  Documents produced by attorneys and medical providers from the
3  underlying workers' compensation case total more than 20,000 pages.  There is also
4  an unknown amount of additional documents which have not yet been produced by
5  third party The Advocator Group who refused to produce them in spite of PVA's
6  subpoena, but who has recently agreed to produce them after negotiations lasting
7  more than 4 months;
8       3.    Production of other key documents was delayed due to negotiations
9  with counsel for third party SpaceX, Plaintiff's employer, whose aerospace-related
10 documents are proprietary in nature and protected from disclosure by the U.S.
11 Munitions List (UMSL) and the International Traffic in Arms Regulations (ITAR),
12 22 CFR 120-130;
13      4.    Since the deposition of plaintiff Ruben Juarez which took place on
14 March 8 and March 15, 2018, the parties have learned that additional fact witness
15 testimony not previously anticipated will be needed despite diligence of the parties;
16      5.    Because certain aspects of plaintiff Ruben Juarez's job history at
17 SpaceX are unclear, including some which relate to his use of the machine
18 manufactured by Defendant at issue in this case, the parties are required to
19 investigate and seek additional testimony from multiple SpaceX co-workers of
20 plaintiff Juarez;
21      6.    Plaintiffs' counsel also seeks to amend and reconfigure plaintiffs'
22 complaint based on the deposition testimony of plaintiff Ruben Juarez and
23 documents produced and discussed at his March, 2018 deposition;
24      7.    The complaint was originally filed in the state court and was prepared
25 to comply with the state pleading standard, not federal pleading standard;
26      8.    Given recent developments, the parties will not be able to comply with
27 the July, 2018 deadlines regarding the close of fact and expert discovery, or the
28 upcoming trial date as provided in this Court's Scheduling and Case Management

Order (ECF No. 14.)

9. Plaintiff has pleaded facts relating to the statute of limitations in the Complaint (Complaint, ¶¶ 20-21, ECF No. 1), however, plaintiff seeks leave to assert additional allegations after conducting discovery in order to assert why the case is not time barred as follows:

    a. The font is changed from 12 points to 14 points in compliance with the Local Rule;

    b. The phrase "and Isopropyl Alcohol" is deleted from paragraph 15 of the Complaint;

    c. The word "unknowingly" is added to Paragraph 18 of the Complaint;

    d. Paragraph 20 of the Complaint is deleted;

    e. Paragraph 21 of the Complaint is moved to Paragraph 33 of the Amended Complaint;

    f. Paragraph 26 of the Complaint is deleted;

    g. A new paragraph is added: "Up until May of 2015, Plaintiff RUBEN JUAREZ thought that his injury was caused by lead solder wire and cleaning solution to clean electronic parts operated by other Space X employees near Plaintiff's work station. The solder wire and the cleaning solution had nothing to do with the PVA 350—they were not even housed in the same location as the PVA 350. It was not until May of 2015, when Plaintiff Juarez saw the MSDS sheets from Space X that he first saw that the solder wire was actually lead-free and the detergent was only alcohol and that he first suspected that the PVA 350 might have caused his injuries. Therefore, despite diligent investigation of the circumstances of the injury, Plaintiff RUBEN JUAREZ could not have reasonably discovered facts supporting the cause of action against PVA within the applicable statute of limitations period."

    h. The sentence "It also requires the operator to put his head into

3
STIPULATION REGARDING TRIAL CONTINUANCE AND OTHER DEADLINES

the machine to check the spray" is added to Paragraph 44 of the Complaint.

        i.     Plaintiffs have also added reference to their recently retained co-counsel, Daniel K. Balaban, of Balaban and Spielberger.

10.     Plaintiff's proposed amendment does not add new theories or parties;

11.     Defendant has previously asserted the statute of limitations as an affirmative defense, however, in its forthcoming Answer to plaintiffs' First Amended Complaint, it will specifically identify California Code of Civil Procedure Section 335.1, regarding toxic chemical exposure claims, as an additional statute of limitations supporting this defense;

12.     Defendant also requests additional time to investigate and rebut the new allegations in Plaintiffs' Amended Complaint;

13.     Plaintiffs have submitted their proposed amendment of the Complaint to Defendant and this Court without delay, and plaintiffs' new allegations are not made in bad faith;

14.     There have been no prior amendments to the pleadings in this case; and

15.     There have been no prior trial continuances or modifications to the scheduling order.

16.     The parties have by stipulation established good cause for the requested pleading amendments, trial continuance, and modification of the Scheduling and Case Management Order pursuant to Federal Rule of Civil Procedure 16 and *Johnson v. Mammoth Recreations, Inc.* 975 F.2d 604, 609 (9th Cir. 1992).

WHEREAS, the current scheduling order provides that

1.     Deadline to hear motion to amend pleadings or add parties was 10/2/2017;

2.     Percipient/fact discovery cutoff is 7/9/2018;

3.     Expert Discovery Cutoff is 7/23/2018;

4.     Deadline to conduct settlement conference is 8/20/2018;

5.     Deadline for hearing motions is 8/27/2018;

6. Deadline to file pretrial documents is 9/17/2018;

7. Final pretrial conference is 9/24/2018;

8. Deadline to file oppositions to motions in limine is 10/1/2018;

9. Hearing on motions in limine is 10/15/2018;

10. Deadline to file final trial exhibit stipulation is 10/18/2018; and

11. Trial is 10/23/2018.

IT IS HEREBY STIPULATED by and between the parties hereto through their respective attorneys of record that Plaintiff may file an Amended Complaint, a copy of which is attached hereto as Exhibit A;[1]

IT IS FURTHER SITPULATED that the amended complaint is deemed served by this stipulation, and Defendant shall file and serve an answer within 30 days from the date the Court signs the order;

IT IS FURTHER STIPULATED that the scheduling order should be modified to the extent that the trial date is continued by five months to 03/23/2019 and all other deadlines are continued by five months accordingly. The parties further stipulate that the new deadlines based on this trial date should be as follows:

1. Percipient/fact discovery cutoff is 12/9/2018;

2. Expert Discovery Cutoff is 12/23/2018;

3. Deadline to conduct settlement conference is 1/20/2019;

4. Deadline for hearing motions is 1/27/2019;

5. Deadline to file pretrial documents is 2/17/2019;

6. Final pretrial conference is 2/24/2019;

7. Deadline to file oppositions to motions in limine is 3/1/2019;

8. Hearing on motions in limine is 3/15/2019;

9. Deadline to file final trial exhibit stipulation is 3/18/2019; and

10. Trial is 3/23/2019.

---

[1] Pursuant to this Court's Scheduling and Case Management Order, a redlined version of the proposed amended complaint is attached hereto as Exhibit B.

1    If 03/23/2019 is unavailable or not convenient to the Court's calendar, the
2    parties stipulate that the Court should select a new trial date at its discretion on a
3    date after 03/23/2019, and base the new pre-trial deadlines on the date selected.

                                                          LAW OFFICES OF TERESA LI, PC

DATED: April 27, 2018                    /s/ Teresa Li
                                                          Teresa Li, Esq.,
                                                           Attorneys for Plaintiffs RUBEN
                                                           JUAREZ AND ISELA HERNANDEZ


                                                           Balaban & Spielberger, LLP

DATED: April 27, 2018                    /s/ Daniel K. Balaban
                                                          Daniel K. Balaban, Esq.,
                                                          Attorneys for Plaintiffs RUBEN
                                                          JUAREZ AND ISELA HERNANDEZ


                                                           BECHERER KANNETT &
                                                           SCHWEITZER

DATED: April 27, 2018                    /s/ Alex P. Catalona
                                                          Shahrad Milanfar, Esq.,
                                                          Alex P. Catalona, Esq.
                                                          Attorneys for Defendant PRECISION
                                                          VALVE & AUTOMATION, INC.

**Certificate of Service**

I hereby certify that on <u>April 27, 2018</u>, I filed the foregoing through the CM/ECF system, which will forward electronic copies to all counsel of record.

By: <u>/s/ Teresa Li</u>
      Teresa Li