1  Teresa Li (Bar No. 278779)
2  teresa@lawofficesofteresali.com
   LAW OFFICES OF TERESA LI, PC
3  315 Montgomery Street, 9th Floor
   San Francisco, California 94104
4  Telephone:  415.423.3377
   Facsimile:   888.646.5493
5

6  Daniel K. Balaban (Bar No. 243652)
   Daniel@dbaslaw.com
7  BALABAN & SPIELBERGER, LLP
   11999 San Vincente Boulevard, Suite 345
8  Los Angles, CA 90049
   Telephone:  424.832.7677
9  Facsimile:   424.832.7702

10
   Attorneys for Plaintiffs
11 RUBEN JUAREZ and ISELA HERNANDEZ

12 Shahrad Milanfar (Bar No. 201126)
   smilanfar@bkscal.com
13 Alex P. Catalona (Bar No. 200901)
   acatalona@bkscal.com
14 BECHERER KANNETT & SCHWEITZER
15 1255 Powell Street
   Emeryville, CA 94608
16 Telephone: (510) 658-3600
   Facsimile: (510) 658-1151
17

18 Attorneys for Defendant
   PRECISION VALVE & AUTOMATION, INC.
19

20                  UNITED STATES DISTRICT COURT

21                  CENTRAL DISTRICT OF CALIFORNIA

22

| | |
|---|---|
| 23  RUBEN JUAREZ an individual and ISELA HERNANDEZ, an individual, | Case No. 2:17-cv-03342 |
| 24                   Plaintiffs, | [Los Angeles County Superior Court Case No. BC650229] |
| 25         v. | |
| 26  PRECISION VALVE & AUTOMATION, INC., a corporation and DOES 1-20, | **DECLARATION SUPPORTING STIPULATION REGARDING TRIAL CONTINUANCE AND OTHER DEADLINES** |

DECLARATION SUPPORTING STIPULATION REGARDING TRIAL CONTINUANCE AND
                              OTHER DEADLINES

|   |   |
|---|---|
| 1 | Defendants. |

In support of the parties' Stipulation Regarding Trial Continuance And Other Deadlines, counsel for the parties provide the following declaration:

    1.    Counsel signing this declaration are counsel of record for the parties listed below, and are licensed to practice in all California courts and this Court.

    2.    This is a product liability personal injury case in which plaintiff Ruben Juarez alleges that he was injured while working in the Avionics department of Space Exploration Technologies Corp. ("SpaceX") while using a conformal coating machine manufactured by Defendant PVA.

    3.    Both parties have been diligent in seeking amendment to the pleadings as required by *Johnson v. Mammoth Recreations, Inc.* 975 F.2d 604, 609 (9th Cir. 1992) and the Court's Scheduling and Case Management Order 6.e. (ECF No. 14), and to modify the scheduling order in compliance with the Court's Scheduling and Case Management Order 6.d. (ECF No. 14.)

    4.    Both parties have propounded extensive written discovery.

    5.    A larger than expected amount of documents have been generated during litigation so far.  Defendant PVA has produced approximately 5000 pages of documents.  Documents produced by attorneys and medical providers from the underlying workers' compensation case total more than 20,000 pages.  There is also an unknown amount of additional documents which have not yet been produced by third party The Advocator Group who refused to produce them in spite of PVA's subpoena, but who recently agreed to produce them after negotiations lasting more than 4 months.

    6.    Production of other key documents was delayed due to negotiations with counsel for third party SpaceX, Plaintiff's employer, whose aerospace-related documents are proprietary in nature and protected from disclosure by the U.S.

1  Munitions List (UMSL) and the International Traffic in Arms Regulations (ITAR),
2  22 CFR 120-130.  Attached hereto as Exhibit A is a true and correct copy of the
3  cover page of one of those documents which evidences this protection.
4     7.   Since the deposition of plaintiff Ruben Juarez which took place on
5  March 8 and March 15, 2018, the parties have learned that additional testimony not
6  previously anticipated will be needed despite diligence of the parties.
7     8.   Several aspects of plaintiff Ruben Juarez's job history at SpaceX are
8  unclear, including some relating to his use of the machine manufactured by
9  Defendant at issue in this case.  The parties will be required to investigate and seek
10  additional testimony from multiple SpaceX co-workers of plaintiff Juarez.
11     9.   Plaintiffs' counsel also seeks to amend and reconfigure the complaint
12  based on the deposition testimony of plaintiff Ruben Juarez and evidence produced
13  and discussed at his March, 2018 deposition.
14     10.  The complaint was originally filed in the state court and was prepared
15  to comply with the state pleading standard, not federal pleading standard.
16     11.  Given the above recent developments, the parties will be unable to
17  comply with the July, 2018 deadlines regarding the close of fact and expert
18  discovery, or the upcoming trial date as provided in this Court's Scheduling and
19  Case Management Order (ECF No. 14.)
20     12.  Plaintiff has pleaded facts relating to the statute of limitations in the
21  Complaint (Complaint, ¶¶ 20-21, ECF No. 1), however, plaintiff seeks leave to
22  make additional allegations after conducting discovery in order to assert why the
23  case is not time barred as follows:
24     a.   The font is changed from 12 points to 14 points in compliance
25  with the Local Rule;
26     b.   The phrase "and Isopropyl Alcohol" is deleted from paragraph
27  15 of the Complaint;
28

      c.      The word "unknowingly" is added to Paragraph 18 of the Complaint;

      d.      Paragraph 20 of the Complaint is deleted;

      e.      Paragraph 21 of the Complaint is moved to Paragraph 33 of the Amended Complaint;

      f.      Paragraph 26 of the Complaint is deleted;

      g.      A new paragraph is added: "Up until May of 2015, Plaintiff RUBEN JUAREZ thought that his injury was caused by lead solder wire and cleaning solution to clean electronic parts operated by other Space X employees near Plaintiff's work station.  The solder wire and the cleaning solution had nothing to do with the PVA 350—they were not even housed in the same location as the PVA 350.  It was not until May of 2015, when Plaintiff Juarez saw the MSDS sheets from Space X that he first saw that the solder wire was actually lead-free and the detergent was only alcohol and that he first suspected that the PVA 350 might have caused his injuries.  Therefore, despite diligent investigation of the circumstances of the injury, Plaintiff RUBEN JUAREZ could not have reasonably discovered facts supporting the cause of action against PVA within the applicable statute of limitations period."

      h.      The sentence "It also requires the operator to put his head into the machine to check the spray" is added to Paragraph 44 of the Complaint.

      i.      Plaintiffs have also added reference to their recently retained co-counsel, Daniel K. Balaban, of Balaban and Spielberger.

13.     Plaintiff's proposed amendment does not add new theories or parties.

14.     Defendant has previously asserted the statute of limitations as an affirmative defense, however, in its forthcoming Answer to plaintiffs' First Amended Complaint, it will specifically identify California Code of Civil Procedure Section 335.1, regarding toxic chemical exposure claims, as an additional statute of

limitations supporting this defense.

15. Defendant also requests additional time to investigate and rebut the new allegations in Plaintiffs' Amended Complaint.

16. Plaintiffs have submitted their proposed amendment of the Complaint to Defendant and this Court without delay, and plaintiffs' new allegations are not made in bad faith.

17. There have been no prior amendments to the pleadings in this case.

18. There have been no prior trial continuances or modifications to the scheduling order.

19. The parties have by stipulation established good cause for the requested pleading amendments, trial continuance, and modification of the Scheduling and Case Management Order pursuant to Federal Rule of Civil Procedure 16 and *Johnson v. Mammoth Recreations, Inc.* 975 F.2d 604, 609 (9th Cir. 1992).

I declare under penalty of perjury that the foregoing is true and correct.

LAW OFFICES OF TERESA LI, PC

DATED: April 27, 2018          /s/ Teresa Li
                               Teresa Li, Esq.,
                               Attorneys for Plaintiffs RUBEN
                               JUAREZ AND ISELA HERNANDEZ


BECHERER KANNETT & SCHWEITZER

DATED: April 27, 2018          /s/ Alex P. Catalona
                               Shahrad Milanfar, Esq.,
                               Alex P. Catalona, Esq.
                               Attorneys for Defendant PRECISION
                               VALVE & AUTOMATION, INC.

| | |
|---|---|
| 1 | **Certificate of Service** |
| 2 | I hereby certify that on <u>April 27, 2018</u>, I filed the foregoing through the |
| 3 | CM/ECF system, which will forward electronic copies to all counsel of record. |
| 5 | By:                                    <u>/s/ Teresa Li</u> |
| 6 |                                               Teresa Li |