Shahrad Milanfar (SBN 201126)
smilanfar@bkscal.com
Alex P. Catalona (SBN 200901)
acatalona@bkscal.com
BECHERER KANNETT & SCHWEITZER
1255 Powell Street
Emeryville, CA 94608
Telephone: (510) 658-3600
Facsimile: (510) 658-1151

Attorneys for Defendant
PRECISION VALVE & AUTOMATION, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

RUBEN JUAREZ, an individual and ISELA HERNANDEZ, an individual,

Plaintiffs,

PRECISION VALVE & AUTOMATION, INC., a corporation and DOES 1-20,

Defendants.

Case No. CV17-03342-ODW (GJSX)

**FIRST AMENDED ANSWER TO COMPLAINT BY DEFENDANT PRECISION VALVE & AUTOMATION, INC.**

## AMENDED ANSWER

Defendant PRECISION VALVE & AUTOMATION, INC. provides the following amended answer to the Complaint of Plaintiffs RUBEN JUAREZ and ISELA HERNANDEZ, ("plaintiffs"), as follows:

## PARTIES AND JURISDICTION

1. Answering paragraph 1, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of that paragraph, and on that basis denies them.

2. Answering paragraph 2, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of that paragraph, and on that basis denies them.

3. Answering paragraph 3, Defendant admits the allegations.

4. Answering paragraph 4, Defendant denies the allegations as phrased. Defendant admits that it designed, manufactured and sold a PVA 350 that sprays substances.

5. Answering paragraph 5, Defendant admits that it sold a PVA 350 to SpaceX, located in Hawthorne, California, before 2012. Otherwise, Defendant denies the allegations.

6. Answering paragraph 6, Defendant denies the allegations.

7. Answering paragraph 7, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of that paragraph, and on that basis denies them.

8. Answering paragraph 8, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of that paragraph, and on that basis denies them.

9. Answering paragraph 9, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of that paragraph, and on that basis denies them.

10. Answering paragraph 10, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of that paragraph, and on that basis denies them.

## GENERAL ALLEGATIONS

11. Answering paragraph 11, Defendant admits that the PVA 350 is a benchtop coating/dispensing system that sprays coatings and has an automated dispensing application. Defendant denies the remainder of this allegation as phrased.

Becherer Kannett & Schweitzer

1255 Powell St.
Emeryville, CA 94608
510-658-3600

12. Answering paragraph 12, Defendant denies the allegations.

13. Answering paragraph 13, Defendant denies the allegations.

14. Answering paragraph 14, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of that paragraph, and on that basis denies them.

15. Answering paragraph 15, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of that paragraph, and on that basis denies them.

16. Answering paragraph 16, Defendant denies the allegations.

17. Answering paragraph 17, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of that paragraph, and on that basis denies them.

18. Answering paragraph 18, Defendant denies the allegations.

19. Answering paragraph 19, Defendant denies the allegations.

20. Answering paragraph 20, Defendant denies the allegations.

21. Answering paragraph 21, Defendant denies the allegations.

22. Answering paragraph 22, Defendant denies the allegations.

23. Answering paragraph 23, Defendant denies the allegations.

24. Answering paragraph 24, Defendant denies the allegations.

25. Answering paragraph 25, Defendant denies the allegations.

26. Answering paragraph 26, Defendant denies the allegations.

27. Answering paragraph 27, Defendant denies the allegations.

28. Answering paragraph 28, Defendant denies the allegations.

29. Answering paragraph 29, Defendant denies the allegations.

30. Answering paragraph 30, Defendant denies the allegations.

31. Answering paragraph 31, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of that paragraph, and on that basis denies them.

Becherer Kannett & Schweitzer

1255 Powell St.
Emeryville, CA 94608
510-658-3600

32. Answering paragraph 32, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of that paragraph, and on that basis denies them.

33. Answering paragraph 33, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of that paragraph, and on that basis denies them.

34. Answering paragraph 34, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of that paragraph, and on that basis denies them.

**FIRST CAUSE OF ACTION**

**NEGLIGENCE**

**(Against all Defendants)**

35. Answering paragraph 35, Defendant admits that plaintiffs refer to and incorporates paragraphs 1-34 into this cause of action. Regarding those paragraphs, Defendant refers to and incorporates paragraphs 1-34, above, in this Answer.

36. Answering paragraph 36, Defendant admits that the allegations except for the allegations that it repaired and installed the PVA 350.

37. Answering paragraph 37, Defendant denies the allegations.

38. Answering paragraph 38, Defendant denies the allegations.

39. Answering paragraph 39, Defendant denies the allegations.

40. Answering paragraph 40, Defendant denies the allegations.

41. Answering paragraph 41, Defendant denies the allegations.

**SECOND CAUSE OF ACTION**

**STRICT PRODUCT LIABILITY**

**(Against all Defendants)**

42. Answering paragraph 42, Defendant admits that plaintiffs refer to and incorporate paragraphs 1-41 into this cause of action. Regarding those paragraphs, Defendant refers to and incorporates paragraphs 1-41, above, in this Answer.

Becherer Kannett & Schweitzer
1255 Powell St.
Emeryville, CA 94608
510-658-3600

43. Answering paragraph 43, Defendant denies the allegations.

44. Answering paragraph 44, Defendant denies the allegations.

45. Answering paragraph 45, Defendant denies the allegations.

46. Answering paragraph 46, Defendant denies the allegations.

47. Answering paragraph 47, Defendant denies the allegations.

**THIRD CAUSE OF ACTION**

**LOSS OF CONSORTIUM**

**(Against all Defendants)**

48. Answering paragraph 48, Defendant admits that plaintiffs refer to and incorporates paragraphs 1-47 into this cause of action. Regarding those paragraphs, Defendant refers to and incorporates paragraphs 1-47, above, in this Answer.

49. Answering paragraph 49, Defendant denies the allegations.

50. Defendant denies that plaintiffs are entitled to any of the relief requested in their prayer for relief.

**FIRST AFFIRMATIVE DEFENSE**

51. Defendant alleges that the Complaint does not state facts sufficient to constitute a cause of action.

**SECOND AFFIRMATIVE DEFENSE**

52. Defendant alleges plaintiff Ruben Juarez was negligent and that his negligence, in whole or in part, caused and contributed to the injury and damage alleged in the Complaint.

**THIRD AFFIRMATIVE DEFENSE**

53. Defendant alleges plaintiff Ruben Juarez's employer was negligent or acted in some other tortious manner, and that this conduct, in whole or in part, caused and contributed to the injury and damage alleged in the Complaint.

**FOURTH AFFIRMATIVE DEFENSE**

54. Defendant alleges that other parties and other persons not parties to the action acted negligently or in some other tortious manner, and that their negligence

Becherer Kannett & Schweitzer
1255 Powell St.
Emeryville, CA 94608
510-658-3600

or other tortious conduct caused the injury and damage alleged in the Complaint. Defendants request that in the event of a finding of any liability in favor of Plaintiffs or settlement or judgment against this defendant, an apportionment of fault be made as permitted by *Li v. Yellow Cab Company* and *American Motorcycle Association v. Superior Court* by the court or jury. Defendant further requests a judgment and declaration of partial indemnification and contribution against all other parties or persons in accordance with the apportionment of fault.

**FIFTH AFFIRMATIVE DEFENSE**

55. Defendant alleges that it cannot be held responsible for the acts of others or events beyond Defendant's control, which acts or events contributed in whole or in part to the damages, claims, and causes of action alleged in the Complaint.

**SIXTH AFFIRMATIVE DEFENSE**

56. Defendant alleges plaintiffs voluntarily and knowingly assumed the risk of damage alleged in the Complaint. Plaintiffs' claims are therefore barred in whole or in part by the doctrine of Assumption of Risk.

**SEVENTH AFFIRMATIVE DEFENSE**

57. Defendant alleges that Plaintiff Ruben Juarez agreed to, and participated in, those actions which plaintiffs claim to have caused injury or damage. Since such participation and consent were given knowingly and voluntarily, plaintiffs' claims are invalid.

**EIGHTH AFFIRMATIVE DEFENSE**

58. Defendant alleges that it exercised due care and diligence in all matters alleged in the complaint, and that no act or omission by Defendant was the proximate cause of any damage, injury or loss to plaintiffs.

**NINTH AFFIRMATIVE DEFENSE**

59. Defendant alleges plaintiffs failed to exercise reasonable care and diligence to mitigate their alleged damages.

Becherer Kannett & Schweitzer

1255 Powell St.
Emeryville, CA 94608
510-658-3600

**TENTH AFFIRMATIVE DEFENSE**

60. Defendant alleges that plaintiff Ruben Juarez was a sophisticated user of Defendant's product due to his particular position, training, experience, education, knowledge, and/or skill, and knew or should have known of any risk, harm and/or danger of the product(s) and material(s) alleged against Defendant.

**ELEVENTH AFFIRMATIVE DEFENSE**

61. Defendant alleges that plaintiff Ruben Juarez's employer was a sophisticated user of Defendant's product due to its particular position, training, experience, knowledge, education and/or skill, and knew or should have known of any risk, harm and/or danger of the product(s) and material(s) alleged against Defendant.

**TWELFTH AFFIRMATIVE DEFENSE**

62. Defendant alleges that plaintiffs' claims are barred by the workers' compensation exclusivity rule.

**THIRTEENTH AFFIRMATIVE DEFENSE**

63. Defendant alleges that plaintiffs' claims are barred by all applicable statutes of limitations including but not limited to California Code of Civil Procedure sections 335, 335.1, 337, 338, 340, 340.8, 340.8(a) and 343.

**FOURTEENTH AFFIRMATIVE DEFENSE**

64. Defendant alleges that plaintiffs' claims are barred in whole or in part by the doctrine of laches.

**FIFTEENTH AFFIRMATIVE DEFENSE**

65. Defendant alleges that plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands.

**SIXTEENTH AFFIRMATIVE DEFENSE**

66. Defendant alleges plaintiffs waived and are estopped and barred from alleging the matters set forth in their complaint based upon settlements, releases and/or agreements.

Becherer Kannett & Schweitzer

1255 Powell St.
Emeryville, CA 94608
510-658-3600

**SEVENTEENTH AFFIRMATIVE DEFENSE**

67. Defendant alleges that plaintiffs' claims are barred in whole or in part by the doctrine of waiver.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

68. Defendant alleges that plaintiffs' claims are barred in whole or in part by the doctrine of estoppel.

**NINETEENTH AFFIRMATIVE DEFENSE**

69. Defendant alleges that plaintiff Ruben Juarez's employer violated the Occupational Health and Safety Act of 1970, and subsequent statutory and regulatory law including but not limited to 29 CFR 1910.1200, et seq., (OSHA Hazard Communication Standard), 29 CFR 1910.132, et seq., (OSHA personal safety equipment rules), and 29 CFR 1904, et seq., (OSHA injury and illness recordkeeping and reporting requirements.)

**TWENTIETH AFFIRMATIVE DEFENSE**

70. Defendant alleges that current law prohibits plaintiffs' claims against this defendant.

71. Defendant reserves its right to assert additional defenses in the event its investigation and discovery indicate additional defenses would be appropriate.

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiffs take nothing by reason of the Complaint;

2. For costs of suit;

3. For reasonable attorneys' fees; and

4. For such other relief as the court deems just and proper.

Dated: May 30, 2018

BECHERER KANNETT & SCHWEITZER

By: */s/ Alex P. Catalona*

Alex P. Catalona
Attorney for Defendant
PRECISION VALVE & AUTOMATION, INC.

Becherer Kannett & Schweitzer
1255 Powell St.
Emeryville, CA 94608
510-658-3600

Shahrad Milanfar (SBN 201126)
smilanfar@bkscal.com
Alex P. Catalona (SBN 200901)
acatalona@bkscal.com
BECHERER KANNETT & SCHWEITZER
1255 Powell Street
Emeryville, CA 94608
Telephone: (510) 658-3600
Facsimile: (510) 658-1151

Attorneys for Defendant
PRECISION VALVE & AUTOMATION, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN JUAREZ an individual and ISELA HERNANDEZ, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>PRECISION VALVE & AUTOMATION, INC., a corporation and DOES 1-20,<br><br>Defendants. | CASE NO. 2:17-cv-03342 ODW (GJS)<br><br>[Los Angeles County Superior Court Case No. BC650229]<br><br>**CERTIFICATE OF SERVICE** |

I, Jerry M. Dumlao, declare that I am employed in the County of Alameda, State of California; I am over the age of eighteen (18) years and not a party to the within entitled action; my business address is 1255 Powell Street, Emeryville, California 94608.

On **June 4, 2018**, I caused to be served the foregoing:

**FIRST AMENDED ANSWER TO COMPLAINT BY DEFENDANT PRECISION VALVE & AUTOMATION, INC.**

In said action by placing a true copy thereof enclosed in a sealed envelope and served in the manner and/or manners described below to each of the parties herein and addressed as follows:

| | |
|---|---|
| *Attorneys for Plaintiff* | Teresa Li, Esq.<br>LAW OFFICES OF TERESA LI, PC<br>6701 Koll Center Parkway, Suite 250<br>Pleasanton, CA 94566<br>Telephone: (415) 423-3377<br>Facsimile: (888) 646-5493<br>Email: teresa@lawofficesofteresali.com |

*Attorneys for Plaintiff*

Daniel K. Balaban, Esq.
Balaban & Spielberger, LLP
11999 San Vicente Blvd., Suite 345
Los Angeles, CA 90049
Telephone: (424) 832-7677
Facsimile: (424) 832-7702
Email: Daniel@dbaslaw.com

☒ (By Mail) I deposited such envelope with postage thereon fully prepaid to be placed in the United States Mail at Emeryville, California. I am familiar with the mail collection practices of Becherer Kannett & Schweitzer Attorneys and pursuant to those practices the envelope would be deposited with the United States Postal Service the same day.

☐ (By Personal Delivery) I caused such envelope to be delivered by hand to the office of the addressee(s).

☐ (Via Facsimile) I caused said document(s) to be transmitted to the facsimile number(s) of the addressee(s) designated.

☐ **(Electronic Filing)** I am familiar with the United States District Court, Eastern District of California's practice for collecting and processing electronic filings. Under that practice, documents are electronically filed with the court. The CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document.

Executed on June 4, 2018.

Jerry M. Dumlao

Becherer Kannett & Schweitzer

1255 Powell St.
Emeryville, CA 94608
510-658-3600