# EXHIBIT 1



1  Teresa Li (Bar No. 278779)
   teresa@lawofficesofteresali.com
2  LAW OFFICES OF TERESA LI, PC
   315 Montgomery Street, 9th Floor
3  San Francisco, California 94104
   Telephone:    415.423.3377
4  Facsimile:    888.646.5493

5  Attorneys for Plaintiffs
   RUBEN JUAREZ and ISELA HERNANDEZ

**Electronically**
# FILED
by Superior Court of California
County of Los Angeles on

## 02/28/17

Sherri R. Carter, Executive Officer/Clerk

By_____ Deputy
    Dawn Alexander

8          SUPERIOR COURT OF THE STATE OF CALIFORNIA

9          COUNTY OF LOS ANGELES - UNLIMITED JURISDICTION

11  RUBEN JUAREZ, an individual and          Case No.  BC650229
    ISELA HERNANDEZ, an individual
12
                                             **COMPLAINT FOR DAMAGES**
13              Plaintiffs,
                                             **GENERAL NEGLIGENCE**
14       v.                                  **STRICT LIABILITY**
                                             **FAILURE TO WARN**
15  PRECISION VALVE & AUTOMATION,            **LOSS OF CONSORTIUM**
    Inc., a corporation and DOES 1-20
16
                Defendants.                  **JURY TRIAL DEMANDED**
17

18       Plaintiffs RUBEN JUAREZ and ISELA HERNANDEZ hereby file this Complaint for

19  Relief and Demand for Jury Trial against Defendant PRECISION VALVE & AUTOMATION,

20  INC., (a New York Corporation) and alleges as follows:

21                       **PARTIES AND JURISDICTION**

22       1.     The Plaintiffs RUBEN JUAREZ and ISELA HERNANDEZ reside in Granada

23  Hills, CA█████, in the County of Los Angeles within the State of California.  During all relevant

24  time, Plaintiff ISELA HERNANDEZ is Plaintiff's RUBEN JUAREZ's lawful wife.

25       2.     During all relevant time, the alleged injuries occurred in the County of Los

26  Angeles within the State of California.

27       3.     Defendant PRECISION VALVE & AUTOMATION, INC. ("PVA") is a New

28  York Corporation and its principal place of business is 1 Mustang Drive, Cohoes, New York,

COMPLAINT

E-SCANNED

FSC:08/14/18 TRIAL: 08/28/18 OSC : 02/28/20

CASE #:BC650229 RECEIPT #: 1170303D3451 DATE PAID : 03/3/17 9:25 AM TOTAL : 435.00 TYPE : EFT

12

DEPT 92 Hon. Michelle Williams-Court A7260

BC650229

1    12047.

2         4.       Defendant PVA designed, manufactured, and sold PVA 350, a benchtop

3    dispensing / coating system that sprays chemicals to circuit boards.

4         5.       Before 2012, PVA designed, manufactured, and sold at least a PVA 350 to one of

5    Space Exploration Technologies Corp. ("Space X") California locations in Hawthorne, CA, a

6    County of Los Angeles.

7         6.       On information and belief, before the sales of the PVA 350, PVA had samples of

8    the chemicals to be sprayed by the PVA 350.  As a result, PVA knew or should have known the

9    toxicity of the chemicals to be used by the PVA 350.

10        7.       Plaintiffs are unaware of the true names and capacities of those Defendants sued

11   herein as DOES 1-20, inclusive, and therefore sues said Defendants by such fictitious names.

12   Plaintiffs will amend this Complaint to allege the true names and capacities of said Defendants,

13   when the same have been ascertained, together with such other charging allegations as may be

14   appropriate.

15        8.       Plaintiffs are informed and believe, and thereupon allege, that each Defendant

16   designated as a DOE is responsible, negligently or in some other actionable manner, for the

17   events and happenings hereafter referred to, and caused injuries and damages proximately thereby

18   to plaintiffs, as hereinafter alleged, either through said defendants' own negligent conduct, or

19   through the conduct of their agents, servants or employees, or in some other manner as yet

20   unknown.

21        9.       Plaintiffs are informed and believe, and thereupon allege, that at all times

22   mentioned herein, defendants and each of them, were the agents, servants, employees,

23   independent contractors and/or joint venturers of their co-defendants and were, as such, acting

24   within the scope, course and authority of said agency, employment, contract, and/or joint venture,

25   or acting in the concert, and that each and every defendant, as aforesaid, when acting as a

26   principal, was negligent in the selection, hiring, training, control, and supervision of each and

27   every other defendant as an agent, servant, employee, independent contractor and/or joint venture.

28

COMPLAINT

CASE #:BC650229 RECEIPT #: 1170303D3451 DATE PAID : 03/3/17 9:25 AM TOTAL : 435.00 TYPE : EFT

FSC:08/14/18 TRIAL: 08/28/18 OSC : 02/28/20

E-SCANNED

13

DEPT 92 Hon. Michelle Williams-Court A7260

BC650229

10.     At some or all relevant herein, each Defendant was the agent of each other defendant, each Defendant was acting within the court and scope of that agency, each Defendant ratified the conduct of the other Defendants with actual and/or constructive knowledge of such conduct, and each Defendant was subject to and under the supervision of the other defendant.

## GENERAL ALLEGATIONS

11.     PVA 350 is a benchtop dispensing / coating system that sprays chemicals to circuit boards, manufactured, designed, supplied, installed, inspected, repaired, and sold by Defendant PVA.  Once programmed, PVA can automatically spray chemicals without an attendant constantly on duty.

12.     PVA 350 does not have an automatic shutoff and does not sound an alarm when the ventilation / exhaust is not in operation.  In other words, PVA 350 is designed to continue to spray chemicals even when the ventilation / exhaust is not in operation.  Furthermore, there is no warning anywhere about this.

13.     On information and belief, to add the automatic shutoff, PVA only needs to include an airflow sensor or something similar.

14.     On January 2012, Plaintiff RUBEN JUAREZ started working for Space X as a programmer for a PVA 350 that sprayed chemicals to circuit boards at Space X's Hawthorne, CA location.  Plaintiff RUBEN JUAREZ worked there with the PVA 350 until May or June of 2014.

15.     During Plaintiff RUBEN JUAREZ's time at Space X, Plaintiff RUBEN JUAREZ was in charge of programming the PVA 350 to spray Arathane® 5750A, Arathane® 5750B, Arathane® 5750A/B, Humiseal®, Humiseal® thinner, and Isopropyl Alcohol.

16.     PVA trained Plaintiff RUBNE JUAREZ that in order to verify whether the equipment correctly sprayed the chemicals, Plaintiff RUBNE JUAREZ had to stick his head into the spraying chamber of the PVA 350 to verify.  He had to do this because the spray is usually transparent and is very fine with tiny thickness and therefore, a naked eye cannot identify whether or not certain part of the circuit board has been sprayed or the thickness of the spray.  The only way to verify this is to use a black light and poke his head inside the PVA 350 to check.  He could

CASE #:BC650229 RECEIPT #: 1170303D3451 DATE PAID : 03/3/17 9:25 AM TOTAL : 435.00 TYPE : EFT

FSC:08/14/18 TRIAL: 08/28/18 OSC : 02/28/20

E-SCANNED

3

14

DEPT 92 Hon. Michelle Williams-Court A7260

BC650229

1   not take the circuit board out of the PVA 350 to verify this because it is wet and thus, any

2   handling of the board would destroy the accuracy of the spray.

3       17.    During Plaintiff RUBEN JUAREZ's time at Space X from 2012 to 2014, he had

4   confirmation that the ventilation system was not in operation many times: he asked his co-worker

5   why it always smelt so bad in the room, the co-worker told Mr. Juarez that he just realized that he

6   had forgotten to turn on the ventilation system.  Plaintiff RUBEN JUAREZ also noticed that

7   chemicals often leaked out of the PVA 350 from the bottom.

8       18.    When the exhaust fan was not in operation, Plaintiff RUBEN JUAREZ breathed in

9   the toxic chemicals during the verification process because his head was directly emerged inside

10   the PVA 350 with the toxic chemicals floating inside it.

11       19.    In addition, when the exhaust fan was not in operation, the toxic chemicals leaked

12   out of the PVA 350.  Plaintiff RUBEN JUAREZ on average spent about 60% of his days standing

13   right next to the PVA 350.

14       20.    Plaintiff RUBEN JUAREZ did not suspect that the chemicals may have caused his

15   injuries until March of 2015 when he, for the first time, received the MSDS of the chemicals.

16       21.    During the entire time, none of the treating physicians suspected that chemical

17   exposures could have been the cause of his symptoms, due to the fact that none knew that

18   Plaintiff RUBEN JUAREZ was working with chemicals.  His medical records list his

19   employment as "computer programmer."

20       22.    The MSDS of Arathane® 5750A shows that it contains chemicals toluene,

21   diphenylmethane 4, 4'-diisocyanate, MDI Homopolymer, methylenediphenyldiisocryanate

22   ("MDI"), and triethyl phosphate.  It further provides that the chronic health effects from the

23   exposure to the chemicals "can cause target organ damage" that include "upper respiratory tract,"

24   "the nervous system . . . brain, central nervous system (CNS)."

25       23.    The MSDS of Arathane® 5750B shows that it contains chemicals toluene,

26   hydroxylated polybutadiene, methyl ethyl ketone, 1, 1'-phenyliminodipropan-2-ol.  It further

27   provides that the chronic health effects of exposure to the chemicals "can cause target organ

28

FSC:08/14/18 TRIAL: 08/28/18 OSC : 02/28/20

E-SCANNED

4

COMPLAINT

CASE #:BC650229 RECEIPT #: 1170303D3451 DATE PAID : 03/3/17 9:25 AM TOTAL : 435.00 TYPE : EFT

DEPT 92 Hon. Michelle Williams-Court A7260

BC650229

damage" including "the nervous system . . . brain, gastrointestinal tract, central nervous system (CNS)." Over-exposure will aggravate the medical conditions.

24.    The MSDS of Humiseal® shows that it contains chemicals toluene, acetone, xylene, ethyl benzene, methyl ethyl ketone, dimethyl ether, heptane, ethyl 3 ethoxy propionate, and oil mod. Polyurethane. It further provides that inhalation of the chemicals can "[c]ause irritation of nasal passages and throat" and "stupor (central nervous system depression)." "Significant exposure to these chemicals may adversely affect people with chronic disease of the respiratory system" and "central nervous system." And an inhalation may "cause mild nausea/dizziness."

25.    The MSDS of Humiseal® thinner 521 EU that it contains chemicals xylene. It further provides "[s]ignificant exposure to these chemicals may adversely affect people with chronic disease of the respiratory system [and] central nervous system." Inhalation may cause nausea/dizziness.

26.    The MSDS of IPA provides that prolonged exposure may result in nose, throat, and central nervous system depression. "Acute CNS depression may be manifested as giddiness, headache, dizziness, and/or nausea."

27.    The scientific community has generally accepted the effects of prolonged exposure to these chemicals. For example, Center of Disease Control's ("CDC") publishes that "[s]ymptoms of toluene poisoning include CNC effects (headache, dizziness, ataxia, drowsiness, euphoria . . . . respiratory depression, nausea . . . electrolyte imbalances)." United States Department of Labor Occupational Safety and Health Administration notes that symptoms of toluene exposure include "weakness, exhaustion, confusion, euphoria, dizziness, headache . . . anxiety, muscle fatigue, insomnia" and that "long term and repeated workplace exposure to toluene affect the central nervous system." Environmental Protection Agency ("EPA") also notes that chronic effect of toluene exposure can cause "CNS depression," leading to drowsiness, headache, dizziness, and neurobehavioral effects.

28.    Similarly, symptoms from exposure to MDI include "headache, sore throat . . .

FSC:08/14/18 TRIAL: 08/28/18 OSC : 02/28/20

E-SCANNED

CASE #:BC650229 RECEIPT #: 1170303D3451 DATE PAID : 03/3/17 9:25 AM TOTAL :435.00 TYPE : EFT

16

BC650229

chest tightness." A study of 203 school children who were exposed to MDI shows that 70.9% reported headache, and 62.6% reported nausea. The effects of chronic exposure of MDI include "headache, nausea and muscle aches. "There are also case reports of neurological effects" of "headaches, forgetfulness, mood alterations, irritability, and difficulty concentrating." "[T]here was evidence of emotional distress in the form of depression, anxiety, and altered mentation."

29. On information and belief, before a benchtop dispensing system is designed and manufactured by PVA, Space X sends samples of its toxic chemicals to PVA for customization. So, PVA knew or should have known the exact type of chemicals used by its PVA 350 and the dangerous health consequences from exposure to these chemicals if the exhaust/ventilation is not in operation.

30. Plaintiff RUBEN JUAREZ, a previously healthy man, who rarely went to see doctors, after six months into the job, on June 27, 2012, went to urgent care for palpitations and presyncope (lightheadedness, muscular weakness, blurred vision, and feeling faint). He also complained about shortness of breath. All of these symptoms are well documented as chronic exposure to these toxic chemicals by the scientific community.

31. From June of 2012 to present, Plaintiff RUBEN JUAREZ has had over 9 hospitalizations for symptoms associated with toluene, MDI, and other toxic chemical exposure. In addition, he has had at least 21 visits to urgent care /emergency room for symptoms associated with the toxic chemical exposure.

32. His current medications include Oxycodne, Norco, Topamax, Depakote, and Ondansetron for migraine, Wellbutrin and Xanax for depression, Flonase and Allegra-D for respiratory issues, Deltasone for chest tightness, and Protonix for stomach problems causing from the drug cocktail.

33. His current conditions include severe headache, nausea, short of breath, dizziness, memory loss, out of balance, respiratory issues, and stomach pain from the medications. He also has suicidal thoughts once a week: sometimes his migraines are so severe that he hopes that he just does not wake up the next day. He also has sleeping problems.

CASE #:BC650229 RECEIPT #: 1170303D3451 DATE PAID : 03/3/17 9:25 AM TOTAL : 435.00 TYPE : EFT

FSC:08/14/18 TRIAL: 08/28/18 OSC : 02/28/20

E-SCANNED

17

BC650229

34.     Due to the continuing medical treatment, hospitalization, and urgent care visits, Plaintiff has not worked since May or June of 2014.

35.     Plaintiff RUBEN JUAREZ lives with his 12-year-old daughter and his wife Plaintiff ISELA HERNANDEZ.

## FIRST CAUSE OF ACTION

### NEGLIGENCE

#### (Against all Defendants)

36.     Plaintiffs refer to paragraph 1-35 above and incorporate them into this cause of action as though fully set forth herein.

37.     Defendants designed, manufactured, supplied, installed, inspected, and repaired the PVA 350.

38.     First, Defendants were negligent in designing, manufacturing, supplying, installing, inspecting, and repairing the PVA 350.  In particular, Defendants failed to use the amount of care in designing, manufacturing, inspecting, installing, and repairing the PVA 350 that a reasonably careful designer, manufacturer, supplier, installer, repairer would use in similar circumstances to avoid exposing Plaintiff RUBEN JUAREZ, a programmer of the PVA 350, to a foreseeable risk of harm.  Furthermore, Defendants' design violated Cal-OSHA, which requires that "When spray is automatically applied without an attendant constantly on duty, the operating control of spray apparatus shall be so arranged that spray cannot be applied unless exhaust fans are in operation." (Title 8 of Cal. Code of Regulations, § 5153.)

39.     Second, Defendants knew or reasonably should have known that the PVA 350 was dangerous or was likely to be dangerous when used or misused in a reasonably foreseeable manner.  Defendants failed to adequately warn of the danger.

40.     Third, Defendants became aware of this defect after the PVA 350 was sold and Defendants failed to recall/retrofit or warn of the danger of the PVA 350.  A reasonable manufacturer/distributor/seller under the same or similar circumstances would have recalled, retrofitted the product.

FSC:08/14/18 TRIAL: 08/28/18 OSC : 02/28/20

E-SCANNED

CASE #:BC650229 RECEIPT #: 1170303D3451 DATE PAID : 03/3/17 9:25 AM TOTAL : 435.00 TYPE : EFT

7

41.     Plaintiffs were harmed.

BC650229

42.     Defendants' negligence was a substantial factor in causing Plaintiffs' harm.

## SECOND CAUSE OF ACTION

### STRICT PRODUCT LIABILITY

### (Against all Defendants)

43.     Plaintiffs refer to paragraph 1-42 above and incorporate them into this cause of action as though fully set forth herein.

44.     The PVA 350 contains a design defect that it does not stop spraying toxic chemicals or sound any alarm when the ventilation / exhaust is not in operation.  It continues to spray toxic chemicals even when the ventilation / exhaust is not in operation without sounding any alarm about it.

45.     The PVA 350 also did not have warning of the potential safety hazard when the ventilation / exhaust is not in operation.

46.     The PVA 350 did not perform as safely as an ordinary consumer would have expected it to perform when used or misused in an intended or reasonably foreseeable way.

47.     Plaintiffs were harmed.

48.     The PVA's failure to perform safely was a substantial factor in causing Plaintiffs' harm.

## THIRD CAUSE OF ACTION

### LOSS OF CONSORTIUM

### (Against all Defendants)

49.     Plaintiffs refer to paragraph 1-49 above and incorporate them into this cause of action as though fully set forth herein.

50.     Defendants' wrongful conduct, acts and omissions, were a substantial factor in causing Plaintiff ISELA HERNANDEZ to sustain loss of love, care, companionship, comfort, assistance, protection, society, moral support from Plaintiff RUBEN JUAREZ, in an amount according to proof.

FSC:08/14/18 TRIAL: 08/28/18 OSC : 02/28/20

E-SCANNED

CASE #:BC650229 RECEIPT #: 1170303D3451 DATE PAID : 03/3/17 9:25 AM TOTAL : 435.00 TYPE : EFT

19

**PRAYER**                                      BC650229

WHEREFORE, Plaintiffs pray for judgment against Defendants, each of them, as follows:

1.      For general and noneconomic damages according to proof;

2.      For special and economic damages according to proof;

3.      For costs of suit;

4.      For attorneys' fees as allowed by law;

5.      Pre-judgment interest; and

6.      For such further relief as the Court deems just and proper.

Dated: February 27, 2017                    LAW OFFICES OF TERESA LI, PC

_____

Teresa Li
Attorneys for Plaintiffs
RUBEN JUAREZ and ISELA HERNANDEZ

CASE #BC650229 RECEIPT #: 1170303D3451 DATE PAID : 03/3/17 9:25 AM TOTAL : 435.00 TYPE : EFT

# EXHIBIT 2

1  Shahrad Milanfar (SBN 201126)
   smilanfar@bkscal.com
2  Alex P. Catalona (SBN 200901)
   acatalona@bkscal.com
3  BECHERER KANNETT & SCHWEITZER
   1255 Powell Street
4  Emeryville, CA 94608
   Telephone: (510) 658-3600
5  Facsimile: (510) 658-1151

6  Attorneys for Defendant
   PRECISION VALVE & AUTOMATION, INC.
7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11 RUBEN JUAREZ an individual and ISELA   ) CASE NO.
   HERNANDEZ, an individual,              )
12                                         ) [Los Angeles County Superior Court
                      Plaintiffs,          ) Case No. BC650229]
13                                         )
   v.                                      ) **NOTICE OF REMOVAL UNDER**
14                                         ) **28 U.S.C. § 1441(a) (DIVERSITY)**
   PRECISION VALVE & AUTOMATION,           )
15 INC., a corporation and DOES 1-20,      )
                                           )
16                    Defendants.          )
                                           )
17                                         )
                                           )
18 _____)

19        TO THE HONORABLE CLERK OF THE UNITED STATES DISTRICT COURT,

20 PLEASE TAKE NOTICE:

21        Pursuant to Title 28 U.S.C. sections 1332, 1441(a) and 1446, Defendant Precision Valve

22 & Automation, Inc. (hereinafter "Defendant" or "PVA") hereby removes this action from the

23 Superior Court of the State of California, County of Los Angeles, to the United States District

24 Court for the Central District of California and sets forth in support of its Notice of Removal the

25 following:

26        1.      On or about February 28, 2017, Plaintiffs filed this lawsuit, entitled Ruben

27 Juarez and Isela Hernandez v. Precision Value & Automation, Inc., Case No. BC650229,

28
                                            -1-
   DEFENDANT PRECISION VALVE & AUTOMATION, INC.'S
   NOTICE OF REMOVAL (28 U.S.C. § 1441(a))

Becherer
Kannett &
Schweitzer
_____
1255
Powell St.
Emeryville, CA
94608
510-658-3600

22

1   against PVA in the Superior Court of California, County of Los Angeles. (*See* Complaint

2   attached hereto as Exhibit A.)

3       2.      On April 5, 2017, service of the Summons and Complaint was completed upon

4   PVA pursuant to California Code of Civil Procedure ("CCP") section 415.30(c). On that date,

5   PVA's attorney signed and returned plaintiffs' Notice of Acknowledgement of Receipt

6   ("NOAR") of plaintiffs' complaint. (See NOAR and email attached hereto as Exhibit B.)

7   Service of the complaint upon PVA was deemed complete upon this date, April 5, 2017,

8   pursuant to CCP section 415.30(c) which states "[s]ervice of a summons pursuant to this section

9   is deemed complete on the date a written acknowledgement of receipt of summons is executed,

10   if such acknowledgement thereafter is returned to the sender."

11       3.      Plaintiffs' Complaint includes allegations that plaintiff Ruben Juarez ("Mr.

12   Juarez") and plaintiff Isela Hernandez are both citizens of California, and that PVA, the sole

13   defendant in this case, is a citizen of New York. (Complaint, ¶¶ 1, 3.) PVA is a citizen of New

14   York; it was incorporated in the State of New York and its principal place of business is located

15   within the State of New York.

16       4.      In the Complaint, Plaintiffs allege that Mr. Juarez was previously healthy but has

17   suffered stomach pain as well as neurological, psychological and respiratory problems as a

18   result of working with defendant's product, a "PVA 350" after his co-worker at SpaceX

19   allegedly failed to turn on a ventilation system. Plaintiffs further allege that Mr. Juarez

20   previously worked as a programmer at SpaceX from January, 2012 to May or June of 2014 but

21   as a result of using Defendant's product, he (1) has been treated numerous times at urgent care

22   or in the emergency room, (2) has been prescribed numerous medications including

23   decongestants, antihistamines, opioids and anti-depressants, and (3) has not had any gainful

24   employment since May or June of 2014. (Complaint, ¶¶ 14, 21, 30-31, 34.)

25       5.      Previously, on January 30, 2017, plaintiffs' counsel sent a settlement

26   communication that contained a statement of monetary damages which included claimed

27   monetary losses for (1) past and future medical costs, (2) past and future wage loss, and (3)

28

Becherer
Kannett &
Schweitzer

1255
Powell St.
Emeryville, CA
94608
510-658-3600

1    non-economic damages.  Each of these monetary loss claims was well in excess of $1 Million.

2    The amount in controversy in this case is thus substantially in excess of $75,000.00, the

3    jurisdictional amount of this Court pursuant to 28 U.S.C. § 1332(a).  Plaintiffs' counsel has also

4    informed PVA's attorneys that Mr. Juarez is currently 42 years old.

5        6.    This Notice of Removal is timely filed in that it is filed within thirty (30) days

6    after service of the Complaint was completed upon PVA.  (28 U.S.C. § 1446(b).)

**The Amount In Controversy Requirement Is Satisfied**

7        7.    As stated above, on January 30, 2017, plaintiffs' counsel sent a settlement

8    communication in which she asserted monetary losses for (1) past and future medical costs, (2)

9    past and future wage loss, and (3) non-economic damages, and each of monetary loss claims

10   was well in excess of $1 Million.  The amount in controversy in this case is thus substantially in

11   excess of $75,000.00, the minimum jurisdictional amount of this Court pursuant to 28 U.S.C. §

12   1332(a).

**Complete Diversity Exists**

13       8.    As stated previously, Plaintiffs' Complaint includes allegations that plaintiffs are

14   citizens of California, and that PVA, the sole defendant in this case, is a citizen of New York.

15   (Complaint, ¶¶ 1, 3.)  PVA is, and was at all relevant times, a citizen of New York.  PVA was

16   incorporated in New York and its principal place of business is in the State of New York.  PVA

17   is not, and was not at any relevant time, a citizen of the State of California.

18       9.    Plaintiffs have not sued any other defendants in this case.

19       10.   The Complaint also names as Defendants DOES 1-20.  Pursuant to 28 U.S.C.

20   §1441(a), the citizenship of these defendants is disregarded.

21       11.   This is a civil action over which this Court has original jurisdiction under the

22   provisions of 28 U.S.C. § 1332.  Plaintiffs' action may be removed to this Court pursuant to the

23   provisions of 28 U.S.C. § 1441(a) because it is a civil action between citizens of different states

24   and the matter in controversy herein exceeds the sum or value of $75,000.00, exclusive of

25   interest and costs.

Becherer
Kannett &
Schweitzer

1255
Powell St.
Emeryville, CA
94608
510-658-3600

-3-

DEFENDANT PRECISION VALVE & AUTOMATION, INC.'S
NOTICE OF REMOVAL (28 U.S.C. § 1441(a))

24

1

**The Other Requirements Of Removal Are Met**

2    12.    This Notice of Removal is being filed within thirty (30) days of service on the

3    first-served (and only) defendant.  Thus, this Notice of Removal is timely filed under 28 U.S.C.

4    § 1446(b).

5    13.    This case is properly removed to this particular district court because the

6    Superior Court of the State of California, County of Los Angeles, where this action was

7    originally filed, is located within this district.

8    14.    Counsel for PVA certifies that pursuant to 28 U.S.C. § 1446(d), it will file a

9    copy of this Notice of Removal with the Clerk of the Superior Court of the State of California,

10   County of Los Angeles, and give notice of same to plaintiffs' attorney.

11

**Conclusion**

12   WHEREFORE, Precision Valve & Automation, Inc., pursuant to these statutes and in

13   conformance with the requirements set forth in 28 U.S.C. § 1446, removes this action to this

14   Court from the Superior Court of California, County of Los Angeles.

15

16   Date: May 3, 2017                    BECHERER KANNETT & SCHWEITZER

17

18                                By: _____

19                                Alex P. Catalona
                                  Attorneys for Defendant
20                                PRECISION VALVE & AUTOMATION, INC.

21

22

23

24

25

26

27

28

Becherer
Kannett &
Schweitzer

1255
Powell St.
Emeryville, CA
94608
510-658-3600

25

# EXHIBIT A

1   Teresa Li (Bar No. 278779)
     teresa@lawofficesofteresali.com
2   LAW OFFICES OF TERESA LI, PC
     315 Montgomery Street, 9th Floor
3   San Francisco, California 94104
     Telephone:    415.423.3377
4   Facsimile:     888.646.5493

5   Attorneys for Plaintiffs
     RUBEN JUAREZ and ISELA HERNANDEZ

**Electronically**
# FILED
by Superior Court of California
County of Los Angeles on

## 02/28/17

Sherri R. Carter, Executive Officer/Clerk

By_____ Deputy
        Dawn Alexander

8               SUPERIOR COURT OF THE STATE OF CALIFORNIA

9               COUNTY OF LOS ANGELES - UNLIMITED JURISDICTION

11   RUBEN JUAREZ, an individual and
      ISELA HERNANDEZ, an individual

                Plaintiffs,

         v.

14   PRECISION VALVE & AUTOMATION,
      Inc., a corporation and DOES 1-20

                Defendants.

Case No.  **BC650229**

**COMPLAINT FOR DAMAGES**

**GENERAL NEGLIGENCE**
**STRICT LIABILITY**
**FAILURE TO WARN**
**LOSS OF CONSORTIUM**

**JURY TRIAL DEMANDED**

18        Plaintiffs RUBEN JUAREZ and ISELA HERNANDEZ hereby file this Complaint for

19   Relief and Demand for Jury Trial against Defendant PRECISION VALVE & AUTOMATION,

20   INC., (a New York Corporation) and alleges as follows:

21               **PARTIES AND JURISDICTION**

22        1.       The Plaintiffs RUBEN JUAREZ and ISELA HERNANDEZ reside in Granada

23   Hills, CA████, in the County of Los Angeles within the State of California.  During all relevant

24   time, Plaintiff ISELA HERNANDEZ is Plaintiff's RUBEN JUAREZ's lawful wife.

25        2.       During all relevant time, the alleged injuries occurred in the County of Los

26   Angeles within the State of California.

27        3.       Defendant PRECISION VALVE & AUTOMATION, INC. ("PVA") is a New

28   York Corporation and its principal place of business is 1 Mustang Drive, Cohoes, New York,

COMPLAINT

27

12047.                                                                BC650229

4.      Defendant PVA designed, manufactured, and sold PVA 350, a benchtop dispensing / coating system that sprays chemicals to circuit boards.

5.      Before 2012, PVA designed, manufactured, and sold at least a PVA 350 to one of Space Exploration Technologies Corp. ("Space X") California locations in Hawthorne, CA, a County of Los Angeles.

6.      On information and belief, before the sales of the PVA 350, PVA had samples of the chemicals to be sprayed by the PVA 350.  As a result, PVA knew or should have known the toxicity of the chemicals to be used by the PVA 350.

7.      Plaintiffs are unaware of the true names and capacities of those Defendants sued herein as DOES 1-20, inclusive, and therefore sues said Defendants by such fictitious names. Plaintiffs will amend this Complaint to allege the true names and capacities of said Defendants, when the same have been ascertained, together with such other charging allegations as may be appropriate.

8.      Plaintiffs are informed and believe, and thereupon allege, that each Defendant designated as a DOE is responsible, negligently or in some other actionable manner, for the events and happenings hereafter referred to, and caused injuries and damages proximately thereby to plaintiffs, as hereinafter alleged, either through said defendants' own negligent conduct, or through the conduct of their agents, servants or employees, or in some other manner as yet unknown.

9.      Plaintiffs are informed and believe, and thereupon allege, that at all times mentioned herein, defendants and each of them, were the agents, servants, employees, independent contractors and/or joint venturers of their co-defendants and were, as such, acting within the scope, course and authority of said agency, employment, contract, and/or joint venture, or acting in the concert, and that each and every defendant, as aforesaid, when acting as a principal, was negligent in the selection, hiring, training, control, and supervision of each and every other defendant as an agent, servant, employee, independent contractor and/or joint venture.

COMPLAINT

28

BC650229

10.     At some or all relevant herein, each Defendant was the agent of each other defendant, each Defendant was acting within the court and scope of that agency, each Defendant ratified the conduct of the other Defendants with actual and/or constructive knowledge of such conduct, and each Defendant was subject to and under the supervision of the other defendant.

### GENERAL ALLEGATIONS

11.     PVA 350 is a benchtop dispensing / coating system that sprays chemicals to circuit boards, manufactured, designed, supplied, installed, inspected, repaired, and sold by Defendant PVA.  Once programmed, PVA can automatically spray chemicals without an attendant constantly on duty.

12.     PVA 350 does not have an automatic shutoff and does not sound an alarm when the ventilation / exhaust is not in operation.  In other words, PVA 350 is designed to continue to spray chemicals even when the ventilation / exhaust is not in operation.  Furthermore, there is no warning anywhere about this.

13.     On information and belief, to add the automatic shutoff, PVA only needs to include an airflow sensor or something similar.

14.     On January 2012, Plaintiff RUBEN JUAREZ started working for Space X as a programmer for a PVA 350 that sprayed chemicals to circuit boards at Space X's Hawthorne, CA location.  Plaintiff RUBEN JUAREZ worked there with the PVA 350 until May or June of 2014.

15.     During Plaintiff RUBEN JUAREZ's time at Space X, Plaintiff RUBEN JUAREZ was in charge of programming the PVA 350 to spray Arathane® 5750A, Arathane® 5750B, Arathane® 5750A/B, Humiseal®, Humiseal® thinner, and Isopropyl Alcohol.

16.     PVA trained Plaintiff RUBNE JUAREZ that in order to verify whether the equipment correctly sprayed the chemicals, Plaintiff RUBNE JUAREZ had to stick his head into the spraying chamber of the PVA 350 to verify.  He had to do this because the spray is usually transparent and is very fine with tiny thickness and therefore, a naked eye cannot identify whether or not certain part of the circuit board has been sprayed or the thickness of the spray.  The only way to verify this is to use a black light and poke his head inside the PVA 350 to check.  He could

3

COMPLAINT

29

BC650229

1    not take the circuit board out of the PVA 350 to verify this because it is wet and thus, any

2    handling of the board would destroy the accuracy of the spray.

3        17.    During Plaintiff RUBEN JUAREZ's time at Space X from 2012 to 2014, he had

4    confirmation that the ventilation system was not in operation many times: he asked his co-worker

5    why it always smelt so bad in the room, the co-worker told Mr. Juarez that he just realized that he

6    had forgotten to turn on the ventilation system.  Plaintiff RUBEN JUAREZ also noticed that

7    chemicals often leaked out of the PVA 350 from the bottom.

8        18.    When the exhaust fan was not in operation, Plaintiff RUBEN JUAREZ breathed in

9    the toxic chemicals during the verification process because his head was directly emerged inside

10   the PVA 350 with the toxic chemicals floating inside it.

11       19.    In addition, when the exhaust fan was not in operation, the toxic chemicals leaked

12   out of the PVA 350.  Plaintiff RUBEN JUAREZ on average spent about 60% of his days standing

13   right next to the PVA 350.

14       20.    Plaintiff RUBEN JUAREZ did not suspect that the chemicals may have caused his

15   injuries until March of 2015 when he, for the first time, received the MSDS of the chemicals.

16       21.    During the entire time, none of the treating physicians suspected that chemical

17   exposures could have been the cause of his symptoms, due to the fact that none knew that

18   Plaintiff RUBEN JUAREZ was working with chemicals.  His medical records list his

19   employment as "computer programmer."

20       22.    The MSDS of Arathane® 5750A shows that it contains chemicals toluene,

21   diphenylmethane 4, 4'-diisocyanate, MDI Homopolymer, methylenediphenyldiisocryanate

22   ("MDI"), and triethyl phosphate.  It further provides that the chronic health effects from the

23   exposure to the chemicals "can cause target organ damage" that include "upper respiratory tract,"

24   "the nervous system . . . brain, central nervous system (CNS)."

25       23.    The MSDS of Arathane® 5750B shows that it contains chemicals toluene,

26   hydroxylated polybutadiene, methyl ethyl ketone, 1, 1'-phenyliminodipropan-2-ol.  It further

27   provides that the chronic health effects of exposure to the chemicals "can cause target organ

28

4

COMPLAINT

E-SCANNED   FSC:08/14/18 THRAL: 08/28/18 USC : 02/28/20

30

BC650229

1   damage" including "the nervous system . . . brain, gastrointestinal tract, central nervous system

2   (CNS)."  Over-exposure will aggravate the medical conditions.

3       24.    The MSDS of Humiseal® shows that it contains chemicals toluene, acetone,

4   xylene, ethyl benzene, methyl ethyl ketone, dimethyl ether, heptane, ethyl 3 ethoxy propionate,

5   and oil mod. Polyurethane.  It further provides that inhalation of the chemicals can "[c]ause

6   irritation of nasal passages and throat" and "stupor (central nervous system depression)."

7   "Significant exposure to these chemicals may adversely affect people with chronic disease of the

8   respiratory system" and  "central nervous system."  And an inhalation may "cause mild

9   nausea/dizziness."

10       25.    The MSDS of Humiseal® thinner 521 EU that it contains chemicals xylene.  It

11   further provides "[s]ignificant exposure to these chemicals may adversely affect people with

12   chronic disease of the respiratory system [and] central nervous system." Inhalation may cause

13   nausea/dizziness.

14       26.    The MSDS of IPA provides that prolonged exposure may result in nose, throat,

15   and central nervous system depression. "Acute CNS depression may be manifested as giddiness,

16   headache, dizziness, and/or nausea."

17       27.    The scientific community has generally accepted the effects of prolonged exposure

18   to these chemicals.  For example, Center of Disease Control's ("CDC") publishes that

19   "[s]ymptoms of toluene poisoning include CNC effects (headache, dizziness, ataxia, drowsiness,

20   euphoria . . . . respiratory depression, nausea . . . electrolyte imbalances)."  United States

21   Department of Labor Occupational Safety and Health Administration notes that symptoms of

22   toluene exposure include "weakness, exhaustion, confusion, euphoria, dizziness, headache . . .

23   anxiety, muscle fatigue, insomnia" and that "long term and repeated workplace exposure to

24   toluene affect the central nervous system."  Environmental Protection Agency ("EPA") also notes

25   that chronic effect of toluene exposure can cause "CNS depression," leading to drowsiness,

26   headache, dizziness, and neurobehavioral effects.

27       28.    Similarly, symptoms from exposure to MDI include "headache, sore throat . . .

28

31

BC650229

1   . chest tightness." A study of 203 school children who were exposed to MDI shows that 70.9%

2   reported headache, and 62.6% reported nausea. The effects of chronic exposure of MDI include

3   "headache, nausea and muscle aches. "There are also case reports of neurological effects" of

4   "headaches, forgetfulness, mood alterations, irritability, and difficulty concentrating." "[T]here

5   was evidence of emotional distress in the form of depression, anxiety, and altered mentation."

6        29.   On information and belief, before a benchtop dispensing system is designed and

7   manufactured by PVA, Space X sends samples of its toxic chemicals to PVA for customization.

8   So, PVA knew or should have known the exact type of chemicals used by its PVA 350 and the

9   dangerous health consequences from exposure to these chemicals if the exhaust/ventilation is not

10   in operation.

11        30.   Plaintiff RUBEN JUAREZ, a previously healthy man, who rarely went to see

12   doctors, after six months into the job, on June 27, 2012, went to urgent care for palpitations and

13   presyncope (lightheadedness, muscular weakness, blurred vision, and feeling faint). He also

14   complained about shortness of breath. All of these symptoms are well documented as chronic

15   exposure to these toxic chemicals by the scientific community.

16        31.   From June of 2012 to present, Plaintiff RUBEN JUAREZ has had over 9

17   hospitalizations for symptoms associated with toluene, MDI, and other toxic chemical exposure.

18   In addition, he has had at least 21 visits to urgent care /emergency room for symptoms associated

19   with the toxic chemical exposure.

20        32.   His current medications include Oxycodne, Norco, Topamax, Depakote, and

21   Ondansetron for migraine, Wellbutrin and Xanax for depression, Flonase and Allegra-D for

22   respiratory issues, Deltasone for chest tightness, and Protonix for stomach problems causing from

23   the drug cocktail.

24        33.   His current conditions include severe headache, nausea, short of breath, dizziness,

25   memory loss, out of balance, respiratory issues, and stomach pain from the medications. He also

26   has suicidal thoughts once a week: sometimes his migraines are so severe that he hopes that he

27   just does not wake up the next day. He also has sleeping problems.

28

COMPLAINT

32

BC650229

34.     Due to the continuing medical treatment, hospitalization, and urgent care visits, Plaintiff has not worked since May or June of 2014.

35.     Plaintiff RUBEN JUAREZ lives with his 12-year-old daughter and his wife Plaintiff ISELA HERNANDEZ.

### FIRST CAUSE OF ACTION

### NEGLIGENCE

### (Against all Defendants)

36.     Plaintiffs refer to paragraph 1-35 above and incorporate them into this cause of action as though fully set forth herein.

37.     Defendants designed, manufactured, supplied, installed, inspected, and repaired the PVA 350.

38.     First, Defendants were negligent in designing, manufacturing, supplying, installing, inspecting, and repairing the PVA 350.  In particular, Defendants failed to use the amount of care in designing, manufacturing, inspecting, installing, and repairing the PVA 350 that a reasonably careful designer, manufacturer, supplier, installer, repairer would use in similar circumstances to avoid exposing Plaintiff RUBEN JUAREZ, a programmer of the PVA 350, to a foreseeable risk of harm.  Furthermore, Defendants' design violated Cal-OSHA, which requires that "When spray is automatically applied without an attendant constantly on duty, the operating control of spray apparatus shall be so arranged that spray cannot be applied unless exhaust fans are in operation."  (Title 8 of Cal. Code of Regulations, § 5153.)

39.     Second, Defendants knew or reasonably should have known that the PVA 350 was dangerous or was likely to be dangerous when used or misused in a reasonably foreseeable manner.  Defendants failed to adequately warn of the danger.

40.     Third, Defendants became aware of this defect after the PVA 350 was sold and Defendants failed to recall/retrofit or warn of the danger of the PVA 350.  A reasonable manufacturer/distributor/seller under the same or similar circumstances would have recalled, retrofitted the product.

33

1    41.    Plaintiffs were harmed.                              BC650229

2    42.    Defendants' negligence was a substantial factor in causing Plaintiffs' harm.

3                        **SECOND CAUSE OF ACTION**

4                        **STRICT PRODUCT LIABILITY**

5                          **(Against all Defendants)**

6    43.    Plaintiffs refer to paragraph 1-42 above and incorporate them into this cause of

7    action as though fully set forth herein.

8    44.    The PVA 350 contains a design defect that it does not stop spraying toxic

9    chemicals or sound any alarm when the ventilation / exhaust is not in operation.  It continues to

10   spray toxic chemicals even when the ventilation / exhaust is not in operation without sounding

11   any alarm about it.

12   45.    The PVA 350 also did not have warning of the potential safety hazard when the

13   ventilation / exhaust is not in operation.

14   46.    The PVA 350 did not perform as safely as an ordinary consumer would have

15   expected it to perform when used or misused in an intended or reasonably foreseeable way.

16   47.    Plaintiffs were harmed.

17   48.    The PVA's failure to perform safely was a substantial factor in causing Plaintiffs'

18   harm.

19                        **THIRD CAUSE OF ACTION**

20                        **LOSS OF CONSORTIUM**

21                          **(Against all Defendants)**

22   49.    Plaintiffs refer to paragraph 1-49 above and incorporate them into this cause of

23   action as though fully set forth herein.

24   50.    Defendants' wrongful conduct, acts and omissions, were a substantial factor in

25   causing Plaintiff ISELA HERNANDEZ to sustain loss of love, care, companionship, comfort,

26   assistance, protection, society, moral support from Plaintiff RUBEN JUAREZ, in an amount

27   according to proof.

28

COMPLAINT

34

1                             **PRAYER**            BC650229

2   WHEREFORE, Plaintiffs pray for judgment against Defendants, each of them, as follows:

3   1.     For general and noneconomic damages according to proof;

4   2.     For special and economic damages according to proof;

5   3.     For costs of suit;

6   4.     For attorneys' fees as allowed by law;

7   5.     Pre-judgment interest; and

8   6.     For such further relief as the Court deems just and proper.

9   Dated: February 27, 2017            LAW OFFICES OF TERESA LI, PC

10

11

12                                  Teresa Li
                               Attorneys for Plaintiffs

13                                RUBEN JUAREZ and ISELA HERNANDEZ

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FSC:08/14/18 TRIAL: 08/28/18 USC : 02/28/20

=:SCANNED

35

# EXHIBIT B

**Catalona, Alex**

| | |
|---|---|
| **From:** | Milanfar, Shahrad |
| **Sent:** | Wednesday, April 05, 2017 3:40 PM |
| **To:** | teresa@lawofficesofteresali.com |
| **Cc:** | Catalona, Alex |
| **Subject:** | Juarez - Signed NOAR |
| **Attachments:** | Juarez - Signed NOAR 4-5-17.pdf |

Teresa,

Per our discussion, I'm attaching the signed notice of acknowledgement of receipt. I'm generally available on Friday. Please let me know the best time to call you.

**Regards,**

**Shahrad Milanfar, Esq. | Becherer Kannett & Schweitzer**

| | |
|---|---|
| **Northern California:** | 1255 Powell Street, Emeryville, CA 94608 |
| **Southern California:** | 85 North Raymond Avenue, Pasadena, CA 91103 |

Tel: 510.658.3600
Fax: 510.658.1151
Email:  smilanfar@bkscal.com | www.bkscal.com



CONFIDENTIALITY NOTICE:
The information in this email is confidential and/or privileged.  If you are not the intended recipient or an authorized representative of the intended recipient, you are on notice that any review, dissemination or copying of this email and its attachments is prohibited.  If you have received this email in error, please immediately notify the sender by return email and delete this email from your system.

37

**POS-015**

| | FOR COURT USE ONLY |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Teresa Li (SBN 278779)<br>Law Offices of Teresa Li, PC<br>315 Montgomery Street, 9th Floor<br>San Francisco, CA 94104<br>    TELEPHONE NO.: (415) 423-3377      FAX NO. *(Optional):* (888) 646-5493<br>E-MAIL ADDRESS *(Optional):* teresa@lawofficesofteresali.com<br>ATTORNEY FOR *(Name):* Plaintiffs Ruben Juarez and Isela Hernandez | |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles<br>    STREET ADDRESS: 111 N. Hill Street<br>    MAILING ADDRESS:<br>    CITY AND ZIP CODE: Los Angles, CA 90012<br>    BRANCH NAME: Stanley Mosk Courthouse | |
| PLAINTIFF/PETITIONER: Ruben Juarez and Isela Hernandez<br><br>DEFENDANT/RESPONDENT: Precision Valve & Automation, Inc. | |
| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>BC650229 |

TO *(insert name of party being served):* Anthony J. Hynes (Chief Executive Officer) on behalf of Precision Valve & Automation, Inc.

---

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: March 7, 2017

Teresa Li, Esq.

_____      ▶ _____
(TYPE OR PRINT NAME)        (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing):*
1. ☑ A copy of the summons and of the complaint.
2. ☑ Other *(specify):*
    Notice of Case Assignment, Civil Case Cover Sheet, 3rd Amended General order and 6th Amended General order

*(To be completed by recipient):*

Date this form is signed:

4 - 6 - 17
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,      ▶ _____
ON WHOSE BEHALF THIS FORM IS SIGNED)      (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
           ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Page 1 of 1
Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov

38

1  Shahrad Milanfar (SBN 201126)
   smilanfar@bkscal.com
2  Alex P. Catalona (SBN 200901)
   acatalona@bkscal.com
3  BECHERER KANNETT & SCHWEITZER
   1255 Powell Street
4  Emeryville, CA 94608
   Telephone: (510) 658-3600
5  Facsimile: (510) 658-1151

6  Attorneys for Defendant
   PRECISION VALVE & AUTOMATION, INC.
7

8                    UNITED STATES DISTRICT COURT

9                  CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| 10  RUBEN JUAREZ an individual and ISELA HERNANDEZ, an individual, | )  CASE NO. |
| 11 | )  [Los Angeles County Superior Court |
| 12          Plaintiffs, | )  Case No. BC650229] |
| 13  v. | )  **CERTIFICATE OF SERVICE OF** |
| 14  PRECISION VALVE & AUTOMATION, INC., a corporation and DOES 1-20, | )  **NOTICE OF REMOVAL UNDER 28 U.S.C. ¶ 1441(a) (DIVERSITY)** |
| 15          Defendants. | )  [Originally Superior Court of the State of California, County of Los Angeles, Case No. BC650229] |
| 16 | ) |
| 17 | ) |

18       I, Jerry M. Dumlao, declare that I am employed in the County of Alameda, State of

19  California; I am over the age of eighteen (18) years and not a party to the within entitled action;

20  my business address is 1255 Powell Street, Emeryville, California 94608.

21       On **May 3, 2017**, I caused to be served the foregoing:

22       **NOTICE OF REMOVAL UNDER 28 U.S.C. ¶ 1441(a) (DIVERSITY)**

23       In said action by placing a true copy thereof enclosed in a sealed envelope and served in

24  the manner and/or manners described below to each of the parties herein and addressed as

25  follows:

26  ///

27  ///

28

-1-
CERTIFICATE OF SERVICE

Becherer
Kannett &
Schweitzer
─────
1255
Powell St.
Emeryville, CA
94608
510-658-3600

39

1    *Attorneys for Plaintiff*               Teresa Li, Esq.

2                                         LAW OFFICES OF TERESA LI, PC

3                                         315 Montgomery Street, 9th Floor
San Francisco, California 94104

4                                         Telephone: (415) 423-3377
Facsimile: (888) 646-5493

5          ☒ (By Mail) I deposited such envelope with postage thereon fully prepaid to be placed

6 in the United States Mail at Emeryville, California.  I am familiar with the mail collection

7 practices of Becherer Kannett & Schweitzer Attorneys and pursuant to those practices the

8 envelope would be deposited with the United States Postal Service the same day.

9          Executed on May 3, 2017.

10

11                                 Jerry M. Dumlao

12

13

14

15

16

17

18

19

20

21

22

23

24    Becherer Kannett & Schweitzer

25

26    1255 Powell St. Emeryville, CA 94608 510-658-3600

27

28

# EXHIBIT 3

1  Shahrad Milanfar (SBN 201126)
2  smilanfar@bkscal.com
   Alex P. Catalona (SBN 200901)
3  acatalona@bkscal.com
   BECHERER KANNETT & SCHWEITZER
4  1255 Powell Street
   Emeryville, CA 94608
5  Telephone: (510) 658-3600
   Facsimile: (510) 658-1151
6
7  Attorneys for Defendant
   PRECISION VALVE & AUTOMATION, INC.

8
                   UNITED STATES DISTRICT COURT
9
                  CENTRAL DISTRICT OF CALIFORNIA
10

11  RUBEN JUAREZ an individual and      )   CASE NO. 2:17-cv-003342
12  ISELA HERNANDEZ, an individual,     )
                                        )   **NOTICE OF FILING STATE COURT**
13                      Plaintiffs,     )   **ANSWER AND DEMAND FOR JURY**
                                        )   **TRIAL**
14  v.                                  )
                                        )
15  PRECISION VALVE &                   )   Date Removed: May 3, 2017
    AUTOMATION, INC., a corporation     )   [*Removed from Los Angeles County Superior*
16  and DOES 1-20,                      )   *Court Case No.* BC650229]
                                        )
17                      Defendants.     )
                                        )
18  _____   )

19

20      **TO THE CLERK OF THE ABOVE-ENTITLED COURT AND ALL**

21  **COUNSEL OF RECORD:**

22      **PLEASE TAKE NOTICE** that Defendant Precision Valve & Automation, Inc.

23  hereby submits the following documents to be filed in this action that were previously

24  filed and served in the State Court action entitled *Ruben Juarez an individual and Isela*

25  *Hernandez, an individual v. Precision Valve & Automation, Inc., a corporation and*

26  *DOES 1-20*, Los Angeles County Superior Court Case No. BC650229:

27      1.      The Answer of Defendant Precision Valve & Automation, Inc. to

28

                              1
                NOTICE OF FILING STATE COURT ANSWER

Becherer
Kannett &
Schweitzer

1255
Powell St.
Emeryville, CA
84608
510-658-3600

42

1    Complaint for Personal Injuries, filed in State Court on May 2, 2017, is

2    attached hereto as **Exhibit 1**.

3    2.    The Demand For Jury Trial of Defendant Precision Valve & Automation,

4    Inc., filed in State Court on May 2, 2017, is attached hereto as **Exhibit 2**.

5    Defendant Precision Valve & Automation, Inc. hereby demands a jury trial in this Court.

6

7    Dated: May 4, 2017                    BECHERER KANNETT & SCHWEITZER

8

9

10   By:    */s/ Alex P. Catalona*

11         Alex P. Catalona
           Attorneys for Defendant PRECISION VALVE &

12         AUTOMATION, INC.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Becherer
Kannett &
Schweitzer

1255
Powell St.
Emeryville, CA
94608
510-658-3600

2
NOTICE OF FILING STATE COURT ANSWER

43

# EXHIBIT 1

1 | Shahrad Milanfar (SBN 201126)
smilanfar@bkscal.com
2 | Alex P. Catalona (SBN 200901)
acatalona@bkscal.com
3 | BECHERER KANNETT & SCHWEITZER
1255 Powell Street
4 | Emeryville, CA 94608
Telephone: (510) 658-3600
5 | Facsimile: (510) 658-1151

6 | Attorneys for Defendant
7 | PRECISION VALVE & AUTOMATION, INC.

CONFORMED COPY
~~ORIGINAL FILED~~
Superior Court Of California

MAY 0 2 2017

Sherri R. Carter, Executive Officer/Clerk
By: Cristina Grijalva, Deputy

8 | SUPERIOR COURT OF CALIFORNIA

9 | COUNTY OF LOS ANGELES – STANLEY MOSK COURTHOUSE

| | | |
|---|---|---|
| 10 | | |
| 11 | RUBEN JUAREZ an individual and ISELA HERNANDEZ, an individual, | ) ) ) |
| 12 | Plaintiffs, | ) ) |
| 13 | v. | ) ) |
| 14 | PRECISION VALVE & AUTOMATION, INC., a corporation and DOES 1-20, | ) ) ) |
| 15 | Defendants. | ) ) |
| 16 | | ) |

CASE NO. BC650229

**ANSWER TO COMPLAINT BY DEFENDANT PRECISION VALVE & AUTOMATION, INC.**

Action Filed: February 28, 2017
Trial Date: August 28, 2018

By Fax

17

18 |     Defendant Precision Valve & Automation, Inc. ("Defendant") responds to

19 | plaintiffs' complaint as follows:  Pursuant to California Code of Civil Procedure § 431.30,

20 | Defendants deny generally each and every allegation in the Complaint.

21 | <u>AFFIRMATIVE DEFENSES</u>

22 |     1.    As a first affirmative defense, Defendant alleges that the Complaint does not state

23 | facts sufficient to constitute a cause of action.

24 |     2.    As a second affirmative defense, Defendant alleges plaintiff Ruben Juarez was

25 | negligent and that his negligence, in whole or in part, caused and contributed to the injury and

26 | damage alleged in the Complaint.

27 |     3.    As a third affirmative defense, Defendant alleges plaintiff Ruben Juarez's

28 | employer was negligent or acted in some other tortious manner, and that this conduct, in whole

Becherer
Kannett &
Schweitzer

1255
Powell St.
Emeryville, CA
94608
510-658-3600

-1-

45

1    or in part, caused and contributed to the injury and damage alleged in the Complaint.

2          4.     As a fourth affirmative defense, Defendant alleges that other parties and other

3    persons not parties to the action acted negligently or in some other tortious manner, and that their

4    negligence or other tortious conduct caused the injury and damage alleged in the Complaint.

5    Defendants request that in the event of a finding of any liability in favor of Plaintiffs or settlement

6    or judgment against this defendant, an apportionment of fault be made as permitted by *Li v. Yellow*

7    *Cab Company* and *American Motorcycle Association v. Superior Court* by the court or jury.

8    Defendant further requests a judgment and declaration of partial indemnification and contribution

9    against all other parties or persons in accordance with the appointment of fault.

10         5.     As a fifth affirmative defense, Defendant alleges that it cannot be held responsible

11   for the acts of others or events beyond Defendant's control, which acts or events contributed in

12   whole or in part to the damages, claims, and causes of action alleged in the Complaint.

13         6.     As a sixth affirmative defense, Defendant alleges plaintiffs voluntarily and

14   knowingly assumed the risk of damage alleged in the Complaint.  Plaintiffs' claims are therefore

15   barred in whole or in part by the doctrine of Assumption of Risk.

16         7.     As a seventh affirmative defense, Defendant alleges that Plaintiff Ruben Juarez

17   agreed to, and participated in, those actions which plaintiffs claim to have caused injury or

18   damage.  Since such participation and consent were given knowingly and voluntarily, plaintiffs'

19   claims are invalid.

20         8.     As an eighth affirmative defense, Defendant alleges that it exercised due care

21   and diligence in all matters alleged in the complaint, and that no act or omission by Defendant

22   was the proximate cause of any damage, injury or loss to plaintiffs.

23         9.     As a ninth affirmative defense, Defendant alleges plaintiffs failed to exercise

24   reasonable care and diligence to mitigate their alleged damages.

25         10.    As a tenth affirmative defense, Defendant alleges that plaintiff Ruben Juarez was

26   a sophisticated user of Defendant's product due to his particular position, training, experience,

27   education, knowledge, and/or skill, and knew or should have known of any risk, harm and/or

28   danger of the product(s) and material(s) alleged against Defendant.

Becherer
Kannett &
Schweitzer
_____
1255
Powell St.
Emeryville, CA
94608
510-658-3600

46

1       11.    As an eleventh affirmative defense, Defendant alleges that plaintiff Ruben Juarez's employer was a sophisticated user of Defendant's product due to its particular position, training, experience, knowledge, education and/or skill, and knew or should have known of any risk, harm and/or danger of the product(s) and material(s) alleged against Defendant.

12.    As a twelfth affirmative defense, Defendant alleges that plaintiffs' claims are barred by the workers' compensation exclusivity rule.

13.    As a thirteenth affirmative defense, Defendant allege that plaintiffs' claims are barred by all applicable statutes of limitations including but not limited to Code of Civil Procedure section 335.1.

14.    As a fourteenth affirmative defense, Defendant alleges that plaintiffs' claims are barred in whole or in part by the doctrine of laches.

15.    As a fifteenth affirmative defense, Defendant alleges that plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands.

16.    As an sixteenth affirmative defense, Defendant alleges plaintiffs waived and are estopped and barred from alleging the matters set forth in their complaint based upon settlements, releases and/or agreements.

17.    As a seventeenth affirmative defense, Defendant alleges that plaintiffs' claims are barred in whole or in part by the doctrine of waiver.

18.    As an eighteenth affirmative defense, Defendant alleges that plaintiffs' claims are barred in whole or in part by the doctrine of estoppel.

19.    As a nineteenth affirmative defense, Defendant alleges that plaintiff Ruben Juarez's employer violated the Occupational Health and Safety Act of 1970, and subsequent statutory and regulatory law including but not limited to 29 CFR 1910.1200, et seq., (OSHA Hazard Communication Standard), 29 CFR 1910.132, et seq., (OSHA personal safety equipment rules), and 29 CFR 1904, et seq., (OSHA injury and illness recordkeeping and reporting requirements.)

20.    As a twentieth affirmative defense, Defendant alleges that current law prohibits plaintiffs' claims against this defendant.

Becherer
Kannett &
Schweitzer

1255
Powell St.
Emeryville, CA
94608
510-658-3600

1    Defendant reserves its right to assert additional defenses in the event its investigation

2    and discovery indicates additional defenses would be appropriate.

3        Defendant demands judgment in its favor, costs of suit, attorney's fees and all other proper

4    relief.

5

6    Dated: April 26, 2017                    BECHERER KANNETT & SCHWEITZER

7

8                                    By:

9                                          Alex P. Catalona
                                           Attorney for Defendant
10                                         PRECISION VALVE & AUTOMATION, INC.

11

12

13

14

15

16

17

18

19

20

21

22

23

Becherer   24
Kannett &
Schweitzer 25

1255
Powell St.   26
Emeryville, CA
94608
510-658-3600 27

28

-4-

**PROOF OF SERVICE**
*Ruben Juarez, et al. v. Precision Valve & Automation, Inc., et al.*
Los Angeles County Superior Court, Case No. BC650229

I, Jerry M. Dumlao, declare that I am employed in the County of Alameda, State of California; I am over the age of eighteen (18) years and not a party to the within entitled action; my business address is 1255 Powell Street, Emeryville, California 94608.

On **May 2, 2017,** I caused to be served the foregoing:

**ANSWER TO COMPLAINT BY DEFENDANT PRECISION VALVE & AUTOMATION, INC.;**

**DEMAND FOR JURY TRIAL**

In said action by placing a true copy thereof enclosed in a sealed envelope and served in the manner and/or manners described below to each of the parties herein and addressed as follows:

*Attorneys for Plaintiff*                    Teresa Li, Esq.
                                             LAW OFFICES OF TERESA LI, PC
                                             315 Montgomery Street, 9th Floor
                                             San Francisco, California 94104
                                             Telephone: (415) 423-3377
                                             Facsimile: (888) 646-5493
                                             Email: teresa@lawofficesofteresali.com

☒ (By Mail) I deposited such envelope with postage thereon fully prepaid to be placed in the United States Mail at Emeryville, California. I am familiar with the mail collection practices of Becherer Kannett & Schweitzer Attorneys and pursuant to those practices the envelope would be deposited with the United States Postal Service the same day.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration is executed **May 2, 2017**, at Emeryville, California.

_____
Jerry M. Dumlao

Becherer
Kannett &
Schweitzer

255
owell St.
meryville, CA
4608
10-658-3600

1
PROOF OF SERVICE

49

# EXHIBIT 2

1  Shahrad Milanfar (SBN 201126)
   smilanfar@bkscal.com

2  Alex P. Catalona (SBN 200901)
   acatalona@bkscal.com

3  BECHERER KANNETT & SCHWEITZER
   1255 Powell Street

4  Emeryville, CA 94608
   Telephone: (510) 658-3600

5  Facsimile: (510) 658-1151

6  Attorneys for Defendant
   PRECISION VALVE & AUTOMATION, INC.

7

8

9              SUPERIOR COURT OF CALIFORNIA

10      COUNTY OF LOS ANGELES – STANLEY MOSK COURTHOUSE

11

12  RUBEN JUAREZ an individual and ISELA      )  CASE NO. **BC650229**
    HERNANDEZ, an individual,                 )

13                                            )
                      Plaintiffs,             )  **DEMAND FOR JURY TRIAL**

14                                            )
    v.                                        )  Action Filed: February 28, 2017

15                                            )  Trial Date: August 28, 2018
    PRECISION VALVE & AUTOMATION,             )

16  INC., a corporation and DOES 1-20,        )
                                              )

17                    Defendants.             )
                                              )

18  _____       )

19

20  **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

21      Please take notice that in response to plaintiffs' complaint filed and served in this matter,

22  Defendant PRECISION VALVE & AUTOMATION, INC. hereby demands a trial by jury in the

23  above entitled case.

24  Dated: May 1, 2017                    BECHERER KANNETT & SCHWEITZER

25

26                               By: _____
                                     Alex P. Catalona

27                                   Attorneys for Defendant
                                     PRECISION VALVE & AUTOMATION, INC.

28

                                    -1-

CONFORMED COPY
ORIGINAL FILED
Superior Court Of California

MAY 0 2 2017

Sherri R. Carter, Executive Officer/Clerk
By: Cristina Grijalva, Deputy

By Fax

Becherer
Kannett &
Schweitzer

1255
Powell St.
Emeryville, CA
94608
510-658-3600

51

Case 2:17-cv-03342-ODW-GJS   Document 40-1   Filed 08/24/18   Page 42 of 185   Page ID
#:386
Case 2:17-cv-03342-ODW-GJS   Document 4   Filed 05/04/17   Page 11 of 13   Page ID #:38

# CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on the 4th day of May, 2017, a

true and correct copy of **NOTICE OF FILING STATE COURT ANSWER** has

been served by mail to plaintiffs' attorney and via ECF upon all counsel of record

in the Court's electronic filing system.

*Attorneys for Plaintiffs*

Teresa Li, Esq.
LAW OFFICES OF TERESA LI, PC
315 Montgomery Street, 9th Floor
San Francisco, California 94104
Telephone: (415) 423-3377
Facsimile: (888) 646-5493
Email:  teresa@lawofficesofteresali.com


*/s/ Alex P. Catalona*
Alex P. Catalona

Becherer
Kannett &
Schweitzer

1255
Powell St.
Emeryville, CA
94608
510-658-3600

1
NOTICE OF FILING STATE COURT ANSWER

52

1    Shahrad Milanfar (SBN 201126)
      smilanfar@bkscal.com
2    Alex P. Catalona (SBN 200901)
      acatalona@bkscal.com
3    BECHERER KANNETT & SCHWEITZER
      1255 Powell Street
4    Emeryville, CA 94608
      Telephone: (510) 658-3600
5    Facsimile: (510) 658-1151

6    Attorneys for Defendant
      PRECISION VALVE & AUTOMATION, INC.
7

8                  UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| 10   RUBEN JUAREZ an individual and ISELA   )    HERNANDEZ, an individual, | CASE NO. 2:17-cv-03342 |
| 11 | [Los Angeles County Superior Court |
|                Plaintiffs, | Case No. BC650229] |
| 12 | |
| 13   v. | **CERTIFICATE OF SERVICE)** |
| 14   PRECISION VALVE & AUTOMATION,      INC., a corporation and DOES 1-20, | |
| 15               Defendants. | |
| 16 | |
| 17 | |

18       I, Jerry M. Dumlao, declare that I am employed in the County of Alameda, State of

19 California; I am over the age of eighteen (18) years and not a party to the within entitled action;

20 my business address is 1255 Powell Street, Emeryville, California 94608.

21       On **May 4, 2017,** I caused to be served the foregoing:

22       **NOTICE OF FILING STATE COURT ANSWER AND DEMAND FOR JURY**
23       **TRIAL**

24       In said action by placing a true copy thereof enclosed in a sealed envelope and served in

25 the manner and/or manners described below to each of the parties herein and addressed as

26 follows:

27 ///

28 ///

-1-
CERTIFICATE OF SERVICE

53

Case 2:17-cv-03342-ODW-GJS   Document 40-1   Filed 08/24/18   Page 44 of 185   Page ID
#:388
Case 2:17-cv-03342-ODW-GJS   Document 4   Filed 05/04/17   Page 13 of 13   Page ID #:40

1

2    *Attorneys for Plaintiff*                       Teresa Li, Esq.

3                                       LAW OFFICES OF TERESA LI, PC

                                      315 Montgomery Street, 9th Floor

4                                       San Francisco, California 94104

                                      Telephone: (415) 423-3377

5                                       Facsimile: (888) 646-5493

6      ☒ (By Mail) I deposited such envelope with postage thereon fully prepaid to be placed

7 in the United States Mail at Emeryville, California. I am familiar with the mail collection

8 practices of Becherer Kannett & Schweitzer Attorneys and pursuant to those practices the

envelope would be deposited with the United States Postal Service the same day.

9       Executed on May 4, 2017.

10

11

12                                       Jerry M. Dumlao

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Becherer
Kannett &
Schweitzer
————
1255
Powell St.
Emeryville, CA
94608
510-658-3600

DEFENDANT PRECISION VALVE & AUTOMATION, INC.'S
NOTICE OF REMOVAL (28 U.S.C. § 1441(a))

54

# EXHIBIT 4

1   Teresa Li (Bar No. 278779)
    teresa@lawofficesofteresali.com
2   LAW OFFICES OF TERESA LI, PC
    315 Montgomery Street, 9th Floor
3   San Francisco, California 94104
    Telephone:  415.423.3377
4   Facsimile:   888.646.5493

5   Attorneys for Plaintiffs
    RUBEN JUAREZ and ISELA
6   HERNANDEZ

7   Daniel K. Balaban
    Daniel@dbaslaw.com
8   BALABAN & SPIELBERGER, LLP
    11999 San Vincente Boulevard, Suite 345
9   Los Angles, CA 90049
    Telephone:  424.832.7677
10  Facsimile:   424.832.7702

11  Attorneys for Plaintiffs
    RUBEN JUAREZ and ISELA
12  HERNANDEZ

13                  UNITED STATES DISTRICT COURT

14                  CENTRAL DISTRICT OF CALIFORNIA

15

16
    RUBEN JUAREZ, an individual and      Case No. 2:17-cv-03342
17  ISELA HERNANDEZ, an individual

18              Plaintiffs,              **FIRST AMENDED COMPLAINT
                                         FOR DAMAGES**
19         v.
                                         **GENERAL NEGLIGENCE
20  PRECISION VALVE &                    STRICT LIABILITY
    AUTOMATION, Inc., a corporation      FAILURE TO WARN
21  and DOES 1-20                        LOSS OF CONSORTIUM**

22              Defendants.

23                                       **JURY TRIAL DEMANDED**

24       Plaintiffs RUBEN JUAREZ and ISELA HERNANDEZ hereby file this

25  Complaint for Relief and Demand for Jury Trial against Defendant PRECISION

26  VALVE & AUTOMATION, INC., (a New York Corporation) and alleges as

27  follows:

28

                       FIRST AMENDED COMPLAINT

56

## PARTIES AND JURISDICTION

1.     The Plaintiffs RUBEN JUAREZ and ISELA HERNANDEZ reside in Granada Hills, CA ██████, in the County of Los Angeles within the State of California.  During all relevant time, Plaintiff ISELA HERNANDEZ is Plaintiff's RUBEN JUAREZ's lawful wife.

2.     During all relevant time, the alleged injuries occurred in the County of Los Angeles within the State of California.

3.     Defendant PRECISION VALVE & AUTOMATION, INC. ("PVA") is a New York Corporation and its principal place of business is 1 Mustang Drive, Cohoes, New York, 12047.

4.     Defendant PVA designed, manufactured, and sold PVA 350, a benchtop dispensing / coating system that sprays chemicals to circuit boards.

5.     Before 2012, PVA designed, manufactured, and sold at least a PVA 350 to one of Space Exploration Technologies Corp. ("Space X") California locations in Hawthorne, CA, a County of Los Angeles.

6.     On information and belief, before the sales of the PVA 350, PVA had samples of the chemicals to be sprayed by the PVA 350.  As a result, PVA knew or should have known the toxicity of the chemicals to be used by the PVA 350.

7.     Plaintiffs are unaware of the true names and capacities of those Defendants sued herein as DOES 1-20, inclusive, and therefore sues said Defendants by such fictitious names.  Plaintiffs will amend this Complaint to allege the true names and capacities of said Defendants, when the same have been ascertained, together with such other charging allegations as may be appropriate.

8.     Plaintiffs are informed and believe, and thereupon allege, that each Defendant designated as a DOE is responsible, negligently or in some other actionable manner, for the events and happenings hereafter referred to, and caused injuries and damages proximately thereby to plaintiffs, as hereinafter alleged, either

2

FIRST AMENDED COMPLAINT

57

1  through said defendants' own negligent conduct, or through the conduct of their

2  agents, servants or employees, or in some other manner as yet unknown.

3        9.      Plaintiffs are informed and believe, and thereupon allege, that at all

4  times mentioned herein, defendants and each of them, were the agents, servants,

5  employees, independent contractors and/or joint venturers of their co-defendants

6  and were, as such, acting within the scope, course and authority of said agency,

7  employment, contract, and/or joint venture, or acting in the concert, and that each

8  and every defendant, as aforesaid, when acting as a principal, was negligent in the

9  selection, hiring, training, control, and supervision of each and every other

10 defendant as an agent, servant, employee, independent contractor and/or joint

11 venture.

12       10.     At some or all relevant herein, each Defendant was the agent of each

13 other defendant, each Defendant was acting within the court and scope of that

14 agency, each Defendant ratified the conduct of the other Defendants with actual

15 and/or constructive knowledge of such conduct, and each Defendant was subject to

16 and under the supervision of the other defendant.

17                            **GENERAL ALLEGATIONS**

18       11.     PVA 350 is a benchtop dispensing / coating system that sprays

19 chemicals to circuit boards, manufactured, designed, supplied, installed, inspected,

20 repaired, and sold by Defendant PVA.  Once programmed, PVA can automatically

21 spray chemicals without an attendant constantly on duty.

22       12.     PVA 350 does not have an automatic shutoff and does not sound an

23 alarm when the ventilation / exhaust is not in operation.  In other words, PVA 350

24 is designed to continue to spray chemicals even when the ventilation / exhaust is

25 not in operation.  Furthermore, there is no warning anywhere about this.

26       13.     On information and belief, to add the automatic shutoff, PVA only

27 needs to include an airflow sensor or something similar.

28

3

FIRST AMENDED COMPLAINT

58

14.    On January 2012, Plaintiff RUBEN JUAREZ started working for Space X as a programmer for a PVA 350 that sprayed chemicals to circuit boards at Space X's Hawthorne, CA location.  Plaintiff RUBEN JUAREZ worked there with the PVA 350 until May or June of 2014.

15.    During Plaintiff RUBEN JUAREZ's time at Space X, Plaintiff RUBEN JUAREZ was in charge of programming the PVA 350 to spray Arathane® 5750A, Arathane® 5750B, Arathane® 5750A/B, and Humiseal®, Humiseal® thinner.

16.    PVA trained Plaintiff RUBNE JUAREZ that in order to verify whether the equipment correctly sprayed the chemicals, Plaintiff RUBNE JUAREZ had to stick his head into the spraying chamber of the conformal coating machine to verify.  He had to do this because the spray is usually transparent and is very fine with tiny thickness and therefore, a naked eye cannot identify whether or not certain part of the circuit board has been sprayed or the thickness of the spray.  The only way to verify this is to use a black light and poke his head inside the PVA 350 to check.  He could not take the circuit board out of the PVA 350 to verify this because it is wet and thus, any handling of the board would destroy the accuracy of the spray.

17.    During Plaintiff RUBEN JUAREZ's time at Space X from 2012 to 2014, he had confirmation that the ventilation system to the PVA 350 was not in operation many times: he asked his co-worker why it always smelt so bad in the room, the co-worker told Mr. Juarez that he just realized that he had forgotten to turn on the ventilation system.

18.    When the exhaust fan was not in operation, Plaintiff RUBEN JUAREZ unknowingly breathed in the chemicals during the verification process because his head was directly emerged inside the PVA 350 with the toxic chemicals floating inside it.

4

FIRST AMENDED COMPLAINT

59

19.   In addition, when the exhaust fan was not in operation, the chemicals leaked out of the PVA 350.  Plaintiff RUBEN JUAREZ on average spent about 60% of his days standing right next to the PVA 350.

20.   The MSDS of Arathane® 5750A shows that it contains chemicals toluene, diphenylmethane 4, 4'-diisocyanate, MDI Homopolymer, methylenediphenyldiisocryanate ("MDI"), and triethyl phosphate.  It further provides that the chronic health effects from the exposure to the chemicals "can cause target organ damage" that include "upper respiratory tract," "the nervous system . . . brain, central nervous system (CNS)."

21.   The MSDS of Arathane® 5750B shows that it contains chemicals toluene, hydroxylated polybutadiene, methyl ethyl ketone, 1, 1'-phenyliminodipropan-2-ol.  It further provides that the chronic health effects of exposure to the chemicals "can cause target organ damage" including "the nervous system . . . brain, gastrointestinal tract, central nervous system (CNS)."  Over-exposure will aggravate the medical conditions.

22.   The MSDS of Humiseal® shows that it contains chemicals toluene, acetone, xylene, ethyl benzene, methyl ethyl ketone, dimethyl ether, heptane, ethyl 3 ethoxy propionate, and oil mod. Polyurethane.  It further provides that inhalation of the chemicals can "[c]ause irritation of nasal passages and throat" and "stupor (central nervous system depression)."  "Significant exposure to these chemicals may adversely affect people with chronic disease of the respiratory system" and "central nervous system."  And an inhalation may "cause mild nausea/dizziness."

23.   The MSDS of Humiseal® thinner 521 EU that it contains chemicals xylene.  It further provides "[s]ignificant exposure to these chemicals may adversely affect people with chronic disease of the respiratory system [and] central nervous system." Inhalation may cause nausea/dizziness.

24.   The scientific community has generally accepted the effects of

5

FIRST AMENDED COMPLAINT

1    prolonged exposure to these chemicals.  For example, Center of Disease Control's

2    ("CDC") publishes that "[s]ymptoms of toluene poisoning include CNC effects

3    (headache, dizziness, ataxia, drowsiness, euphoria . . . . respiratory depression,

4    nausea . . . electrolyte imbalances)."  United States Department of Labor

5    Occupational Safety and Health Administration notes that symptoms of toluene

6    exposure include "weakness, exhaustion, confusion, euphoria, dizziness, headache .

7    . . anxiety, muscle fatigue, insomnia" and that "long term and repeated workplace

8    exposure to toluene affect the central nervous system."  Environmental Protection

9    Agency ("EPA") also notes that chronic effect of toluene exposure can cause "CNS

10   depression," leading to drowsiness, headache, dizziness, and neurobehavioral

11   effects.

12          25.    Similarly, symptoms from exposure to MDI include "headache, sore

13   throat . . . chest tightness."  A study of 203 school children who were exposed to

14   MDI shows that 70.9% reported headache, and 62.6% reported nausea.  The effects

15   of chronic exposure of MDI include "headache, nausea and muscle aches.  "There

16   are also case reports of neurological effects" of "headaches, forgetfulness, mood

17   alterations, irritability, and difficulty concentrating."  "[T]here was evidence of

18   emotional distress in the form of depression, anxiety, and altered mentation."

19          26.    On information and belief, before a benchtop dispensing system is

20   designed and manufactured by PVA, Space X sends samples of its toxic chemicals

21   to PVA for customization.  So, PVA knew or should have known the exact type of

22   chemicals used by its PVA 350 and the dangerous health consequences from

23   exposure to these chemicals if the exhaust/ventilation is not in operation.

24          27.    Plaintiff RUBEN JUAREZ, a previously healthy man, who rarely went

25   to see doctors, after six months into the job, on June 27, 2012, went to urgent care

26   for palpitations and presyncope (lightheadedness, muscular weakness, blurred

27   vision, and feeling faint).  He also complained about shortness of breath.  All of

28

6

FIRST AMENDED COMPLAINT

61

1  these symptoms are well documented as chronic exposure to these toxic chemicals

2  by the scientific community.

3      28.    From June of 2012 to present, Plaintiff RUBEN JUAREZ has had over

4  9 hospitalizations for symptoms associated with toluene, MDI, and other toxic

5  chemical exposure.  In addition, he has had at least 21 visits to urgent care

6  /emergency room for symptoms associated with the toxic chemical exposure.

7      29.    His current medications include Oxycodne, Norco, Topamax,

8  Depakote, and Ondansetron for migraine, Wellbutrin and Xanax for depression,

9  Flonase and Allegra-D for respiratory issues, Deltasone for chest tightness, and

10  Protonix for stomach problems causing from the drug cocktail.

11      30.    His current conditions include severe headache, nausea, short of

12  breath, dizziness, memory loss, out of balance, respiratory issues, and stomach pain

13  from the medications.  He also has suicidal thoughts once a week: sometimes his

14  migraines are so severe that he hopes that he just does not wake up the next day.

15  He also has sleeping problems.

16      31.    Due to the continuing medical treatment, hospitalization, and urgent

17  care visits, Plaintiff has not worked since May or June of 2014.

18      32.    Plaintiff RUBEN JUAREZ lives with his 12-year-old daughter and his

19  wife Plaintiff ISELA HERNANDEZ.

20      33.    During the entire time, none of the treating physicians suspected that

21  chemical exposures could have been the cause of his symptoms, due to the fact that

22  none knew that Plaintiff RUBEN JUAREZ was working with chemicals.  His

23  medical records list his employment as "computer programmer."

24      34.    Up until May of 2015, Plaintiff RUBEN JUAREZ thought that his

25  injury was caused by lead solder wire and cleaning solution to clean electronic parts

26  operated by other Space X employees near Plaintiff's work station.  The solder wire

27  and the cleaning solution had nothing to do with the PVA 350—they were not even

28

FIRST AMENDED COMPLAINT

Case 2:17-cv-03342-ODW-GJS   Document 40-1   Filed 08/24/18   Page 53 of 185   Page ID
#:397
Case 2:17-cv-03342-ODW-GJS   Document 32   Filed 05/08/18   Page 8 of 11   Page ID #:239

1    housed in the same location as the PVA 350.   It was not until May of 2015, when

2    Plaintiff Juarez saw the MSDS sheets from Space X that he first saw that the solder

3    wire was actually lead-free and the detergent was only alcohol and that he first

4    suspected that the PVA 350 might have caused his injuries.   Therefore, despite

5    diligent investigation of the circumstances of the injury, Plaintiff RUBEN JUAREZ

6    could not have reasonably discovered facts supporting the cause of action against

7    PVA within the application statute of limitations period.

8    **FIRST CAUSE OF ACTION**

9    **NEGLIGENCE**

10    **(Against all Defendants)**

11        35.   Plaintiffs refer to paragraph 1-34 above and incorporate them into this

12    cause of action as though fully set forth herein.

13        36.   Defendants designed, manufactured, supplied, installed, inspected, and

14    repaired the PVA 350.

15        37.   First, Defendants were negligent in designing, manufacturing,

16    supplying, installing, inspecting, and repairing the PVA 350.   In particular,

17    Defendants failed to use the amount of care in designing, manufacturing,

18    inspecting, installing, and repairing the PVA 350 that a reasonably careful designer,

19    manufacturer, supplier, installer, repairer would use in similar circumstances to

20    avoid exposing Plaintiff RUBEN JUAREZ, a programmer of the PVA 350, to a

21    foreseeable risk of harm.   Furthermore, Defendants' design violated Cal-OSHA,

22    which requires that "When spray is automatically applied without an attendant

23    constantly on duty, the operating control of spray apparatus shall be so arranged

24    that spray cannot be applied unless exhaust fans are in operation."  (Title 8 of Cal.

25    Code of Regulations, § 5153.)

26        38.   Second, Defendants knew or reasonably should have known that the

27    PVA 350 was dangerous or was likely to be dangerous when used or misused in a

28

8

FIRST AMENDED COMPLAINT

1   reasonably foreseeable manner.  Defendants failed to adequately warn of the

2   danger.

3       39.    Third, Defendants became aware of this defect after the PVA 350 was

4   sold and Defendants failed to recall/retrofit or warn of the danger of the PVA 350.

5   A reasonable manufacturer/distributor/seller under the same or similar

6   circumstances would have recalled, retrofitted the product.

7       40.    Plaintiffs were harmed.

8       41.    Defendants' negligence was a substantial factor in causing Plaintiffs'

9   harm.

10                    **SECOND CAUSE OF ACTION**

11                    **STRICT PRODUCT LIABILITY**

12                    **(Against all Defendants)**

13      42.    Plaintiffs refer to paragraph 1-41 above and incorporate them into this

14   cause of action as though fully set forth herein.

15      43.    The PVA 350 contains a design defect that it does not stop spraying

16   toxic chemicals or sound any alarm when the ventilation / exhaust is not in

17   operation.  It continues to spray toxic chemicals even when the ventilation / exhaust

18   is not in operation without sounding any alarm about it.  It also requires the

19   operator to put his head into the machine to check the spray.

20      44.    The PVA 350 also did not have warning of the potential safety hazard

21   when the ventilation / exhaust is not in operation.

22      45.    The PVA 350 did not perform as safely as an ordinary consumer

23   would have expected it to perform when used or misused in an intended or

24   reasonably foreseeable way.

25      46.    Plaintiffs were harmed.

26      47.    The PVA's failure to perform safely was a substantial factor in causing

27   Plaintiffs' harm.

28

FIRST AMENDED COMPLAINT

### THIRD CAUSE OF ACTION

### LOSS OF CONSORTIUM

### (Against all Defendants)

48.    Plaintiffs refer to paragraph 1-47 above and incorporate them into this cause of action as though fully set forth herein.

49.    Defendants' wrongful conduct, acts and omissions, were a substantial factor in causing Plaintiff ISELA HERNANDEZ to sustain loss of love, care, companionship, comfort, assistance, protection, society, moral support from Plaintiff RUBEN JUAREZ, in an amount according to proof.

### PRAYER

WHEREFORE, Plaintiffs pray for judgment against Defendants, each of them, as follows:

1.    For general and noneconomic damages according to proof;

2.    For special and economic damages according to proof;

3.    For costs of suit;

4.    For attorneys' fees as allowed by law;

5.    Pre-judgment interest; and

6.    For such further relief as the Court deems just and proper.

Dated:  April 24, 2018                     LAW OFFICES OF TERESA LI, PC


*/s/ Teresa Li*
Teresa Li
Attorneys for Plaintiffs
RUBEN JUAREZ and ISELA
HERNANDEZ

BALABAN & SPIELBERGER, LLP


10

FIRST AMENDED COMPLAINT

Case 2:17-cv-03342-ODW-GJS   Document 40-1   Filed 08/24/18   Page 56 of 185   Page ID
#:400
Case 2:17-cv-03342-ODW-GJS   Document 32   Filed 05/08/18   Page 11 of 11   Page ID #:242

1   DATED:  April 24, 2018                    /s/*Daniel K. Balaban*
2                                             Daniel K. Balaban, Esq.,
                                              Attorneys for Plaintiffs
3                                             RUBEN JUAREZ and ISELA
4                                             HERNANDEZ
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

FIRST AMENDED COMPLAINT

66

# EXHIBIT 5

Shahrad Milanfar (SBN 201126)
smilanfar@bkscal.com
Alex P. Catalona (SBN 200901)
acatalona@bkscal.com
BECHERER KANNETT & SCHWEITZER
1255 Powell Street
Emeryville, CA 94608
Telephone: (510) 658-3600
Facsimile: (510) 658-1151

Attorneys for Defendant
PRECISION VALVE & AUTOMATION, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN JUAREZ, an individual and ISELA HERNANDEZ, an individual,<br><br>Plaintiffs,<br><br>PRECISION VALVE & AUTOMATION, INC., a corporation and DOES 1-20,<br><br>Defendants. | Case No. CV17-03342-ODW (GJSX)<br><br>**FIRST AMENDED ANSWER TO COMPLAINT BY DEFENDANT PRECISION VALVE & AUTOMATION, INC.** |

## AMENDED ANSWER

Defendant PRECISION VALVE & AUTOMATION, INC. provides the following amended answer to the Complaint of Plaintiffs RUBEN JUAREZ and ISELA HERNANDEZ, ("plaintiffs"), as follows:

### PARTIES AND JURISDICTION

1.     Answering paragraph 1, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of that paragraph, and on that basis denies them.

Becherer
Kannett &
Schweitzer

1255
Powell St.
Emeryville, CA
94608
510-658-3600

1

CV-17-03342-ODW (GJSX)
FIRST AMENDED ANSWER TO COMPLAINT BY DEFENDANT PRECISION VALVE & AUTOMATION, INC.

68

2.     Answering paragraph 2, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of that paragraph, and on that basis denies them.

3.     Answering paragraph 3, Defendant admits the allegations.

4.     Answering paragraph 4, Defendant denies the allegations as phrased. Defendant admits that it designed, manufactured and sold a PVA 350 that sprays substances.

5.     Answering paragraph 5, Defendant admits that it sold a PVA 350 to SpaceX, located in Hawthorne, California, before 2012.   Otherwise, Defendant denies the allegations.

6.     Answering paragraph 6, Defendant denies the allegations.

7.     Answering paragraph 7, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of that paragraph, and on that basis denies them.

8.     Answering paragraph 8, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of that paragraph, and on that basis denies them.

9.     Answering paragraph 9, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of that paragraph, and on that basis denies them.

10.     Answering paragraph 10, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of that paragraph, and on that basis denies them.

## GENERAL ALLEGATIONS

11.     Answering paragraph 11, Defendant admits that the PVA 350 is a benchtop coating/dispensing system that sprays coatings and has an automated dispensing application.   Defendant denies the remainder of this allegation as phrased.

Becherer
Kannett &
Schweitzer

1255
Powell St.
Emeryville, CA
94608
510-658-3600

2

CV-17-03342-ODW (GJSX)

FIRST AMENDED ANSWER TO COMPLAINT BY DEFENDANT PRECISION VALVE & AUTOMATION, INC.

69

1   12. Answering paragraph 12, Defendant denies the allegations.

2   13. Answering paragraph 13, Defendant denies the allegations.

3   14. Answering paragraph 14, Defendant lacks sufficient knowledge or

4 information to form a belief as to the truth of the allegations of that paragraph, and

5 on that basis denies them.

6   15. Answering paragraph 15, Defendant lacks sufficient knowledge or

7 information to form a belief as to the truth of the allegations of that paragraph, and

8 on that basis denies them.

9   16. Answering paragraph 16, Defendant denies the allegations.

10   17. Answering paragraph 17, Defendant lacks sufficient knowledge or

11 information to form a belief as to the truth of the allegations of that paragraph, and

12 on that basis denies them.

13   18. Answering paragraph 18, Defendant denies the allegations.

14   19. Answering paragraph 19, Defendant denies the allegations.

15   20. Answering paragraph 20, Defendant denies the allegations.

16   21. Answering paragraph 21, Defendant denies the allegations.

17   22. Answering paragraph 22, Defendant denies the allegations.

18   23. Answering paragraph 23, Defendant denies the allegations.

19   24. Answering paragraph 24, Defendant denies the allegations.

20   25. Answering paragraph 25, Defendant denies the allegations.

21   26. Answering paragraph 26, Defendant denies the allegations.

22   27. Answering paragraph 27, Defendant denies the allegations.

23   28. Answering paragraph 28, Defendant denies the allegations.

24   29. Answering paragraph 29, Defendant denies the allegations.

25   30. Answering paragraph 30, Defendant denies the allegations.

26   31. Answering paragraph 31, Defendant lacks sufficient knowledge or

27 information to form a belief as to the truth of the allegations of that paragraph, and

28 on that basis denies them.

**Becherer Kannett & Schweitzer**

1255
Powell St.
Emeryville, CA
94608
510-658-3600

CV-17-03342-ODW (GJSX)

FIRST AMENDED ANSWER TO COMPLAINT BY DEFENDANT PRECISION VALVE & AUTOMATION, INC.

70

1       32.    Answering paragraph 32, Defendant lacks sufficient knowledge or
2  information to form a belief as to the truth of the allegations of that paragraph, and
3  on that basis denies them.

4       33.    Answering paragraph 33, Defendant lacks sufficient knowledge or
5  information to form a belief as to the truth of the allegations of that paragraph, and
6  on that basis denies them.

7       34.    Answering paragraph 34, Defendant lacks sufficient knowledge or
8  information to form a belief as to the truth of the allegations of that paragraph, and
9  on that basis denies them.

## FIRST CAUSE OF ACTION

### NEGLIGENCE

### (Against all Defendants)

13       35.    Answering paragraph 35, Defendant admits that plaintiffs refer to and
14  incorporates paragraphs 1-34 into this cause of action.  Regarding those paragraphs,
15  Defendant refers to and incorporates paragraphs 1-34, above, in this Answer.

16       36.    Answering paragraph 36, Defendant admits that the allegations except
17  for the allegations that it repaired and installed the PVA 350.

18       37.    Answering paragraph 37, Defendant denies the allegations.

19       38.    Answering paragraph 38, Defendant denies the allegations.

20       39.    Answering paragraph 39, Defendant denies the allegations.

21       40.    Answering paragraph 40, Defendant denies the allegations.

22       41.    Answering paragraph 41, Defendant denies the allegations.

## SECOND CAUSE OF ACTION

### STRICT PRODUCT LIABILITY

### (Against all Defendants)

26       42.    Answering paragraph 42, Defendant admits that plaintiffs refer to and
27  incorporate paragraphs 1-41 into this cause of action.  Regarding those paragraphs,
28  Defendant refers to and incorporates paragraphs 1-41, above, in this Answer.

Becherer
Kannett &
Schweitzer

1255
Powell St.
Emeryville, CA
94608
510-658-3600

CV-17-03342-ODW (GJSX)

FIRST AMENDED ANSWER TO COMPLAINT BY DEFENDANT PRECISION VALVE & AUTOMATION, INC.

1    43.    Answering paragraph 43, Defendant denies the allegations.

2    44.    Answering paragraph 44, Defendant denies the allegations.

3    45.    Answering paragraph 45, Defendant denies the allegations.

4    46.    Answering paragraph 46, Defendant denies the allegations.

5    47.    Answering paragraph 47, Defendant denies the allegations.

### THIRD CAUSE OF ACTION

### LOSS OF CONSORTIUM

### (Against all Defendants)

48.    Answering paragraph 48, Defendant admits that plaintiffs refer to and incorporates paragraphs 1-47 into this cause of action.  Regarding those paragraphs, Defendant refers to and incorporates paragraphs 1-47, above, in this Answer.

49.    Answering paragraph 49, Defendant denies the allegations.

50.    Defendant denies that plaintiffs are entitled to any of the relief requested in their prayer for relief.

### FIRST AFFIRMATIVE DEFENSE

51.    Defendant alleges that the Complaint does not state facts sufficient to constitute a cause of action.

### SECOND AFFIRMATIVE DEFENSE

52.    Defendant alleges plaintiff Ruben Juarez was negligent and that his negligence, in whole or in part, caused and contributed to the injury and damage alleged in the Complaint.

### THIRD AFFIRMATIVE DEFENSE

53.    Defendant alleges plaintiff Ruben Juarez's employer was negligent or acted in some other tortious manner, and that this conduct, in whole or in part, caused and contributed to the injury and damage alleged in the Complaint.

### FOURTH AFFIRMATIVE DEFENSE

54.    Defendant alleges that other parties and other persons not parties to the action acted negligently or in some other tortious manner, and that their negligence

Becherer
Kannett &
Schweitzer

1255
Powell St.
Emeryville, CA
94608
510-658-3600

5

CV-17-03342-ODW (GJSX)

FIRST AMENDED ANSWER TO COMPLAINT BY DEFENDANT PRECISION VALVE & AUTOMATION, INC.

72

1    or other tortious conduct caused the injury and damage alleged in the Complaint.

2    Defendants request that in the event of a finding of any liability in favor of

3    Plaintiffs or settlement or judgment against this defendant, an apportionment of

4    fault be made as permitted by *Li v. Yellow Cab Company* and *American Motorcycle*

5    *Association v. Superior Court* by the court or jury.  Defendant further requests a

6    judgment and declaration of partial indemnification and contribution against all

7    other parties or persons in accordance with the apportionment of fault.

8    ### FIFTH AFFIRMATIVE DEFENSE

9    55.    Defendant alleges that it cannot be held responsible for the acts of

10    others or events beyond Defendant's control, which acts or events contributed in

11    whole or in part to the damages, claims, and causes of action alleged in the

12    Complaint.

13    ### SIXTH AFFIRMATIVE DEFENSE

14    56.    Defendant alleges plaintiffs voluntarily and knowingly assumed the

15    risk of damage alleged in the Complaint.  Plaintiffs' claims are therefore barred in

16    whole or in part by the doctrine of Assumption of Risk.

17    ### SEVENTH AFFIRMATIVE DEFENSE

18    57.    Defendant alleges that Plaintiff Ruben Juarez agreed to, and

19    participated in, those actions which plaintiffs claim to have caused injury or

20    damage.    Since such participation and consent were given knowingly and

21    voluntarily, plaintiffs' claims are invalid.

22    ### EIGHTH AFFIRMATIVE DEFENSE

23    58.    Defendant alleges that it exercised due care and diligence in all matters

24    alleged in the complaint, and that no act or omission by Defendant was the

25    proximate cause of any damage, injury or loss to plaintiffs.

26    ### NINTH AFFIRMATIVE DEFENSE

27    59.    Defendant alleges plaintiffs failed to exercise reasonable care and

28    diligence to mitigate their alleged damages.

Becherer
Kannett &
Schweitzer

1255
Powell St.
Emeryville, CA
94608
510-658-3600

CV-17-03342-ODW (GJSX)

FIRST AMENDED ANSWER TO COMPLAINT BY DEFENDANT PRECISION VALVE & AUTOMATION, INC.

73

## TENTH AFFIRMATIVE DEFENSE

60.    Defendant alleges that plaintiff Ruben Juarez was a sophisticated user of Defendant's product due to his particular position, training, experience, education, knowledge, and/or skill, and knew or should have known of any risk, harm and/or danger of the product(s) and material(s) alleged against Defendant.

## ELEVENTH AFFIRMATIVE DEFENSE

61.    Defendant alleges that plaintiff Ruben Juarez's employer was a sophisticated user of Defendant's product due to its particular position, training, experience, knowledge, education and/or skill, and knew or should have known of any risk, harm and/or danger of the product(s) and material(s) alleged against Defendant.

## TWELFTH AFFIRMATIVE DEFENSE

62.    Defendant alleges that plaintiffs' claims are barred by the workers' compensation exclusivity rule.

## THIRTEENTH AFFIRMATIVE DEFENSE

63.    Defendant alleges that plaintiffs' claims are barred by all applicable statutes of limitations including but not limited to California Code of Civil Procedure sections 335, 335.1, 337, 338, 340, 340.8, 340.8(a) and 343.

## FOURTEENTH AFFIRMATIVE DEFENSE

64.    Defendant alleges that plaintiffs' claims are barred in whole or in part by the doctrine of laches.

## FIFTEENTH AFFIRMATIVE DEFENSE

65.    Defendant alleges that plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands.

## SIXTEENTH AFFIRMATIVE DEFENSE

66.    Defendant alleges plaintiffs waived and are estopped and barred from alleging the matters set forth in their complaint based upon settlements, releases and/or agreements.

Becherer
Kannett &
Schweitzer

1255
Powell St.
Emeryville, CA
94608
510-658-3600

7

CV-17-03342-ODW (GJSX)
FIRST AMENDED ANSWER TO COMPLAINT BY DEFENDANT PRECISION VALVE & AUTOMATION, INC.

74

### SEVENTEENTH AFFIRMATIVE DEFENSE

67.     Defendant alleges that plaintiffs' claims are barred in whole or in part by the doctrine of waiver.

### EIGHTEENTH AFFIRMATIVE DEFENSE

68.     Defendant alleges that plaintiffs' claims are barred in whole or in part by the doctrine of estoppel.

### NINETEENTH AFFIRMATIVE DEFENSE

69.     Defendant alleges that plaintiff Ruben Juarez's employer violated the Occupational Health and Safety Act of 1970, and subsequent statutory and regulatory law including but not limited to 29 CFR 1910.1200, et seq., (OSHA Hazard Communication Standard), 29 CFR 1910.132, et seq., (OSHA personal safety equipment rules), and 29 CFR 1904, et seq., (OSHA injury and illness recordkeeping and reporting requirements.)

### TWENTIETH AFFIRMATIVE DEFENSE

70.     Defendant alleges that current law prohibits plaintiffs' claims against this defendant.

71.     Defendant reserves its right to assert additional defenses in the event its investigation and discovery indicate additional defenses would be appropriate.

WHEREFORE, Defendant prays for judgment as follows:

1.     That Plaintiffs take nothing by reason of the Complaint;

2.     For costs of suit;

3.     For reasonable attorneys' fees; and

4.     For such other relief as the court deems just and proper.

Dated: May 30, 2018                    BECHERER KANNETT & SCHWEITZER

By:
      _/s/ Alex P. Catalona_
      Alex P. Catalona
      Attorney for Defendant
      PRECISION VALVE & AUTOMATION, INC.

Becherer
Kannett &
Schweitzer

1255
Powell St.
Emeryville, CA
94608
510-658-3600

8

CV-17-03342-ODW (GJSX)
FIRST AMENDED ANSWER TO COMPLAINT BY DEFENDANT PRECISION VALVE & AUTOMATION, INC.

75

1   Shahrad Milanfar (SBN 201126)
    smilanfar@bkscal.com
2   Alex P. Catalona (SBN 200901)
    acatalona@bkscal.com
3   BECHERER KANNETT & SCHWEITZER
    1255 Powell Street
4   Emeryville, CA 94608
    Telephone: (510) 658-3600
5   Facsimile: (510) 658-1151

6   Attorneys for Defendant
    PRECISION VALVE & AUTOMATION, INC.
7

8                    UNITED STATES DISTRICT COURT

9                  CENTRAL DISTRICT OF CALIFORNIA

10  RUBEN JUAREZ an individual and ISELA      )   CASE NO. 2:17-cv-03342 ODW (GJS)
    HERNANDEZ, an individual,                 )
11                                            )   [Los Angeles County Superior Court
                    Plaintiffs,               )   Case No. BC650229]
12                                            )
    v.                                        )
13                                            )   **CERTIFICATE OF SERVICE**
    PRECISION VALVE & AUTOMATION,             )
14  INC., a corporation and DOES 1-20,        )
                                              )
15                  Defendants.               )
                                              )
16  _____

17      I, Jerry M. Dumlao, declare that I am employed in the County of Alameda, State of
18  California; I am over the age of eighteen (18) years and not a party to the within entitled action;
    my business address is 1255 Powell Street, Emeryville, California 94608.

19      On **June 4, 2018**, I caused to be served the foregoing:

20  **FIRST AMENDED ANSWER TO COMPLAINT BY DEFENDANT**
21  **PRECISION VALVE & AUTOMATION, INC.**

22      In said action by placing a true copy thereof enclosed in a sealed envelope and served in
23  the manner and/or manners described below to each of the parties herein and addressed as
    follows:

24  *Attorneys for Plaintiff*                    Teresa Li, Esq.
25                                               LAW OFFICES OF TERESA LI, PC
                                                 6701 Koll Center Parkway, Suite 250
26                                               Pleasanton, CA  94566
                                                 Telephone: (415) 423-3377
27                                               Facsimile: (888) 646-5493
28                                               Email: teresa@lawofficesofteresali.com

-1-
CERTIFICATE OF SERVICE

Becherer
Kannett &
Schweitzer

1255
Powell St.
Emeryville, CA
94608
510-658-3600

76

*Attorneys for Plaintiff*

Daniel K. Balaban, Esq.
Balaban & Spielberger, LLP
11999 San Vicente Blvd., Suite 345
Los Angeles, CA 90049
Telephone:  (424) 832-7677
Facsimile:  (424) 832-7702
Email:  Daniel@dbaslaw.com

☒ (By Mail) I deposited such envelope with postage thereon fully prepaid to be placed in the United States Mail at Emeryville, California.  I am familiar with the mail collection practices of Becherer Kannett & Schweitzer Attorneys and pursuant to those practices the envelope would be deposited with the United States Postal Service the same day.

☐ (By Personal Delivery)  I caused such envelope to be delivered by hand to the office of the addressee(s).

☐ (Via Facsimile)  I caused said document(s) to be transmitted to the facsimile number(s) of the addressee(s) designated.

☐ **(Electronic Filing)** I am familiar with the United States District Court, Eastern District of California's practice for collecting and processing electronic filings. Under that practice, documents are electronically filed with the court. The CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case.  The NEF will constitute service of the document.

Executed on June 4, 2018.

Jerry M. Dumlao

Becherer
Kannett &
Schweitzer

1255
Powell St.
Emeryville, CA
94608
510-658-3600

-2-

DEFENDANT PRECISION VALVE & AUTOMATION, INC.'S
NOTICE OF REMOVAL (28 U.S.C. § 1441(a))

77

# EXHIBIT 6

Teresa Li (Bar No. 278779)
teresa@lawofficesofteresali.com
LAW OFFICES OF TERESA LI, PC
315 Montgomery Street, 9th Floor
San Francisco, California 94104
Telephone:    415.423.3377
Facsimile:    888.646.5493

Attorneys for Plaintiffs
RUBEN JUAREZ and ISELA HERNANDEZ

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

RUBEN JUAREZ, an individual and
ISELA HERNANDEZ, an individual

               Plaintiffs,

     v.

PRECISION VALVE & AUTOMATION,
Inc., a corporation and DOES 1-20

               Defendants.

Case No. 2:17-cv-03342-ODW-GJS

**PLAINTIFFS' INITIAL DISCLOSURES**

    Come now Plaintiffs RUBEN JUAREZ, and ISELA HERNANDEZ, pursuant to Federal Rule of Civil Procedure §26(a)(1) make the following initial disclosures:

    1.    **Witnesses**

        a.    Ruben Juarez who may testify as to the liability and damages of the case;

        b.    Isela Hernandez who may testify as to the liability and the damages of the case;

        c.    John Pena of Space X who was Plaintiff's manager may testify as to the liability and the damages of the case;

        d.    Heather Lord of Space X who was Plaintiff's HR dedicated to Plaintiff's case may testify as to the liability and the damages of the case;

        e.    Mike Lynch of Space X's HR director who may testify as to the liability

79

1     and the damages of the case;

2           f.      Jane Malubag of Space X who may testify as to the liability of the case;

3           g.      Diane Prins of Space X who may testify as to the liability of the case;

4           h.      Gregory Maxell of Space X who may testify as to the liability of the case;

5           i.      Steven Schenkel MD of 116 N. Robertson Blvd. #806, Los Angeles, CA

6     90048 who may testify as to the liability and the damage of the case;

7           j.      Joseph Chambers, M.D. of Facey who may testify as to the liability and the

8     damages of the case;

9           k.      Shendee Teng, MD of Providence Holy Cross Medical Center who may

10    testify as to the liability and the damages of the case;

11          l.      Fung-Chuan Ara G. Tilkian MD of Providence Holy Cross Medical Center

12    who may testify as to the liability and the damages of the case;

13          m.      Daniel Belayneh MD who may testify as to the liability and the damages of

14    the case

15          n.      Albert Ko MD of Facey who may testify as to the liability and the damages

16    of the case;

17          o.      Kim Grace MD of Facey who may testify as to the liability and the

18    damages of the case;

19          p.      Kevin Vuong, MD of Facey who may testify as to the liability and the

20    damages of the case

21          q.      Herrera-Espinoza Haydee MD of Facey who may testify as to the liability

22    and the damages of the case;

23          r.      Tam Te MD of Facey who may testify as to the liability and the damages

24    of the case;

25          s.      Palmer MD of Dignity Health Northridge Hospital who may testify as to

26    the liability and the damages of the case;

27          t.      DeLa Lama MD of Dignity Health Northridge Hospital who may testify as

28

2

80

1   to the liability and the damages of the case;

2        u.   Marcel Maya MD of Cedars Sinai who may testify as to the liability and

3   the damages of the case

4        v.   Asma M. Moheet MD of Cedars Sinai who may testify as to the liability

5   and the damages of the case;

6        w.   Michael J. Alexander MD of Cedars Sinai who may testify as to the

7   liability and the damages of the case

8        x.   Ashish D. Patel MD of Cedars Sinai who may testify as to the liability and

9   the damages of the case;

10        y.   Penelope G. Kornbluth RN of Cedars Sinai who may testify as to the

11   liability and the damages of the case;

12        z.   Omotola E. Johnson MD of Cedars Sinai who may testify as to the liability

13   and the damages of the case;

14        aa.   Michael Alyesh MD of Cedars Sinai who may testify as to the liability and

15   the damages of the case;

16        bb.   Karen Altman MD of Cedars Sinai who may testify as to the liability and

17   the damages of the case;

18        cc.   Rachel C Pearl MD of Cedars Sinai who may testify as to the liability and

19   the damages of the case;

20        dd.   Shlee S. Song of Cedars Sinai who may testify as to the liability and the

21   damages of the case;

22        ee.   Marcel Maya MD of Cedars Sinai who may testify as to the liability and

23   the damages of the case;

24        ff.   Barry D. Pressman MD of Cedars Sinai who may testify as to the liability

25   and the damages of the case;

26        gg.   Shervin Eshaghian, MD of Cedars Sinai who may testify as to the liability

27   and the damages of the case;

28

3

81

1    hh.    Ronald Lang, MD of Cedars Sinai who may testify as to the liability and

2  the damages of the case;

3    ii.    Jay Jurkowitz MD of Cedars Sinai who may testify as to the liability and

4  the damages of the case;

5    jj.    Robert D. Sacks MD of Cedars Sinai who may testify as to the liability and

6  the damages of the case

7    kk.    Mgnnam MD of Digital Health Northridge Hospital who may testify as to

8  the liability and the damages of the case

9    ll.    Susan Kranzpiller MD of Facey who may testify as to the liability and the

10  damages of the case

11    mm.    Chris Aghayan MD of Facey who may testify as to the liability and the

12  damages of the case;

13    nn.    Donald Downs MD of Facey who may testify as to the liability and the

14  damages of the case;

15    oo.    Ravi Prasad of Cedars Sinai who may testify as to the liability and the

16  damages of the case;

17    pp.    Mody Cyrus K. MD of Cedars Sinai who may testify as to the liability and

18  the damages of the case;

19    qq.    Robert O Ruder MD of Cedars Sinai who may testify as to the liability and

20  the damages of the case;

21    rr.    Steven Rudd MD of Cedars Sinai who may testify as to the liability and the

22  damages of the case;

23    ss.    Mario Salazar Escudero RN of Cedars Sinai who may testify as to the

24  liability and the damages of the case;

25    tt.    Elizabeth Homan RN of Cedars Sinai who may testify as to the liability

26  and the damages of the case;

27    uu.    Dayle Robson MD of Cedars Sinai who may testify as to the liability and

28

4

82

1   the damages of the case;

2        vv.   Bernard Tansman of Cedars Sinai who may testify as to the liability and

3   the damages of the case;

4        ww.   James Tourje MD of Cedars Sinai who may testify as to the liability and

5   the damages of the case;

6        xx.   Sari M. Cuervo RN of Cedars Sinai who may testify as to the liability and

7   the damages of the case;

8        yy.   Gregory Castillo MD of Facey who may testify as to the liability and the

9   damages of the case;

10       zz.   David Shaw MD of Facey who may testify as to the liability and the

11   damages of the case;

12       aaa.   Anthony J. Loffredo MD of Cedars Sinai who may testify as to the liability

13   and the damages of the case;

14       bbb.   Lindsey Christie RN of Cedars Sinai who may testify as to the liability and

15   the damages of the case;

16       ccc.   Menahem Maya MD of Cedars Sinai who may testify as to the liability and

17   the damages of the case;

18       ddd.   Lana L Milton MD of Cedars Sinai who may testify as to the liability and

19   the damages of the case;

20       eee.   Ronald Andiman MD of Cedars Sinai who may testify as to the liability

21   and the damages of the case;

22       fff.   Atul Sharma of Facey who may testify as to the liability and the damages

23   of the case;

24       ggg.   Lloyd Wagnes of Facey who may testify as to the liability and the damages

25   of the case;

26       hhh.   Zack Rassmussen of Cedars Sinai who may testify as to the liability and

27   the damages of the case;

28

5

83

1        iii.    Vahe Mooradian MD of Facey who may testify as to the liability and the

2  damages of the case;

3        jjj.    Connie Yi Kim RN of Cedars Sinai who may testify as to the liability and

4  the damages of the case;

5        kkk.    Alan J Coe MD of Cedars Sinai who may testify as to the liability and the

6  damages of the case;

7        lll.    Madhavi Lekkala MD of Facey who may testify as to the liability and the

8  damages of the case;

9        mmm. Douglas Prisco MD of Facey who may testify as to the liability and the

10  damages of the case;

11        nnn.    Rabin Nikjoo MD of PHCMC who may testify as to the liability and the

12  damages of the case;

13        ooo.    Carrole Lewis RN of PHCMC who may testify as to the liability and the

14  damages of the case;

15        ppp.    Gregory Paranay MD of PHCMC who may testify as to the liability and

16  the damages of the case;

17        qqq.    Rinka Shiraishi RN of Cedars Sinai who may testify as to the liability and

18  the damages of the case;

19        rrr.    Dayle D Robson of Cedars Sinai who may testify as to the liability and the

20  damages of the case;

21        sss.    Jaime A Diaz MD of PHCMC who may testify as to the liability and the

22  damages of the case;

23        ttt.    Michael Pecoraro RN of PHCMC who may testify as to the liability and

24  the damages of the case

25        uuu.    Nichole K Crouch RN of PHCMC who may testify as to the liability and

26  the damages of the case

27        vvv.    Christopher Hougen MD of Facey who may testify as to the liability and

28

6

84

1    the damages of the case;

2        www.  Martin Applebaum of Facey who may testify as to the liability and the

3    damages of the case

4        xxx.  Magued Beshay MD of Facey who may testify as to the liability and the

5    damages of the case;

6        yyy.  Dharmesh Patel of Facey who may testify as to the liability and the

7    damages of the case

8        zzz.  David Shaw MD of Facey who may testify as to the liability and the

9    damages of the case

10        aaaa.  Youssef Youssef MD of Facey who may testify as to the liability and the

11    damages of the case

12        bbbb.  Kevin Vuong MD of Facey who may testify as to the liability and the

13    damages of the case;

14        cccc.  Meredith R D'Anna RN of PHCMC who may testify as to the liability and

15    the damages of the case

16        dddd.  Jamie A Diaz MD of PHCMC who may testify as to the liability and the

17    damages of the case

18        eeee.  Barry Wilen MD of PHCMC who may testify as to the liability and the

19    damages of the case

20        ffff.  Jong Lee MD of Facey who may testify as to the liability and the damages

21    of the case

22        gggg.  Daniel Brison MD of Facey who may testify as to the liability and the

23    damages of the case

24        hhhh.  Colin W Stokol MD of Cedars Sinai who may testify as to the liability and

25    the damages of the case;

26        iiii.  Defendant's persons most knowledgeable regarding the design and

27    operation of PVA 350;

28

7

85

1     jjjj.    Defendant's persons most knowledgeable regarding the chemicals that

2   were going to be sprayed by the PVA 350 at issue;

3   **2.  Documents:**

4          a.    Plaintiff Ruben Juarez's medical records and billing records

5          b.    PVA 350 and PVA 650 specifications;

6          c.    MSDS sheets;

7          d.    Photos of Plaintiffs;

8          e.    Plane tickets and trip protection of Plaintiff Isela Hernandez and their

9   daughter;

10         f.    Emails of Plaintiff Ruben Juarez

11         g.    W2 of Plaintiff Ruben Juarez 2012-2014

12  **3.    Damages computation and supporting documents:** Plaintiff Ruben Juarez

13  claims past and future medical costs, past and future wage loss, and pain and suffering.  Plaintiff

14  Isela Hernandez claims loss of consortium.  The supporting documents will be produced.

15         Plaintiffs retain the right to supplement the disclosure with information learned through

16  discovery.

17

18

19  Dated: August 16, 2017                LAW OFFICES OF TERESA LI, PC

20

21

22                                        Teresa Li
                                          Attorneys for Plaintiffs
23                                        RUBEN JUAREZ and ISELA HERNANDEZ

24

25

26

27

28

8

86

**PROOF OF SERVICE**

State of California, County of San Francisco

    I am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the within action; my business address is 315 Montgomery Street, 9th Floor, San Francisco, CA 94104.

    On the date listed below, I served the following documents: in the manner and/or manners described below to each of the parties herein and addressed as stated below:

- **Plaintiff's Initial Disclosure**

Shahrad Milanfar
smilanfar@bkscal.com
Alex P. Catalona
acatalona@bkscal.com
BECHERER KANNETT & SCHWEITZER
1255 Powell Street
Emeryville, CA 94608

_____ United States Postal Service, U.S. Mal, with First Class postage prepaid and deposited in a sealed envelope at San Francisco, CA. I am readily familiar with the business practice at my place of business for collection and processing of correspondence for mailing with the United States Postal Service. Correspondence so collected and processed is deposited with the United States Postal Service that same day in the ordinary course of business.

_____ Facsimile Transmission

_____ Hand delivery by Courier: same day delivery

__X__ Other: E-Mail. pdf attachment

    I certify and declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on <u>August 16, 2017</u>, at San Francisco, California.

| | |
|---|---|
| _____ | _____ |
| Teresa Li | |
| Type or Print Name | Signature |

# EXHIBIT 7

1   Shahrad Milanfar (SBN 201126)
    smilanfar@bkscal.com
2   Alex P. Catalona (SBN 200901)
    acatalona@bkscal.com
3   BECHERER KANNETT & SCHWEITZER
    1255 Powell Street
4   Emeryville, CA 94608
5   Telephone: (510) 658-3600
    Facsimile: (510) 658-1151
6
7   Attorneys for Defendant
    PRECISION VALVE & AUTOMATION, INC.
8

9           IN THE UNITED STATES DISTRICT COURT

10          FOR THE CENTRAL DISTRICT OF CALIFORNIA

11

12   RUBEN JUAREZ an individual and ISELA       CASE NO. 2:17-cv-003342
13   HERNANDEZ, an individual,

14                    Plaintiffs,              **PRECISION VALVE &
                                               AUTOMATION, INC.'S INITIAL
15   v.                                        DISCLOSURES PURSUANT TO
                                               FEDERAL RULE OF CIVIL
16   PRECISION VALVE & AUTOMATION,             PROCEDURE 26(A)(1)**
     INC., a corporation and DOES 1-20,
17
                     Defendants
18   _____/

19       Defendant Precision Valve & Automation, Inc. ("PVA") provides the

20   following Initial Disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1):

21

22   **FRCP 26(a)(1)(A)(i) - The name and, if known, the address and telephone

23   number of each individual likely to have discoverable information – along with

24   the subjects of that information – that the disclosing party may use to support

25   its claims or defenses, unless the use would be solely for impeachment.**

26

27

28

Becherer
Kannett &
Schweitzer

1255
Powell St.
Emeryville, CA
94608
510-658-3600

                                    1

89

Pursuant to FRCP 26(a)(1)(A)(i), PVA identifies the following witnesses who may have information related to PVA's products, plaintiff Ruben Juarez's claims and/or SpaceX (1) <u>Plaintiffs' witnesses</u>: plaintiff Ruben Juarez, and (2) <u>PVA witnesses</u>: Frank Hart, Sales Manager; Jeff Van Norden, Engineering Manager; Jon Connelly, Rework Sales Manager; Alex Duggan, Project Engineer; Mark Kniese, Controls Engineer; Andrew Haraburda, Customer Service Tech; and Michael Leonard, Customer Service Tech.  PVA has not identified all relevant witnesses regarding this action including any witnesses plaintiffs may identify in their Rule 26 Disclosures and reserves its right to supplement this disclosure in accordance with Fed. R. Civ. P. Rule 26(e).

**FRCP 26(a)(1)(A)(ii) - A copy – or a description by category and location – of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.**

Pursuant to FRCP 26(a)(1)(A)(ii), PVA will provide under separate letter to plaintiffs' attorney electronic versions of non-privileged documents that it may use to support its claims and/or defenses in this action.  These documents consist of product-related documents, sales-related documents, engineering and design documents, emails, and other written and electronic communications.  PVA also

Becherer
Kannett &
Schweitzer

1255
Powell St.

Emeryville, CA
94608
510-658-3600

2

90

lists the following documents which have been requested from plaintiffs and third parties but have not yet been received:

1. Any and all medical, employment and work history records relating to Ruben Juarez;

2. Any and all records related to the two workers' compensation actions by Ruben Juarez related to his work at SpaceX (including but not limited to any forms, hearings, decisions, pleadings, claims, deposition transcripts, testimony, communications, reports, expert reports and medical records); and

3. Any relevant business records, communications and/or product records of SpaceX.

Discovery regarding these matters is continuing and PVA reserves its right to supplement this disclosure in accordance with Fed. R. Civ. P. Rule 26(e). PVA has not disclosed and will not disclose any information or documents protected by the attorney client privilege or work product rule, and does not believe that any such information or documents may be used to support its claims or defenses in this action.

**FRCP 26(a)(1)(A)(iii) - A computation of each category of damages claimed by the disclosing party – who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless**

Becherer
Kannett &
Schweitzer

1255
Powell St.

Emeryville, CA
94608
510-658-3600

3

91

1 **privileged or protected from disclosure, on which each computation is based,**

2

3 **including materials bearing on the nature and extent of injuries suffered.**

4 PVA is not alleging damages at this time. This response, however, does not

5 waive PVA's right to assert all appropriate litigation costs including attorneys' fees

6

7 and expert witness costs after the merits of plaintiffs' lawsuit are decided.

8 **FRCP 26(a)(1)(A)(iv) - For inspection and copying as under Rule 34, any**

9 **insurance agreement under which an insurance business may be liable to**

10 **satisfy part or all of a possible judgment in the action or to indemnify or**

11

12 **reimburse for payments made to satisfy the judgment.**

13 FRCP 26(a)(1)(A)(iv), PVA will provide under separate letter to plaintiffs'

14 attorney electronic versions of its insurance policies which may provide coverage

15

16 regarding plaintiffs' action.

17

18 DATED: August 16, 2017         BECHERER KANNETT & SCHWEITZER

19

20

21                                         By:  _____

22                                              Alex P. Catalona,
                                                 Attorneys for Defendant
23                                              PRECISION VALVE & AUTOMATION, INC.

Becherer
Kannett &    24
Schweitzer
            25
1255
Powell St.   26
Emeryville, CA
94608        27
510-658-3600

28

4

PRECISION VALVE & AUTOMATION, INC.'S RULE 26(A)(1) INITIAL DISCLOSURES

92

1   Shahrad Milanfar (SBN 201126)
    smilanfar@bkscal.com
2   Alex P. Catalona (SBN 200901)
    acatalona@bkscal.com
3   BECHERER KANNETT & SCHWEITZER
    1255 Powell Street
4   Emeryville, CA 94608
    Telephone: (510) 658-3600
5   Facsimile: (510) 658-1151

6   Attorneys for Defendant
    PRECISION VALVE & AUTOMATION, INC.
7

8                        UNITED STATES DISTRICT COURT

9                     CENTRAL DISTRICT OF CALIFORNIA

10  RUBEN JUAREZ an individual and ISELA          ) CASE NO. 2:17-cv-03342 ODW (GJSx)
    HERNANDEZ, an individual,                     )
11                                                )  [Los Angeles County Superior Court
                    Plaintiffs,                    )  Case No. BC650229]
12                                                )
    v.                                             )
13                                                )  **CERTIFICATE OF SERVICE**
    PRECISION VALVE & AUTOMATION,                 )
14  INC., a corporation and DOES 1-20,            )
                                                   )
15                  Defendants.                    )
                                                   )
16  _____       )

17      I, Jerry M. Dumlao, declare that I am employed in the County of Alameda, State of
    California; I am over the age of eighteen (18) years and not a party to the within entitled action;
18  my business address is 1255 Powell Street, Emeryville, California 94608.

19      On **August 16, 2017,** I caused to be served the foregoing:

20      **PRECISION VALVE & AUTOMATION, INC.'S INITIAL DISCLOSURES**
21      **PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(A)(1)**

22      In said action by placing a true copy thereof enclosed in a sealed envelope and served in
    the manner and/or manners described below to each of the parties herein and addressed as
23  follows:

24  *Attorneys for Plaintiff*                     Teresa Li, Esq.
25                                                 LAW OFFICES OF TERESA LI, PC
                                                   315 Montgomery Street, 9th Floor
26                                                 San Francisco, California 94104
                                                   Telephone: (415) 423-3377
27                                                 Facsimile: (888) 646-5493
28                                                 Email: teresa@lawofficesofteresali.com

                                             -1-
                            CERTIFICATE OF SERVICE

Becherer
Kannett &
Schweitzer
_____
1255
Powell St.
Emeryville, CA
94608
510-658-3600

1  ☒ (By Mail) I deposited such envelope with postage thereon fully prepaid to be placed
2  in the United States Mail at Emeryville, California. I am familiar with the mail
   collection practices of Becherer Kannett & Schweitzer Attorneys and pursuant to those
3  practices the envelope would be deposited with the United States Postal Service the
   same day.
4
5  ☒ (Electronic Filing) I am familiar with the United States District Court, Eastern
   District of California's practice for collecting and processing electronic filings. Under
6  that practice, documents are electronically filed with the court. The CM/ECF system
   will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge,
7  and any registered users in the case. The NEF will constitute service of the document.

8
9  Executed on August 16, 2017.

10
11                                          Jerry M Dumlao
12
13
14
15
16
17
18
19
20
21
22
23

Becherer
Kannett &    24
Schweitzer
             25
1255
Powell St.
Emeryville, CA  26
94608
510-658-3600   27

28
                                          -2-
                    DEFENDANT PRECISION VALVE & AUTOMATION, INC.'S
                    NOTICE OF REMOVAL (28 U.S.C. § 1441(a))

94

# EXHIBIT 8

1   Shahrad Milanfar (SBN 201126)
    smilanfar@bkscal.com
2   Alex P. Catalona (SBN 200901)
    acatalona@bkscal.com
3   BECHERER KANNETT & SCHWEITZER
4   1255 Powell Street
    Emeryville, CA 94608
5   Telephone: (510) 658-3600
    Facsimile: (510) 658-1151
6

7   Attorneys for Defendant
    PRECISION VALVE & AUTOMATION, INC.
8

9              IN THE UNITED STATES DISTRICT COURT

10          FOR THE CENTRAL DISTRICT OF CALIFORNIA

11

12  RUBEN JUAREZ an individual and ISELA        CASE NO. 2:17-cv-003342
    HERNANDEZ, an individual,
13
                                                **PRECISION VALVE &**
14                  Plaintiffs,                  **AUTOMATION, INC.'S**
                                                **SUPPLEMENTAL**
15  v.                                          **DISCLOSURES PURSUANT TO**
                                                **FEDERAL RULES OF CIVIL**
16  PRECISION VALVE & AUTOMATION,               **PROCEDURE 26(A)(1) AND 26(E)**
    INC., a corporation and DOES 1-20,
17
                    Defendants
18  _____/

19

20          Defendant Precision Valve & Automation, Inc. ("PVA") supplements its

21  Initial Disclosures pursuant to Federal Rules of Civil Procedure 26(a)(1) and 26(e):

22  **FRCP 26(a)(1)(A)(i) - The name and, if known, the address and telephone**

23  **number of each individual likely to have discoverable information – along with**

24  **the subjects of that information – that the disclosing party may use to support**

25  **its claims or defenses, unless the use would be solely for impeachment.**

26          Pursuant to FRCP 26(a)(1)(A)(i), PVA previously identified the following

27  witnesses who may have information related to PVA's products, plaintiff Ruben

28  Juarez's claims and/or SpaceX (1) <u>Plaintiffs' witnesses</u>: plaintiff Ruben Juarez, and

Becherer
Kannett &
Schweitzer

1255
Powell St.
Emeryville, CA
94608
510-658-3600

                                        1

96

1   (2) <u>PVA witnesses</u>: Frank Hart, Sales Manager; Jeff Van Norden, Engineering

2   Manager; Jon Connelly, Rework Sales Manager; Alex Duggan, Project Engineer;

3   Mark Kniese, Controls Engineer; Andrew Haraburda, Customer Service Tech; and

4   Michael Leonard, Customer Service Tech.

5        PVA has learned by reviewing documents produced during discovery that the

6   following additional witnesses may have information related to PVA's products and

7   defenses, plaintiff Ruben Juarez's claims, and/or SpaceX:

8

9   <u>Express Manufacturing, Inc. ("EMI")</u>:

10       Address and telephone number: 3519 West Warner Avenue, Santa Ana, CA

11   92704, (714) 979-2228.

12       Witnesses: Dong Nguyen, Vincent Dones.

13

14  <u>REStronics Southern California</u>:

15       Address and telephone number: 27128 Paseo Espada B603, San Juan

16   Capistrano, CA 92675, (949) 394-2720.

17       Witness: Bill Burns.

18

19  <u>Precision Valve & Automation, Inc. ("PVA")</u>:

20       Address and telephone number: One Mustang Drive, Cohoes, NY 12047,

21   (518) 371-2684.  PVA witnesses should be reached through counsel of record listed

22   above.

23       Witnesses: Richard Bievenue, Rex Ellis, Chris Evans, David Filbert, David

24   Gomez, Rodrigo Gutierrez, Gavin Matupang, and Jon Urquhart.

25

26

27

28

Becherer
Kannett &
Schweitzer

1255
Powell St.

Emeryville, CA
94608
510-658-3600

2

97

1   Space Exploration Technologies Corp. ("SpaceX"):

2       Address and telephone number: 1 Rocket Road, Hawthorne, CA 90250 (310)

3   363-6000.

4       Witnesses: Scott Alberta, Jose Bernabe, Edwin Chiu, David DiDomenico,

5   Antonio Figueroa, David Hwang, Heather Lord, Jane Malabug, Art Geitler, Brian

6   Ignaut, Andrea Jarrett, Mike Lynch, Gregory Maxwell, Duc Phan, Diane Prins,

7   Adam Protano, John Pena, Pascale Roux, Marsha Thompson, Juan Sotelo, and

8   Nicholas Wong.

9       Relevant information regarding this case may also be learned from numerous

10  treating physicians and other medical providers related to plaintiff Ruben Juarez's

11  claims and medical conditions, including numerous witnesses and retained expert

12  witnesses who have been identified in documents produced from Mr. Juarez's

13  workers' compensation case.  PVA has not identified all relevant witnesses

14  regarding this lawsuit including any witnesses plaintiffs may identify in their Rule

15  26 Disclosures and supplemental disclosures, and reserves its right to supplement

16  this disclosure in accordance with Fed. R. Civ. P. Rule 26(e).

17  **FRCP 26(a)(1)(A)(ii) - A copy – or a description by category and location – of**

18  **all documents, electronically stored information, and tangible things that the**

19  **disclosing party has in its possession, custody, or control and may use to**

20  **support its claims or defenses, unless the use would be solely for impeachment.**

21      Pursuant to FRCP 26(a)(1)(A)(ii), PVA will provide under separate letter to

22  plaintiffs' attorney electronic versions of non-privileged documents that it may use

23  to support its claims and/or defenses in this action.  These documents consist of

24  product-related documents, sales-related documents, engineering and design

25  documents, emails, and other written and electronic communications.  PVA also

26  lists the following documents which have been requested from plaintiffs' attorneys

27  and third parties, some of which has already been produced:

28

Becherer
Kannett &
Schweitzer

1255
Powell St.

Emeryville, CA
94608
510-658-3600

3

98

1.   Any and all medical, employment and work history records relating to Ruben Juarez;

2.   Any and all records related to the two workers' compensation actions by Ruben Juarez related to his work at SpaceX (including but not limited to any forms, hearings, decisions, pleadings, claims, deposition transcripts, testimony, communications, reports, expert reports and medical records); and

3.   Any relevant business records, communications and/or product records of SpaceX.

Discovery regarding these matters is continuing and PVA reserves its right to supplement this disclosure in accordance with Fed. R. Civ. P. Rule 26(e).  PVA has not disclosed and will not disclose any information or documents protected by the attorney client privilege or work product rule, and does not believe that any such information or documents may be used to support its claims or defenses in this action.

**FRCP 26(a)(1)(A)(iii) - A computation of each category of damages claimed by the disclosing party – who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.**

PVA is not alleging damages at this time.  This response, however, does not waive PVA's right to assert all appropriate litigation costs including attorneys' fees and expert witness costs after the merits of plaintiffs' lawsuit are decided.

**FRCP 26(a)(1)(A)(iv) - For inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy part or all of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

Becherer
Kannett &
Schweitzer

1255
Powell St.

Emeryville, CA
94608
510-658-3600

4

99

1  FRCP 26(a)(1)(A)(iv), PVA has already provided under separate letter to

2  plaintiffs' attorney electronic versions of its insurance policies which may provide

3  coverage regarding plaintiffs' action.

4  DATED: June 25, 2018          BECHERER KANNETT & SCHWEITZER

5

6

7  By: _____

8  Alex P. Catalona,
   Attorneys for Defendant

9  PRECISION VALVE & AUTOMATION, INC.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Becherer
Kannett &
Schweitzer
_____
1255
Powell St.
Emeryville, CA
94608
510-658-3600

5

100

# EXHIBIT 9

**BALABAN & SPIELBERGER, LLP**
11999 San Vicente Blvd., Suite 345
Los Angeles, CA 90049
Tel: (424) 832-7677
Fax: (424) 832-7702
Daniel K. Balaban, SBN 243652
Andrew J. Spielberger, SBN 120231
Kahren Harutyunyan, SBN 298449

**LAW OFFICES OF TERESA LI, PC**
315 Montgomery Street, 9th Floor
San Francisco, California 94104
Tel: (415) 423-3377
Fax: (888) 646-5493
Teresa Li, SBN 278779

Attorneys for <u>Plaintiffs</u>

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RUBEN JUAREZ, an individual and ISELA HERNANDEZ, an individual <br><br> Plaintiffs, <br><br> v. <br><br> PRECISION VALVE & AUTOMATION, Inc., a corporation and DOES 1-20 <br><br> Defendants. | **Case No.: 2:17-cv-03342** <br><br> *Honorable Otis D. Wright II.* <br><br> **PLAINTIFFS' SUPPLEMENTAL DISCLOSURES PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 26(a)(1) and 26(e)1** |

BALABAN & SPIELBERGER LLP
11999 SAN VICENTE BOULEVARD, SUITE 345
LOS ANGELES, CALIFORNIA 90049

1

BALABAN & SPIELBERGER LLP
11999 SAN VICENTE BOULEVARD, SUITE 345
LOS ANGELES, CALIFORNIA 90049

1    **Come now Plaintiffs RUBEN JUAREZ, and ISELA HERNANDEZ,**

2    **pursuant to Federal Rule of Civil Procedure §26(a)1 and 26(e)1 make the**

3    **following supplemental disclosures:**

4        **FRCP 26(a)(1)(A)(i) - The name and, if known, the address and telephone**

5    **number of each individual likely to have discoverable information - along with the**

6    **subjects of that information - that the disclosing party may use to support its**

7    **claims or defenses, unless the use would be solely for impeachment.**

8

9        Pursuant to FRCP 26(a)(1)(A)(i), Plaintiffs previously identified the following:

10   **Witnesses**:

11       a.  Ruben Juarez who may testify as to the liability and damages of the case;

12       b.  Isela Hernandez who may testify as to the liability and the damages of the

13   case;

14

15       c.  John Pena of Space X who was Plaintiff's manager may testify as to the

16   liability and the damages of the case;

17       d.  Heather Lord of Space X who was Plaintiff's HR dedicated to Plaintiff's

18   case may testify as to the liability and the damages of the case;

19

20       e.  Mike Lynch of Space X's HR director who may testify as to the liability

21   and the damages of the case;

22       f.  Jane Malubag of Space X who may testify as to the liability of the case;

23       g.  Diane Prins of Space X who may testify as to the liability of the case;

24       h.  Gregory Maxell of Space X who may testify as to the liability of the case;

25       i.  Steven Schenkel MD of 116 N. Robertson Blvd. #806, Los Angeles, CA

26

27   90048 who may testify as to the liability and the damage of the case;

28

2

**PLAINTIFFS' SUPPLEMENTAL DISCLOSURES PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 26(a)(1) and 26(e)1**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BALABAN & SPIELBERGER LLP
11999 SAN VICENTE BOULEVARD, SUITE 345
LOS ANGELES, CALIFORNIA 90049

j.   Joseph Chambers, M.D. of Facey who may testify as to the liability and the damages of the case;

k.   Shendee Teng, MD of Providence Holy Cross Medical Center who may testify as to the liability and the damages of the case;

l.   Fung-Chuan Ara G. Tilkian MD of Providence Holy Cross Medical Center who may testify as to the liability and the damages of the case;

m. Daniel Belayneh MD who may testify as to the liability and the damages of the case

n.   Albert Ko MD of Facey who may testify as to the liability and the damages of the case;

o.   Kim Grace MD of Facey who may testify as to the liability and the damages of the case;

p.   Kevin Vuong, MD of Facey who may testify as to the liability and the damages of the case;

q.   Herrera-Espinoza Haydee MD of Facey who may testify as to the liability and the damages of the case;

r.   Tam Te MD of Facey who may testify as to the liability and the damages of the case;

s.   Palmer MD of Dignity Health Northridge Hospital who may testify as to the liability and the damages of the case;

t.   DeLa Lama MD of Dignity Health Northridge Hospital who may testify as to the liability and the damages of the case;

3

**PLAINTIFFS' SUPPLEMENTAL DISCLOSURES PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 26(a)(1) and 26(e)1**

104

BALABAN & SPIELBERGER LLP
11999 SAN VICENTE BOULEVARD, SUITE 345
LOS ANGELES, CALIFORNIA 90049

1    u.  Marcel Maya MD of Cedars Sinai who may testify as to the liability and

2  the damages of the case

3    v.  Asma M. Moheet MD of Cedars Sinai who may testify as to the liability

4  and the damages of the case;

5

6    w.  Michael J. Alexander MD of Cedars Sinai who may testify as to the

7  liability and the damages of the case;

8    x.  Ashish D. Patel MD of Cedars Sinai who may testify as to the liability and

9  the damages of the case;

10

11    y.  Penelope G. Kornbluth RN of Cedars Sinai who may testify as to the

   liability and the damages of the case;

12

13    z.  Omotola E. Johnson MD of Cedars Sinai who may testify as to the liability

14  and the damages of the case;

15    aa. Michael Alyesh MD of Cedars Sinai who may testify as to the liability and

16  the damages of the case;

17

18    bb. Karen Altman MD of Cedars Sinai who may testify as to the liability and

   the damages of the case;

19

20    cc. Rachel C. Pearl MD of Cedars Sinai who may testify as to the liability and

21  the damages of the case;

22    dd. Shlee S. Song of Cedars Sinai who may testify as to the liability and the

23  damages of the case;

24    ee. Marcel Maya MD of Cedars Sinai who may testify as to the liability and

25  the damages of the case;

26

27

28

4

**PLAINTIFFS' SUPPLEMENTAL DISCLOSURES PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 26(a)(1) and 26(e)1**

ff.  Barry D. Pressman MD of Cedars Sinai who may testify as to the liability and the damages of the case;

gg. Shervin Eshaghian, MD of Cedars Sinai who may testify as to the liability and the damages of the case;

hh. Ronald Lang, MD of Cedars Sinai who may testify as to the liability and the damages of the case;

ii.  Jay Jurkowitz MD of Cedars Sinai who may testify as to the liability and the damages of the case;

jj.  Robert D. Sacks MD of Cedars Sinai who may testify as to the liability and the damages of the case;

kk. Mgnnam MD of Digital Health Northridge Hospital who may testify as to the liability and the damages of the case:

ll.  Susan Kranzpiller MD of Facey who may testify as to the liability and the damages of the case;

mm.      Chris Aghayan MD of Facey who may testify as to the liability and the damages of the case;

nn. Donald Downs MD of Facey who may testify as to the liability and the damages of the case;

oo. Ravi Prasad of Cedars Sinai who may testify as to the liability and the damages of the case;

pp. Mody Cyrus K. MD of Cedars Sinai who may testify as to the liability and the damages of the case;

BALABAN & SPIELBERGER LLP
11999 SAN VICENTE BOULEVARD, SUITE 345
LOS ANGELES, CALIFORNIA 90049

**PLAINTIFFS' SUPPLEMENTAL DISCLOSURES PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 26(a)(1) and 26(e)1**

qq. Robert O. Ruder MD of Cedars Sinai who may testify as to the liability and the damages of the case;

rr. Steven Rudd MD of Cedars Sinai who may testify as to the liability and the damages of the case;

ss. Mario Salazar Escudero RN of Cedars Sinai who may testify as to the liability and the damages of the case;

tt. Elizabeth Homan RN of Cedars Sinai who may testify as to the liability and the damages of the case;

uu. Dayle Robson MD of Cedars Sinai who may testify as to the liability and the damages of the case;

vv. Bernard Tansman of Cedars Sinai who may testify as to the liability and the damages of the case;

ww. James Tourje MD of Cedars Sinai who may testify as to the liability and the damages of the case;

xx. Sari M. Cuervo RN of Cedars Sinai who may testify as to the liability and the damages of the case;

yy. Gregory Castillo MD of Facey who may testify as to the liability and the damages of the case;

zz. David Shaw MD of Facey who may testify as to the liability and the damages of the case;

aaa. Anthony J. Loffredo MD of Cedars Sinai who may testify as to the liability and the damages of the case;

BALABAN & SPIELBERGER LLP
11999 SAN VICENTE BOULEVARD, SUITE 345
LOS ANGELES, CALIFORNIA 90049

6

BALABAN & SPIELBERGER LLP
11999 SAN VICENTE BOULEVARD, SUITE 345
LOS ANGELES, CALIFORNIA 90049

1   bbb.    Lindsey Christie RN of Cedars Sinai who may testify as to the

2   liability and the damages of the case;

3   ccc.    Menahem Maya MD of Cedars Sinai who may testify as to the

4   liability and the damages of the case;

5

6   ddd.    Lana L Milton MD of Cedars Sinai who may testify as to the

7   liability and the damages of the case;

8   eee.    Ronald Andiman MD of Cedars Sinai who may testify as to the

9   liability and the damages of the case;

10   fff. Atul Sharma of Facey who may testify as to the liability and the damages

11   of the case;

12   ggg.    Lloyd Wagnes of Facey who may testify as to the liability and the

13

14   damages of the case;

15   hhh.    Zack Rassmussen of Cedars Sinai who may testify as to the liability

16   and the damages of the case;

17   iii. Vahe Mooradian MD of Facey who may testify as to the liability and the

18

19   damages of the case;

20   jjj. Connie Yi Kim RN of Cedars Sinai who may testify as to the liability and

21   the damages of the case;

22   kkk.    Alan J Coe MD of Cedars Sinai who may testify as to the liability

23   and the damages of the case;

24   lll. Madhavi Lekkala MD of Facey who may testify as to the liability and the

25   damages of the case;

26

27

28

7

**PLAINTIFFS' SUPPLEMENTAL DISCLOSURES PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 26(a)(1) and 26(e)1**

108

mmm.    Douglas Prisco MD of Facey who may testify as to the liability and the damages of the case;

nnn.    Rabin Nikjoo MD of PHCMC who may testify as to the liability and the damages of the case;

ooo.    Carrole Lewis RN of PHCMC who may testify as to the liability and the damages of the case;

ppp.    Gregory Paranay MD of PHCMC who may testify as to the liability and the damages of the case;

qqq.    Rinka Shiraishi RN of Cedars Sinai who may testify as to the liability and the damages of the case;

rrr. Dayle D Robson of Cedars Sinai who may testify as to the liability and the damages of the case;

sss.    Jaime A Diaz MD of PHCMC who may testify as to the liability and the damages of the case;

ttt. Michael Pecoraro RN of PHCMC who may testify as to the liability and the damages of the case;

uuu.    Nichole K Crouch RN of PHCMC who may testify as to the liability and the damages of the case;

vvv.    Christopher Hougen MD of Facey who may testify as to the liability and the damages of the case;

www.    Martin Applebaum of Facey who may testify as to the liability and the damages of the case;

BALABAN & SPIELBERGER LLP
11999 SAN VICENTE BOULEVARD, SUITE 345
LOS ANGELES, CALIFORNIA 90049

8

**PLAINTIFFS' SUPPLEMENTAL DISCLOSURES PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 26(a)(1) and 26(e)1**

BALABAN & SPIELBERGER LLP
11999 SAN VICENTE BOULEVARD, SUITE 345
LOS ANGELES, CALIFORNIA 90049

xxx.     Magued Beshay MD of Facey who may testify as to the liability and the damages of the case;

yyy.     Dharmesh Patel of Facey who may testify as to the liability and the damages of the case;

zzz.     David Shaw MD of Facey who may testify as to the liability and the damages of the case;

aaaa.     Youssef Youssef MD of Facey who may testify as to the liability and the damages of the case;

bbbb.     Kevin Vuong MD of Facey who may testify as to the liability and the damages of the case;

cccc.     Meredith R D'Anna RN of PHCMC who may testify as to the liability and the damages of the case;

dddd.     Jamie A Diaz MD of PHCMC who may testify as to the liability and the damages of the case;

eeee.     Barry Wilen MD of PHCMC who may testify as to the liability and the damages of the case;

ffff.     Jong Lee MD of Facey who may testify as to the liability and the damages of the case;

gggg.     Daniel Brison MD of Facey who may testify as to the liability and the damages of the case;

hhhh.     Colin W Stokol MD of Cedars Sinai who may testify as to the liability and the damages of the case;

**PLAINTIFFS' SUPPLEMENTAL DISCLOSURES PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 26(a)(1) and 26(e)1**

110

iiii.    Defendant's persons most knowledgeable regarding the design and operation of PVA 350;

jjjj.    Defendant's persons most knowledgeable regarding the chemicals that were going to be sprayed by the PVA 350 at issue;

**Plaintiff has learned by reviewing documents during discovery that the following additional witnesses may have information related to Plaintiffs' claims, PVA's products, and/or SpaceX.**

1. **Jose Vasquez**

Address: 8922 Nogal Avenue, Whittier, CA.

Mr. Vasquez is a former SpaceX electronic technician.

2. **Precision Valve & Automation. Inc. ("PVA"):**

**Witnesses:** Frank Hart, Sales Manager; Jeff Van Norden, Engineering Manager; Jon Connelly, Rework Sales Manager; Alex Duggan, Project Engineer; Mark Kniese, Controls Engineer; Andrew Haraburda, Customer Service Tech; Michael Leonard, Customer Service Tech; Richard Bievenue; Rex Ellis; Chris Evans; David Filbert; David Gomez; Rodrigo Gutierrez; Gavin Matupang and Jon Urquhart.

3. **Space Exploration Technologies Corp. ("SpaceX"):**

Address and telephone number: 1 Rocket Road, Hawthorne, CA 90250 (310) 363-6000.

**Witnesses:** Francisco whose last name is unknown, Juan whose last name is unknown, Scott Alberta, Jose Bernabe, Edwin Chiu, David DiDomenico, Antonio Figueroa, David Hwang, Heather Lord, Jane Malabug, Art Geitler, Brian Ignaut,

BALABAN & SPIELBERGER LLP
11999 SAN VICENTE BOULEVARD, SUITE 345
LOS ANGELES, CALIFORNIA 90049

10

BALABAN & SPIELBERGER LLP
11999 SAN VICENTE BOULEVARD, SUITE 345
LOS ANGELES, CALIFORNIA 90049

Andrea Jarrett, Mike Lynch, Gregory Maxwell, Due Phan, Diane Prins, Adam Protano, John Pena, Pascale Roux, Marsha Thompson, Juan Sotelo, and Nicholas Wong.

4. **Express Manufacturing. Inc. ("EMI"):**

Address and telephone number: 3519 West Warner Avenue, Santa Ana, CA 92704, (714) 979-2228.

**Witnesses:** Dong Nguyen, Vincent Dones.

5. **Restronics Southern California:**

Address and telephone number: 27128 Paseo Espada B603, San Juan Capistrano, CA 92675, (949) 394-2720.

**Witness:** Bill Bums.

6. **Ever Garcia**

Mr. Garcia's phone number is (661) 310-6173. Mr. Garcia is the Plaintiff's friend who may testify as to the liability and the damages of the case.

7. **Eduardo Soto**

Mr. Soto's phone number is (818) 486-1617.  Soto is Plaintiff's nephew who may testify as to the liability and the damages of the case.

8. **Linda Soto**

Ms. Soto's phone number is (818) 205-4934.  She is Eduardo Soto's wife. Ms. Soto  may testify as to the liability and the damage of the case.

9. **Sheila Tai, MD of Facey**

Dr. Tai may testify as to the liability and the damages of the case;

10. **Batah Jihad, MD of Facey**

Dr. Jihad may testify as to the liability and the damages of the case;

11

**PLAINTIFFS' SUPPLEMENTAL DISCLOSURES PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 26(a)(1) and 26(e)1**

112

11. **Navid Eghbalieh, MD of Facey**

Dr. Eghbalieh may testify as to the liability and the damages of the case;

12. **Doris Cardenas, MD of Facey**

Dr. Dr. Cardenas may testify as to the liability and the damages of the case;

13. **Jackie Swanson, MD of Facey**

Dr. Swanson may testify as to the liability and the damages of the case;

14. **Henry Shih, MD of Providence Holy Cross Medical Center**

Dr. Shih may testify as to the liability and the damages of the case;

15. **Helen Palatinus, MD of Cedar Sinai Medical Center**

Dr. Palatinus may testify as to the liability and the damages of the case;

16. **John Yamashita, MD of Providence Holy Cross Medical Center**

Dr. Yamashita may testify as to the liability and the damages of the case;

17. **Joseph Tang, MD**

Dr. Tang may testify as to the liability and the damages of the case;

18. **Vincent Fennell, MD**

Dr. Fennell may testify as to the liability and the damages of the case;

19. **Grace Juarez, MD**

Dr. Juarez may testify as to the liability and the damages of the case;

20. **Aylin Selek, MD of Cedar Sinai**

Dr. Selek may testify as to the liability and the damages of the case;

21. **Marc Makhani, MD of Cedar Sinai**

Dr. Makhani may testify as to the liability and the damages of the case;

22. **Daniel Hoh Kayun, MD of Cedar Sinai**

BALABAN & SPIELBERGER LLP
11999 SAN VICENTE BOULEVARD, SUITE 345
LOS ANGELES, CALIFORNIA 90049

12

BALABAN & SPIELBERGER LLP
11999 SAN VICENTE BOULEVARD, SUITE 345
LOS ANGELES, CALIFORNIA 90049

Dr. Kayun may testify as to the liability and the damages of the case;

23. **Katherine Haker, MD of Cedar Sinai**

Dr. Haker may testify as to the liability and the damages of the case;

24. **Deepti Dhall, MD of Cedar Sinai**

Dr. Dhall may testify as to the liability and the damages of the case;

25. **Alfonso Jackie, RN of Cedar Sinai**

Mr. Jackie may testify as to the liability and the damages of the case;

26. **Josue M. Reyes, RN of Cedar Sinai**

Ms. Reyes may testify as to the liability and the damages of the case;

27. **Lorisa Raya, RN of Cedar Sinai**

Ms. Raya may testify as to the liability and the damages of the case;

28. **Laura Olivas of Cedar Sinai**

Ms. Olivas may testify as to the liability and the damages of the case;

29. **Shawn Rudolph, EMT**

Mr. Rudolph may testify as to the liability and the damages of the case;

30. **Jose Paz, EMT**

Mr. Paz may testify as to the liability and the damages of the case;

31. **David Alessi**

Mr. Alessi may testify as to the liability and the damages of the case.

Relevant information regarding this case may also be learned from numerous other PVA and SpaceX employees, PVA retained experts. Plaintiffs have not identified all relevant witnesses regarding this lawsuit including any witnesses PVA may identify

13

**PLAINTIFFS' SUPPLEMENTAL DISCLOSURES PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 26(a)(1) and 26(e)1**

114

BALABAN & SPIELBERGER LLP
11999 SAN VICENTE BOULEVARD, SUITE 345
LOS ANGELES, CALIFORNIA 90049

1  in their Rule 26 Disclosures and supplemental disclosures and reserves its right to

2  supplement this disclosure in accordance with Fed. R. Civ. P. Rule 26(e).

3         **FRCP 26(a)(l)(A)(ii) - A copy - or a description by category and location – of**

4  **all documents, electronically stored information, and tangible things that the**

5  **disclosing party has in its possession, custody, or control and may use to support**

6  **its claims or defenses, unless the use would be solely for impeachment.**

7

8         Pursuant to FRCP 26(a)(l)(A)(ii) Plaintiffs have previously identified the

9  following:

10        **Documents**:

11            a.  Plaintiff Ruben Juarez's medical records and billing records

12            b.  PVA 350 and PVA 650 specifications;

13            c.  MSDS sheets;

14            d.  Photos of Plaintiffs;

15            e.  Plane tickets and trip protection of Plaintiff Isela Hernandez and their

16                daughter;

17            f.  Emails of Plaintiff Ruben Juarez;

18            g.  W2 of Plaintiff Ruben Juarez 2012-2014.

19

20        **Plaintiff has learned by reviewing documents during discovery that the**

21  **following additional documents may be relevant to Plaintiffs' claims, PVA's**

22  **products, and/or SpaceX.**

23        Documents produced in discovery by PVA bates stamp numbers PVA0001-

24  4481. Said production includes, among other documents, product-related documents,

25

26  sales-related documents, engineering and design documents, design and operation

27

28
                                        14

115

manuals, operation and maintenance manuals, emails, and other written and electronic communications.

Documents and recording produced in discovery by SpaceX on June 25, 2018 including documents with bates stamp numbers Juarez v. PVA 1000 – 2170

**Damages computation and supporting documents**:

a.    Plaintiff Ruben Juarez claims past and future medical costs, past and future wage loss, and pain and suffering. Plaintiff Isela Hernandez claims loss of consortium. The supporting documents will be produced.

Plaintiffs retain the right to supplement the disclosure with information learned through discovery.

DATED: July 10, 2018                          BALABAN & SPIELBERGER, LLP

*/s/ Kahren Harutyunyan*
Daniel K. Balaban
Andrew J. Spielberger
Kahren Harutyunyan
Attorneys for Plaintiffs

PLAINTIFFS' SUPPLEMENTAL DISCLOSURES PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 26(a)(1) and 26(e)1

BALABAN & SPIELBERGER LLP
11999 SAN VICENTE BOULEVARD, SUITE 345
LOS ANGELES, CALIFORNIA 90049

## CERTIFICATE OF SERVICE

**STATE OF CALIFORNIA**
I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 11999 San Vicente Boulevard, Suite 345 Los Angeles, CA 90049.

On July 10, 2018, I served the foregoing documents described as: **PLAINTIFFS' SUPPLEMENTAL DISCLOSURES PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 26(A)(1) AND 26(E)1** on the interested parties in this action.

*(See Attached Service List)*

☐ By placing the true copies thereof enclosed in sealed envelopes addresses as stated on the attached mailing list.

☐ **BY MAIL**

☐ As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **BY ELECTRONIC TRANSMISSION:** Based on a court order or an agreement of the parties to accept service by electronic transmission, I hereby certify that a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Courts system.

☐ **BY OVERNIGHT DELIVERY:**

☒ **BY ELECTRONIC MAIL** to: see attached service list

☐ **BY PERSONAL SERVICE** - I caused to be delivered such envelope by hand per the service list attached.

☐ **BY FACSIMILE** - I faxed a copy of the above-described document to the interested parties as set forth on the attached mailing list.

Executed on July 10, 2018 at Los Angeles, California.

☒ **(Federal)** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Kahren Harutyunyan _____          /s/ Kahren Harutyunyan _____
Name                                                          Signature

**1**
CERTIFICATE OF SERVICE

117

1

**SERVICE LIST**

2
RUBEN JUAREZ , ET AL. v. PRECISION VALVE & AUTOMATION, ET AL.

3
CASE NO. 2:17-cv-03342

4
Shahrad Milanfar (SBN 201126)
smilanfar@bkscal.com

5
Alex P. Catalona (SBN 200901)
acatalona@bkscal.com

6
BECHERER KANNETT & SCHWEITZER

7
1255 Powell Street
Emeryville, CA 94608

8
Telephone: (510) 658-3600
Facsimile: (510) 658-1151

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BALABAN & SPIELBERGER LLP
11999 SAN VICENTE BOULEVARD, SUITE 345
LOS ANGELES, CALIFORNIA 90049

2

# EXHIBIT 10

1   Shahrad Milanfar (SBN 201126)
    smilanfar@bkscal.com
2   Alex P. Catalona (SBN 200901)
    acatalona@bkscal.com
3   BECHERER KANNETT & SCHWEITZER
    1255 Powell Street
4   Emeryville, CA 94608
    Telephone: (510) 658-3600
5   Facsimile: (510) 658-1151

6   Attorneys for Defendant
    PRECISION VALVE & AUTOMATION, INC.

7

8              UNITED STATES DISTRICT COURT
               CENTRAL DISTRICT OF CALIFORNIA
9

10  RUBEN JUAREZ, an individual and ISELA        Case No.: CV17-03342-ODW(GJSX)
    HERNANDEZ, an individual,
11                                               **DEFENDANT PRECISION VALVE &
                                                 AUTOMATION, INC.'S
12                      Plaintiffs,              INTERROGATORIES TO PLAINTIFF
                                                 RUBEN JUAREZ, SET NO. ONE**
13  vs.

14  PRECISION VALVE & AUTOMATION, Inc., a
    corporation and DOES 1-20,
15
                        Defendants.
16

17  PROPOUNDING PARTIES:        Defendant PRECISION VALVE &
                                AUTOMATION, INC.
18
    RESPONDING PARTY:           Plaintiff RUBEN JUAREZ
19
    SET NO:                     ONE
20

21      Defendant PRECISION VALVE & AUTOMATION, INC. requests that the responding

22  party, plaintiff RUBEN JUAREZ, answer the following Interrogatories, under oath, within thirty

23  (30) days, pursuant to Federal Rule of Civil Procedure 33.

        **DEFINITIONS APPLICABLE TO ALL INTERROGATORIES**

24      1.      The term "COMPLAINT" refers to the Complaint filed on behalf of plaintiffs

25  Ruben Juarez and Isela Hernandez in the Superior Court of California, County of Los Angeles, on

26  February 28, 2017.

27      2.      "DEFENDANT" means PRECISION VALVE & AUTOMATION, INC.

28

DEFENDANT PRECISION VALVE & AUTOMATION, INC.'S INTERROGATORIES TO PLAINTIFF RUBEN
JUAREZ, SET NO. ONE

Becherer
Kannett &
Schweitzer
⎯⎯⎯⎯
1255
Powell St.
Emeryville, CA
94608
510-658-3600

120

1      3.     "EVIDENCE" includes any facts, witnesses (including contact information),

2  statements, video, pictures, photos, recordings, documents, writings, depositions, transcripts,

3  interviews, data, compilations, reports, productions and any other evidence of any kind

4  whatsoever.

5      4.    The words "INJURY" and "INJURIES" mean and refer to any physical, mental,

6  psychological, psychiatric or emotional injuries of any kind.

7      5.    The term "MEDICAL EXPENSES" refers to any costs, charges, expenses or fees

8  for medical care, including but not limited to any medications, treatment and hospital expenses.

9      6.    The terms "YOU" and "YOUR" mean and refer to plaintiff RUBEN JUAREZ and

10  anyone acting on his behalf, including, but not limited to, attorneys, investigators, insurers, and

11  any other agents.

12  **INTERROGATORIES**

13  **INTERROGATORY NO. 1:**

14      Identify in detail all EVIDENCE which supports or in any way relates to YOUR

15  allegations against DEFENDANT in this case.

16  **INTERROGATORY NO. 2:**

17      Identify in detail all EVIDENCE which supports or in any way relates to YOUR first

18  cause of action (Negligence) in YOUR COMPLAINT.

19  **INTERROGATORY NO. 3:**

20      Identify in detail all EVIDENCE which supports or in any way relates to YOUR claim

21  that YOU were subjected to a "foreseeable risk of harm."

22  **INTERROGATORY NO. 4:**

23      Identify in detail all EVIDENCE which supports or in any way relates to YOUR second

24  cause of action (Strict Product Liability) in YOUR COMPLAINT.

25  **INTERROGATORY NO. 5:**

26      List each alleged "design defect" of the PVA 350.

27  **INTERROGATORY NO. 6:**

28      List each warning which YOU contend should have been provided, but was not provided,

Becherer
Kannett &
Schweitzer

2200
Powell St.
Suite 805
Emeryville, CA
94608
510-658-3600

-2-

1   for the PVA 350.

2   **INTERROGATORY NO. 7:**

3       Explain in detail how the PVA 350 should have been designed in order to prevent YOUR

4   injuries as alleged in YOUR COMPLAINT.

5   **INTERROGATORY NO. 8:**

6       Identify in detail all EVIDENCE which supports or in any way relates to YOUR claim

7   that Defendant's negligence "was a substantial factor in causing Plaintiffs' harm."

8   **INTERROGATORY NO. 9:**

9       Identify in detail all EVIDENCE which supports or in any way relates to YOUR claim

10  that the PVA 350's failure to perform safely "was a substantial factor in causing Plaintiffs'

11  harm."

12  **INTERROGATORY NO. 10:**

13      DESCRIBE in detail all INJURIES which YOU allege were caused, or were in any way

14  contributed to, by the PVA 350, as alleged in YOUR COMPLAINT.

15      (As used in this interrogatory, "DESCRIBE" means to describe in as much detail as

16  possible including listing what the injury was, what body part(s) were affected, the date it was

17  incurred, how it progressed, its current status, and the date it fully healed, if it did.)

18  **INTERROGATORY NO. 11:**

19      Provide an ITEMIZED LISTING of all MEDICAL EXPENSES which YOU incurred

20  related to any INJURIES which YOU allege in the COMPLAINT.

21      (As used in this interrogatory, the term "ITEMIZED LISTING" means to list the name of

22  each hospital, doctor, pharmacy, or other health care provider together with the corresponding

23  amount of charges attributable to any costs, charges, expenses or fees for medical care, including

24  but not limited to any hospital expenses.)

25  **INTERROGATORY NO. 12:**

26      Provide an ITEMIZED LISTING of all (past and future) lost income (including but not

27  limited to wage loss) that YOU incurred related to any INJURIES YOU allege in the

28  COMPLAINT.

Becherer
Kannett &
Schweitzer

2200
Powell St.
Suite 805
Emeryville, CA
94608
510-658-3600

DEFENDANT PRECISION VALVE & AUTOMATION, INC.'S INTERROGATORIES TO PLAINTIFF RUBEN JUAREZ, SET NO. ONE

122

1    (As used in this interrogatory, the term "ITEMIZED LISTING" means to list each item of

2    lost income and explain how it was calculated including but not limited to a listing of wage loss

3    by year for each year that past and future wage loss is claimed.)

4    **INTERROGATORY NO. 13:**

5    DESCRIBE in detail everything YOU did to determine what caused Ruben Juarez's

6    injuries which are alleged in the COMPLAINT.

7    (As used in this interrogatory, the term "DESCRIBE" means to list everything YOU did

8    including but not limited to any investigation, research, internet research, questions, and

9    communications, and exactly when, by date, that YOU did it.)

10   **INTERROGATORY NO. 14:**

11   Identify in detail all EVIDENCE which establishes or in any way relates to whether

12   plaintiffs' lawsuit is barred by the two-year statute of limitations found in Code of Civil

13   Procedure section 335.1.

14   **INTERROGATORY NO. 15:**

15   Explain in detail the basis for YOUR workers' compensation claim made for INJURY or

16   INJURIES during YOUR employment with Space Exploration Technologies Corporation, also

17   known as SpaceX.

18

19

20   Dated: July 17, 2017                        BECHERER KANNETT & SCHWEITZER

21

22              By:    _____

23                     Alex P. Catalona
                       Attorney for Defendant
                       PRECISION VALVE & AUTOMATION, INC.

24

25

26

27

28

Becherer
Kannett &
Schweitzer

2200
Powell St.
Suite 805
Emeryville, CA
94608
510-658-3600

-4-

1    Shahrad Milanfar (SBN 201126)
     smilanfar@bkscal.com
2    Alex P. Catalona (SBN 200901)
     acatalona@bkscal.com
3    BECHERER KANNETT & SCHWEITZER
     1255 Powell Street
4    Emeryville, CA 94608
     Telephone: (510) 658-3600
5    Facsimile: (510) 658-1151

6    Attorneys for Defendant
7    PRECISION VALVE & AUTOMATION, INC.

8              UNITED STATES DISTRICT COURT

9             CENTRAL DISTRICT OF CALIFORNIA

10    RUBEN JUAREZ an individual and ISELA    )    CASE NO. 2:17-cv-03342 ODW (GJSx)
     HERNANDEZ, an individual,    )
11                             )    [Los Angeles County Superior Court
           Plaintiffs,    )    Case No. BC650229]
12                             )
     v.                              )    **CERTIFICATE OF SERVICE**
13                             )
     PRECISION VALVE & AUTOMATION,    )
14    INC., a corporation and DOES 1-20,    )
                            )
15            Defendants.    )
16                             )

17         I, Jerry M. Dumlao, declare that I am employed in the County of Alameda, State of
18 California; I am over the age of eighteen (18) years and not a party to the within entitled action; my business address is 1255 Powell Street, Emeryville, California 94608.

19         On **July 17, 2017**, I caused to be served the foregoing:

20         **DEFENDANT PRECISION VALVE & AUTOMATION, INC.'S**
21         **INTERROGATORIES TO PLAINTIFF RUBEN JUAREZ, SET NO. ONE**

22         In said action by placing a true copy thereof enclosed in a sealed envelope and served in
23 the manner and/or manners described below to each of the parties herein and addressed as follows:

24    *Attorneys for Plaintiff*                 Teresa Li, Esq.
25                            LAW OFFICES OF TERESA LI, PC
                                315 Montgomery Street, 9th Floor
26                             San Francisco, California 94104
27                             Telephone: (415) 423-3377
                              Facsimile: (888) 646-5493
28                             Email: teresa@lawofficesofteresali.com

Becherer
Kannett &
Schweitzer

1255
Powell St.
Emeryville, CA
94608
510-658-3600

124

1

2

3

4

☒ (By Mail) I deposited such envelope with postage thereon fully prepaid to be placed in the United States Mail at Emeryville, California. I am familiar with the mail collection practices of Becherer Kannett & Schweitzer Attorneys and pursuant to those practices the envelope would be deposited with the United States Postal Service the same day.

5

6

☒ (Via Facsimile) I caused said document(s) to be transmitted to the facsimile number(s) of the addressee(s) designated.

7

Executed on July 17, 2017.

8

9

10.

Jerry M. Dumlao

11

12

13

14

15

16

17

18

19

20

21

22

23

**Becherer Kannett & Schweitzer**

24

25

1255
Powell St.
Emeryville, CA
94608
510-658-3600

26

27

28

-2-

DEFENDANT PRECISION VALVE & AUTOMATION, INC.'S
NOTICE OF REMOVAL (28 U.S.C. § 1441(a))

125

# EXHIBIT 11

1  Teresa Li (Bar No. 278779)
   teresa@lawofficesofteresali.com
2  LAW OFFICES OF TERESA LI P.C.
   315 Montgomery Street, 9th Floor
3  San Francisco, California  94104
   Telephone:    415.423.3377
4  Facsimile:    888.646.5493

5  Attorneys for Plaintiffs
   RUBEN JUAREZ AND ISELA
6  HERNANDEZ

7

8                    UNITED STATES DISTRICT COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10

11  RUBEN JUAREZ, an individual and        Case No.  CV-03342-ODW(GJSX)
    ISELA HERNANDEZ, an individual,
12
                     Plaintiff,
13                                          **PLAINTIFF RUBEN JUAREZ'S RESPONSE
           v.                               TO DEFENDANT'S REQUEST FOR
14                                          INTERROGATORIES, SET ONE (1)**
    PRECISION VALVE & AUTOMATION,
15  Inc., a corporation and DOES 1-20,

16                   Defendants.

17

18  **PROPOUNDING PARTY:  DEFENDANT, PRECISION VALVE & AUTOMATION**

19  **RESPONDING PARTY:     PLAINTIFF, RUBEN JUAREZ**

20  **SET NUMBER:             ONE**

21        Pursuant to Federal Rules of Civil Procedure Rule 33, Plaintiff RUBEN JUAREZ hereby

22  responds to Defendant PRECISION VALVE & AUTOMATION, INC.'s request for

23  interrogatories, set one (1).

24                    **RESPONSES TO INTERROGATORIES**

25  **INTERROGATORY NO. 1**

26        Identify in detail all EVIDENCE which supports or in any way relates to YOUR

27  allegations against DEFENDANT in this case.

28

127

**RESPONSE TO INTERROGATORY NO. 1:**

The interrogatory is overly broad, unduly burdensome, and oppressive. It also seeks information that is protected by the attorney client privilege and the work product doctrine. Without waiving the objections and subject thereto, Plaintiff responds: Plaintiff elects to produce all non-privileged documents in support of the response: (1) Defendant PVA's product specifications (2) Plaintiff Ruben Juarez's medical and billing records; (3) the Material Safety Data Sheets of various chemicals being sprayed by PVA's benchtop dispensing system. Witnesses: all witnesses disclosed in Plaintiffs' Initial Disclosure. Discovery is ongoing.

**INTERROGATORY NO. 2**

Identify in detail all EVIDENCE which supports or in any way relates to YOUR first cause of action (Negligence) in YOUR COMPLAINT.

**RESPONSE TO INTERROGATORY NO. 2:**

The interrogatory is overly broad, unduly burdensome, and oppressive. It also seeks information that is protected by the attorney client privilege and the work product doctrine. Without waiving the objections and subject thereto, Plaintiff responds: Plaintiff elects to produce all non-privileged documents in support of the response: (1) Defendant PVA's product specifications (2) Plaintiff Ruben Juarez's medical and billing records; (3) the Material Safety Data Sheets of various chemicals being sprayed by PVA's benchtop dispensing system. Witnesses: all witnesses disclosed in Plaintiffs' Initial Disclosure. Discovery is ongoing.

**INTERROGATORY NO. 3**

Identify in detail all EVIDENCE which supports or in any way relates to YOUR claim that YOU were subjected to a "foreseeable risk of harm."

**RESPONSE TO INTERROGATORY NO. 3:**

The interrogatory is overly broad, unduly burdensome, and oppressive. It also seeks information that is protected by the attorney client privilege and the work product doctrine. Without waiving the objections and subject thereto, Plaintiff responds: Plaintiff elects to produce all non-privileged documents in support of the response: (1) Defendant PVA's product specifications (2) Plaintiff Ruben Juarez's medical and billing records; (3) the Material Safety

2

128

1   Data Sheets of various chemicals being sprayed by PVA's benchtop dispensing system.

2   Witnesses: all witnesses disclosed in Plaintiffs' Initial Disclosure.  Discovery is ongoing.

3   **INTERROGATORY NO. 4**

4       Identify in detail all EVIDENCE which supports or in any way relates to YOUR second

5   cause of action (Strict Product Liability) in YOUR COMPLAINT.

6   **RESPONSE TO INTERROGATORY NO. 4:**

7       The interrogatory is overly broad, unduly burdensome, and oppressive.  It also seeks

8   information that is protected by the attorney client privilege and the work product doctrine.

9   Without waiving the objections and subject thereto, Plaintiff responds: Plaintiff elects to produce

10   all non-privileged documents in support of the response: (1) Defendant PVA's product

11   specifications (2) Plaintiff Ruben Juarez's medical and billing records; (3) the Material Safety

12   Data Sheets of various chemicals being sprayed by PVA's benchtop dispensing system.

13   Witnesses: all witnesses disclosed in Plaintiffs' Initial Disclosure.  Discovery is ongoing.

14   **INTERROGATORY NO. 5**

15       List each alleged "design defect" of the PVA 350.

16   **RESPONSE TO INTERROGATORY NO. 5:**

17       The interrogatory is overly broad, unduly burdensome, and oppressive.  It also seeks

18   information that is protected by the attorney client privilege and the work product doctrine.  It

19   also seeks premature disclosure of expert opinion.  Without waiving the objections and subject

20   thereto, Plaintiff responds: PVA 350 lacks fail safe measures in the event that the ventilation

21   system is not in operation: for example, PVA 350 does not have an automatic shutoff function in

22   the event that the ventilation system is not in operation; PVA 350 does not have an alarm that

23   would warn operators or programmers that the ventilation system is not in operation; PVA 350

24   does not have any written warning on the machine itself to warn that it would continue spray

25   toxic chemicals even when the ventilation is not in operation; and there may be other measures

26   that can be utilize to perform the fail safe measures.  Discovery is ongoing.

27   ///

28   **INTERROGATORY NO. 6**

3

129

List each warning which YOU contend should have been provided, but was not provided, for the PVA 350.

**RESPONSE TO INTERROGATORY NO. 6:**

The interrogatory is overly broad, unduly burdensome, and oppressive.  It also seeks information that is protected by the attorney client privilege and the work product doctrine.  It also seeks premature disclosure of expert opinion.  Without waiving the objections and subject thereto, Plaintiff responds: PVA 350 lacks fail safe measures in the event that the ventilation system is not in operation: for example, PVA 350 does not have an automatic shutoff function in the event that the ventilation system is not in operation; PVA 350 does not have an alarm that would warn operators or programmers that the ventilation system is not in operation; PVA 350 does not have any written warning on the machine itself to warn that it would continue spray toxic chemicals even when the ventilation is not in operation; and there may be other measures that can be utilize to perform the fail safe measures.  Discovery is ongoing.

**INTERROGATORY NO. 7**

Explain in detail how the PVA 350 should have been designed in order to prevent YOUR injuries as alleged in YOUR COMPLAINT.

**RESPONSE TO INTERROGATORY NO. 7:**

The interrogatory is overly broad, unduly burdensome, and oppressive.  It also seeks information that is protected by the attorney client privilege and the work product doctrine.  It also seeks premature disclosure of expert opinion.  Without waiving the objections and subject thereto, Plaintiff responds: PVA 350 lacks fail safe measures in the event that the ventilation system is not in operation: for example, PVA 350 does not have an automatic shutoff function in the event that the ventilation system is not in operation; PVA 350 does not have an alarm that would warn operators or programmers that the ventilation system is not in operation; PVA 350 does not have any written warning on the machine itself to warn that it would continue spray toxic chemicals even when the ventilation is not in operation; and there may be other measures that can be utilize to perform the fail safe measures.  Plaintiff is not an expert in the area and discovery is ongoing.

4

130

**INTERROGATORY NO. 8**

Identify in detail all EVIDENCE which supports or in any way relates to YOUR claim that Defendant's negligence "was a substantial factor in causing Plaintiffs' harm."

**RESPONSE TO INTERROGATORY NO. 8:**

The interrogatory is overly broad, unduly burdensome, and oppressive.  It also seeks information that is protected by the attorney client privilege and the work product doctrine. Without waiving the objections and subject thereto, Plaintiff responds: Plaintiff elects to produce all non-privileged documents in support of the response: (1) Defendant PVA's product specifications (2) Plaintiff Ruben Juarez's medical and billing records; (3) the Material Safety Data Sheets of various chemicals being sprayed by PVA's benchtop dispensing system. Witnesses: all witnesses disclosed in Plaintiffs' Initial Disclosure.  Discovery is ongoing.

**INTERROGATORY NO. 9**

Identify in detail all EVIDENCE which supports or in any way relates to YOUR claim that the PVA 350's failure to perform safely "was a substantial factor in causing Plaintiffs' harm."

**RESPONSE TO INTERROGATORY NO. 9:**

The interrogatory is overly broad, unduly burdensome, and oppressive.  It also seeks information that is protected by the attorney client privilege and the work product doctrine. Without waiving the objections and subject thereto, Plaintiff responds: Plaintiff elects to produce all non-privileged documents in support of the response: (1) Defendant PVA's product specifications (2) Plaintiff Ruben Juarez's medical and billing records; (3) the Material Safety Data Sheets of various chemicals being sprayed by PVA's benchtop dispensing system. Witnesses: all witnesses disclosed in Plaintiffs' Initial Disclosure.  Discovery is ongoing.

**INTERROGATORY NO. 10**

DESCRIBE in detail all INJURIES which YOU allege were caused, or were in any way contributed to, by the PVA 350, as alleged in YOUR COMPLAINT.

**RESPONSE TO INTERROGATORY NO. 10:**

The interrogatory is overly broad, unduly burdensome, and oppressive.  It also seeks information that is protected by the attorney client privilege and the work product doctrine.

5

131

1  Without waiving the objections and subject thereto, Plaintiff responds: Plaintiff's neurological

2  defects and psychological issues that Plaintiff did not have before Plaintiff used PVA's benchtop

3  dispensing system.  This includes but not limited to severe migraine, headache, nausea, dizziness,

4  lightheadedness, slushiness in the brain, out of body experience, day dreaming, muscular

5  weakness, blurred vision, feeling faint, respiratory issues, presyncope, depression, anxiety,

6  respiratory issues, memory loss, out of balance and other symptoms.  Plaintiff elects to produce

7  the medical records for details.  Witnesses: all witnesses disclosed in Plaintiffs' Initial Disclosure.

8  **INTERROGATORY NO. 11**

9       Provide an ITEMIZED LISTING of all MEDICAL EXPENSES which YOU incurred

10  related to any INJURIES which YOU allege in the COMPLAINT.

11  **RESPONSE TO INTERROGATORY NO. 11:**

12       Plaintiff elects to produce the billing records for details that he has in his possession.

13  Discovery is ongoing.

14  **INTERROGATORY NO. 12**

15       Provide an ITEMIZED LISTING of all (past and future) lost income (including but not

16  limited to wage loss) that YOU incurred related to any INJURIES YOU allege in the

17  COMPLAINT.

18  **RESPONSE TO INTERROGATORY NO. 12:**

19       The interrogatory seeks information that is protected by the attorney-client privilege and

20  work product doctrine.  It also seeks premature disclosure of expert opinion.  Without waiving the

21  objections and subject thereto, Plaintiff responds: Plaintiff is not required to generate a document

22  that is not in existence.  However, Plaintiff has produced all documents relating to wage loss.

23  **INTERROGATORY NO. 13**

24       DESCRIBE in detail everything YOU did to determine what caused Ruben Juarez's

25  injuries, which are alleged in the COMPLAINT.

26  **RESPONSE TO INTERROGATORY NO. 13:**

27       The interrogatory seeks information that is protected by the attorney-client privilege and

28  work product doctrine.  Without waiving the objections and subject thereto, Plaintiff responds:

6

132

1   Plaintiff has been going to see his doctors.  But only until Plaintiff received the MSDS sheet of

2   the chemicals did Plaintiff suspect his injuries may have been caused by PVA's

3   design/manufacturing defects.

4   **INTERROGATORY NO. 14**

5       Identify in detail all EVIDENCE which establishes or in any way relates to whether

6   plaintiffs' lawsuit is barred by the two-year statute of limitations found in Code of Civil Procedure

7   section 335.1.

8   **RESPONSE TO INTERROGATORY NO. 14:**

9       The interrogatory is overly broad, unduly burdensome, and oppressive.  It also seeks

10  information that is protected by the attorney-client privilege and work product doctrine.  Without

11  waiving the objections and subject thereto, Plaintiff responds: Plaintiff's medical records, the

12  MSDS of the pertinent chemicals, and the email from Plaintiff to his HR, asking for a disclosure

13  of the MSDS.

14  **INTERROGATORY NO. 15:**

15       Explain in detail the basis for YOUR workers' compensation claim made for INJURY or

16  INJURIES during YOUR employment with Space Exploration Technologies Corporation, also

17  known as SpaceX.

18  **RESPONSE TO INTERROGATORY NO. 15:**

19       The interrogatory seeks information that is protected by the attorney-client privilege and

20  work product doctrine.  It is also not relevant to the litigation.  Without waiving the objections

21  and subject thereto, Plaintiff responds: Plaintiff filed a workers' compensation case because

22  Plaintiff was injured while working at SpaceX.  Plaintiff did not know what caused his injuries;

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

7

PLAINTIFF RUBEN JUAREZ'S RESPONSE TO DEFENDANT'S REQUEST FOR INTERROGATORIES, SET ONE (1)

133

1   only that Plaintiff was injured on the job.

2   Dated: September 5, 2017                    LAW OFFICES OF TERESA LI, P.C.

3

4

5                                              Teresa Li
                                               Attorney for Plaintiffs
6                                              RUBEN JUAREZ AND ISELA
                                               HERNANDEZ
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF RUBEN JUAREZ'S RESPONSE TO DEFENDANT'S REQUEST FOR INTERROGATORIES, SET ONE (1)

134

## VERIFICATION

I, Ruben Juarez declare that:

I am a plaintiff in this action.  I have read the foregoing Plaintiff Ruben Juarez's Response to Defendant's Request for Interrogatories, Set One (1) and know the contents thereof.

The information supplied therein is based on my own personal knowledge and/or has been supplied by my attorneys or other agents and is therefore provided as required by law.  The information contained in the foregoing document is true, except as to the matters which were provided by my attorneys or other agents and, as to those matters, I am informed and believe that they are true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this verification was executed on September _____, 2017 at Granada Hills, California.

_____
RUBEN JUAREZ

## PROOF OF SERVICE

State of California, County of San Francisco

I am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the within action; my business address is 315 Montgomery Street, 9th Floor, San Francisco, CA 94104.

On the date listed below, I served the following documents: in the manner and/or manners described below to each of the parties herein and addressed as stated below:

- **PLAINTIFF ISELA HERNANDEZ'S RESPONSE TO DEFENDANT'S REQUEST FOR INTERROGATORIES, SET ONE (1)**
- **PLAINTIFF ISELA HERNANDEZ'S RESPONSE TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS AND ELECTRONICALLY STORED INFORMATION (ESI), SET ONE (1)**
- **PLAINTIFF RUBEN JUAREZ'S RESPONSE TO DEFENDANT'S REQUEST FOR INTERROGATORIES, SET ONE (1)**
- **PLAINTIFF RUBEN JUAREZ'S RESPONSE TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS AND ELECTRONICALLY STORED INFORMATION (ESI), SET ONE (1)**

Shahrad Milanfar
smilanfar@bkscal.com
Alex P. Catalona
acatalona@bkscal.com
BECHERER KANNETT & SCHWEITZER
1255 Powell Street
Emeryville, CA 94608

_____ United States Postal Service, U.S. Mal, with First Class postage prepaid and deposited in a sealed envelope at San Francisco, CA. I am readily familiar with the business practice at my place of business for collection and processing of correspondence for mailing with the United States Postal Service. Correspondence so collected and processed is deposited with the United States Postal Service that same day in the ordinary course of business.

_____ Facsimile Transmission

_____ Hand delivery by Courier: same day delivery

__X__ Other: E-Mail. pdf attachment

136

I certify and declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on <u>September 8, 2017</u>, at San Francisco, California.   .

| | |
|---|---|
| Teresa Li | |
| Type or Print Name | Signature |

# EXHIBIT 12

1   Shahrad Milanfar (SBN 201126)
    smilanfar@bkscal.com
2   Alex P. Catalona (SBN 200901)
    acatalona@bkscal.com
3   BECHERER KANNETT & SCHWEITZER
    1255 Powell Street
4   Emeryville, CA 94608
    Telephone: (510) 658-3600
5   Facsimile: (510) 658-1151

6   Attorneys for Defendant
    PRECISION VALVE & AUTOMATION, INC.

7

8               UNITED STATES DISTRICT COURT
                CENTRAL DISTRICT OF CALIFORNIA

9

10  RUBEN JUAREZ, an individual and ISELA          Case No.:  CV17-03342-ODW(GJSX)
    HERNANDEZ, an individual,
11                                                 **DEFENDANT PRECISION VALVE &**
                                                   **AUTOMATION, INC.'S**
12                      Plaintiffs,                **INTERROGATORIES TO PLAINTIFF**
                                                   **ISELA HERNANDEZ, SET NO. ONE**
13  vs.

14  PRECISION VALVE & AUTOMATION, Inc., a
    corporation and DOES 1-20,
15
                        Defendants.
16

17  PROPOUNDING PARTIES:            Defendant PRECISION VALVE &
                                    AUTOMATION, INC.
18
    RESPONDING PARTY:               Plaintiff ISELA HERNANDEZ
19
    SET NO:                         ONE
20

21      Defendant PRECISION VALVE & AUTOMATION, INC. requests that the responding

22  party, plaintiff ISELA HERNANDEZ, answer the following Interrogatories, under oath, within

23  thirty (30) days, pursuant to Federal Rule of Civil Procedure 33.

                 **<u>DEFINITIONS APPLICABLE TO ALL INTERROGATORIES</u>**

24      1.      The term "COMPLAINT" refers to the Complaint filed on behalf of plaintiffs

25  Ruben Juarez and Isela Hernandez in the Superior Court of California, County of Los Angeles, on

26  February 28, 2017.

27      2.      "DEFENDANT" means PRECISION VALVE & AUTOMATION, INC.

28

Becherer
Kannett &
Schweitzer

1255
Powell St.
Emeryville, CA
94608
510-658-3600

139

1    3.    "EVIDENCE" means any facts, witnesses (including contact information),

2    statements, video, pictures, photos, recordings, documents, writings, depositions, transcripts,

3    interviews, data, compilations, reports, productions and any other evidence of any kind

4    whatsoever.

5    4.    "INJURIES" means any injuries and/or damages including but not limited to the

6    loss of love, care companionship, comfort, assistance, protection, society and moral support from

7    Ruben Juarez.

8    5.    The terms "YOU" and "YOUR" mean and refer to plaintiff ISELA HERNANDEZ

9    and anyone acting on his behalf, including, but not limited to, attorneys, investigators, insurers,

10   and any other agents.

**INTERROGATORIES**

11

**INTERROGATORY NO. 1:**

12

13   Identify in detail all EVIDENCE which supports or in any way relates to YOUR

14   allegations against DEFENDANT in this case.

**INTERROGATORY NO. 2:**

15

16   Identify in detail all EVIDENCE which supports or in any way relates to YOUR cause of

17   action for Loss of Consortium (Third Cause of Action) in the COMPLAINT.

**INTERROGATORY NO. 3:**

18

19   Identify in detail all EVIDENCE which supports or in any way relates to YOUR claim

20   that Defendant's wrongful conduct, acts and/or omissions "were a substantial factor in causing

21   Plaintiff ISELA HERNANDEZ to sustain loss of love, care companionship, comfort, assistance,

22   protection, society, moral support from Plaintiff RUBEN JUAREZ" as alleged in the

23   COMPLAINT.

**INTERROGATORY NO. 4:**

24

25   DESCRIBE in detail all INJURIES which YOU allege were caused, or were in any way

26   contributed to, by Defendant's wrongful conduct, acts and/or omissions, as alleged in YOUR

27   COMPLAINT.

28   (As used in this interrogatory, "DESCRIBE" means to describe in as much detail as

Becherer
Kannett &
Schweitzer
——————
2200
Powell St.
Suite 805
Emeryville, CA
94608
510-658-3600

-2-

140

1  possible including but limited to listing what the injury was, what body part(s) were affected, if

2  any, the date(s) the injury took place, how it progressed, its current status, and the date it ended, if

3  any.)

4  **INTERROGATORY NO. 5:**

5  DESCRIBE in detail everything YOU did to determine what caused Isela Hernandez's

6  injuries which are alleged in the COMPLAINT.

7  (As used in this interrogatory, the term "DESCRIBE" means to list everything YOU did

8  including but not limited to any investigation, research, internet research, questions, and

9  communications, and exactly when, by date, it was done.)

10  **INTERROGATORY NO. 6:**

11  Identify in detail all EVIDENCE which establishes or in any way relates to whether

12  plaintiffs' lawsuit is barred by the two-year statute of limitations found in Code of Civil

13  Procedure section 335.1.

14

15

16  Dated: July 17, 2017                    BECHERER KANNETT & SCHWEITZER

17

18                              By: _____
                                    Alex P. Catalona
19                                  Attorney for Defendant
                                    PRECISION VALVE & AUTOMATION, INC.
20

21

22

23

24

25

26

27

28

Becherer
Kannett &
Schweitzer

2200
Powell St.
Suite 805
Emeryville, CA
94608
510-658-3600

-3-

141

1   Shahrad Milanfar (SBN 201126)
     smilanfar@bkscal.com
2   Alex P. Catalona (SBN 200901)
     acatalona@bkscal.com
3   BECHERER KANNETT & SCHWEITZER
     1255 Powell Street
4   Emeryville, CA 94608
     Telephone: (510) 658-3600
5   Facsimile: (510) 658-1151

6   Attorneys for Defendant
     PRECISION VALVE & AUTOMATION, INC.

7

8              UNITED STATES DISTRICT COURT

9           CENTRAL DISTRICT OF CALIFORNIA

10  RUBEN JUAREZ an individual and ISELA  )  CASE NO. 2:17-cv-03342 ODW (GJSx)
    HERNANDEZ, an individual,         )
11                      )  [Los Angeles County Superior Court
           Plaintiffs,       )  Case No. BC650229]
12                      )
    v.                      )  **CERTIFICATE OF SERVICE**
13                      )
    PRECISION VALVE & AUTOMATION,    )
14  INC., a corporation and DOES 1-20,     )
                      )
15           Defendants.     )
                      )
16

17       I, Jerry M. Dumlao, declare that I am employed in the County of Alameda, State of
    California; I am over the age of eighteen (18) years and not a party to the within entitled action;
18  my business address is 1255 Powell Street, Emeryville, California 94608.

19       On **July 17, 2017**, I caused to be served the foregoing:

20    **DEFENDANT PRECISION VALVE & AUTOMATION, INC.'S
21    INTERROGATORIES TO PLAINTIFF ISELA HERNANDEZ, SET NO. ONE**

22       In said action by placing a true copy thereof enclosed in a sealed envelope and served in
    the manner and/or manners described below to each of the parties herein and addressed as
23  follows:

24    *Attorneys for Plaintiff*          Teresa Li, Esq.
25                           LAW OFFICES OF TERESA LI, PC
                             315 Montgomery Street, 9th Floor
26                         San Francisco, California 94104
                           Telephone: (415) 423-3377
27                          Facsimile: (888) 646-5493
                           Email: teresa@lawofficesofteresali.com
28

Becherer
Kannett &
Schweitzer

1255
Powell St.
Emeryville, CA
94608
510-658-3600

-1-
CERTIFICATE OF SERVICE

142

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

☒ (By Mail) I deposited such envelope with postage thereon fully prepaid to be placed in the United States Mail at Emeryville, California. I am familiar with the mail collection practices of Becherer Kannett & Schweitzer Attorneys and pursuant to those practices the envelope would be deposited with the United States Postal Service the same day.

☒ (Via Facsimile) I caused said document(s) to be transmitted to the facsimile number(s) of the addressee(s) designated.

Executed on July 17, 2017.

Jerry M. Dumlao

Becherer
Kannett &
Schweitzer

1255
Powell St.
Emeryville, CA
94608
510-658-3600

-2-

DEFENDANT PRECISION VALVE & AUTOMATION, INC.'S
NOTICE OF REMOVAL (28 U.S.C. § 1441(a))

143

# EXHIBIT 13

1   Teresa Li (Bar No. 278779)
    teresa@lawofficesofteresali.com
2   LAW OFFICES OF TERESA LI P.C.
    315 Montgomery Street, 9th Floor
3   San Francisco, California  94104
    Telephone:    415.423.3377
4   Facsimile:     888.646.5493

5   Attorneys for Plaintiffs
    RUBEN JUAREZ AND ISELA
6   HERNANDEZ

7

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10

11
    RUBEN JUAREZ, an individual and          Case No.  CV-03342-ODW(GJSX)
12  ISELA HERNANDEZ, an individual,

13                  Plaintiff,
                                              **PLAINTIFF ISELA HERNANDEZ'S**
14       v.                                   **RESPONSE TO DEFENDANT'S REQUEST**
                                              **FOR INTERROGATORIES, SET ONE (1)**
15  PRECISION VALVE & AUTOMATION,
    Inc., a corporation and DOES 1-20,
16
                    Defendants.
17

18  **PROPOUNDING PARTY:  DEFENDANT, PRECISION VALVE & AUTOMATION**

19  **RESPONDING PARTY:     PLAINTIFF, ISELA HERNANDEZ**

20  **SET NUMBER:            ONE**

21       Pursuant to Federal Rules of Civil Procedure Rule 33, Plaintiff ISELA HERNANDEZ

22  hereby responds to Defendant PRECISION VALVE & AUTOMATION, INC.'s request for

23  interrogatories, set one (1).

24                  **RESPONSES TO INTERROGATORIES**

25  **INTERROGATORY NO. 1:**

26       Identify in detail all EVIDENCE which supports or in any way relates to YOUR

27  allegations against DEFENDANT in this case.

28

145

**RESPONSE TO INTERROGATORY NO. 1:**

The interrogatory is overly broad, unduly burdensome, and oppressive.  It also seeks information that is protected by the attorney client privilege and the work product doctrine.  Without waiving the objections and subject thereto, Plaintiff responds: Plaintiff Isela Hernandez's loss of consortium claim is derivative of Plaintiff Ruben Juarez's personal injury claim.  Plaintiff elects to produce all non-privileged documents in support of the response: (1) Defendant PVA's product specifications (2) Plaintiff Ruben Juarez's medical and billing records; (3) the Material Safety Data Sheets of various chemicals being sprayed by PVA's benchtop dispensing system; (4) photos of Plaintiffs and their children; (5) travel itineraries showing that Plaintiff Ruben Juarez could not come with his family trips due to his illness.  Witnesses: everyone disclosed in Plaintiffs' initial disclosure.  Discovery is ongoing.

**INTERROGATORY NO. 2:**

Identify in detail all EVIDENCE which supports or in any way relates to YOUR cause of action for Loss of Consortium (Third Cause of Action) in the COMPLAINT.

**RESPONSE TO INTERROGATORY NO. 2:**

The interrogatory is overly broad, unduly burdensome, and oppressive.  It also seeks information that is protected by the attorney client privilege and the work product doctrine.  Without waiving the objections and subject thereto, Plaintiff responds: Plaintiff Isela Hernandez's loss of consortium claim is derivative of Plaintiff Ruben Juarez's personal injury claim.  Plaintiff elects to produce all non-privileged documents in support of the response: (1) Defendant PVA's product specifications (2) Plaintiff Ruben Juarez's medical and billing records; (3) the Material Safety Data Sheets of various chemicals being sprayed by PVA's benchtop dispensing system; (4) photos of Plaintiffs and their children; (5) travel itineraries showing that Plaintiff Ruben Juarez could not come with his family trips due to his illness.  Witnesses: everyone disclosed in

2

146

Plaintiffs' initial disclosure.  Discovery is ongoing.

**INTERROGATORY NO. 3:**

Identify in detail all EVIDENCE which supports or in any way relates to YOUR claim that Defendant's wrongful conduct, acts and/or omissions "were a substantial factor in causing Plaintiff ISELA BERNANDEZ to sustain loss of love, care companionship, comfort, assistance, protection, society, moral support from Plaintiff RUBEN JUAREZ" as alleged in the Complaint.

**RESPONSE TO INTERROGATORY NO. 3:**

The interrogatory is overly broad, unduly burdensome, and oppressive.  It also seeks information that is protected by the attorney client privilege and the work product doctrine. Without waiving the objections and subject thereto, Plaintiff responds: Plaintiff Isela Hernandez's loss of consortium claim is derivative of Plaintiff Ruben Juarez's personal injury claim.  Plaintiff elects to produce all non-privileged documents in support of the response: (1) Defendant PVA's product specifications (2) Plaintiff Ruben Juarez's medical and billing records; (3) the Material Safety Data Sheets of various chemicals being sprayed by PVA's benchtop dispensing system; (4) photos of Plaintiffs and their children; (5) travel itineraries showing that Plaintiff Ruben Juarez could not come with his family trips due to his illness.  Witnesses: everyone disclosed in Plaintiffs' initial disclosure.  Discovery is ongoing.

**INTERROGATORY NO. 4:**

DESCRIBE in detail all INJURIES which YOU allege were caused, or were in any way contributed to, by Defendant's wrongful conduct, acts and/or omissions, as alleged in YOUR COMPLAINT.

**RESPONSE TO INTERROGATORY NO. 4:**

Plaintiff Isela Hernandez's loss of consortium claim is derivative of Plaintiff Ruben Juarez's personal injury claim.  As a result of Defendant Precision Valve & Automation ("PVA")

3

design/manufacturing defects in PVA 350, Plaintiff Ruben Juarez, a previously healthy man, who rarely went to see doctors, suffers from neurological deficits and psychological depression from the chronic exposure to the chemicals sprayed by the PVA 350.  Plaintiff Isela Hernandez lost love, care companionship, comfort, assistance, protection, society, moral support from Plaintiff RUBEN JUAREZ due to his illness.

**INTERROGATORY NO. 5:**

DESCRIBE in detail everything YOU did to determine what caused Isela Hernandez's injuries which are alleged in the COMPLAINT.

**RESPONSE TO INTERROGATORY NO. 5:**

The interrogatory is vague and ambiguous and unintelligible.  Without waiving the objection and subject thereto, plaintiff responds: Plaintiff Isela Hernandez's claim is derivative of her husband Ruben Juarez's personal injury claim.

**INTERROGATORY NO. 6:**

Identify in detail all EVIDENCE which establishes or in any way relates to whether plaintiffs' lawsuit is barred by the two-year statute of limitations found in Code of Civil Procedure section 335.1.

**RESPONSE TO INTERROGATORY NO. 6:**

The interrogatory is overly broad, unduly burdensome, and oppressive.  It also seeks information that is protected by the attorney-client privilege and work product doctrine.  Without waiving the objections and subject thereto, Plaintiff responds: Mr. Juarez's medical records, the MSDS of the pertinent chemicals, and the email from Mr. Juarez to his HR, asking for a

///

///

///

4

PLAINTIFF ISELA HERNANDEZ'S RESPONSE TO DEFENDANT'S INTERROGATORIES, SET ONE (1)

148

1   disclosure of the MSDS.  Witnesses: everyone disclosed in Plaintiffs' initial disclosure.

2   Dated: September 6, 2017                    LAW OFFICES OF TERESA LI, P.C.

3

4

5                                              Teresa Li
                                               Attorney for Plaintiffs
6                                              RUBEN JUAREZ AND ISELA
                                               HERNANDEZ
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                        5

PLAINTIFF ISELA HERNANDEZ'S RESPONSE TO DEFENDANT'S INTERROGATORIES, SET ONE (1)

## VERIFICATION

I, Isela Hernandez declare that:

    I am a plaintiff in this action.  I have read the foregoing Plaintiff Isela Hernandez's Response to Defendant's Request for Interrogatories, Set One (1) and know the contents thereof.

    The information supplied therein is based on my own personal knowledge and/or has been supplied by my attorneys or other agents and is therefore provided as required by law.  The information contained in the foregoing document is true, except as to the matters which were provided by my attorneys or other agents and, as to those matters, I am informed and believe that they are true.

    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this verification was executed on September ____08____, 2017 at Granada Hills, California.


_____
              ISELA HERNANDEZ

**PROOF OF SERVICE**

State of California, County of San Francisco

I am employed in the County of San Francisco, State of California. I am over the age of

18 and not a party to the within action; my business address is 315 Montgomery Street, 9th Floor,

San Francisco, CA 94104.

On the date listed below, I served the following documents: in the manner and/or manners

described below to each of the parties herein and addressed as stated below:

- **PLAINTIFF ISELA HERNANDEZ'S RESPONSE TO DEFENDANT'S REQUEST FOR INTERROGATORIES, SET ONE (1)**
- **PLAINTIFF ISELA HERNANDEZ'S RESPONSE TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS AND ELECTRONICALLY STORED INFORMATION (ESI), SET ONE (1)**
- **PLAINTIFF RUBEN JUAREZ'S RESPONSE TO DEFENDANT'S REQUEST FOR INTERROGATORIES, SET ONE (1)**
- **PLAINTIFF RUBEN JUAREZ'S RESPONSE TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS AND ELECTRONICALLY STORED INFORMATION (ESI), SET ONE (1)**

Shahrad Milanfar
smilanfar@bkscal.com
Alex P. Catalona
acatalona@bkscal.com
BECHERER KANNETT & SCHWEITZER
1255 Powell Street
Emeryville, CA 94608

_____ United States Postal Service, U.S. Mal, with First Class postage prepaid and deposited in a sealed envelope at San Francisco, CA.  I am readily familiar with the business practice at my place of business for collection and processing of correspondence for mailing with the United States Postal Service.  Correspondence so collected and processed is deposited with the United States Postal Service that same day in the ordinary course of business.

_____ Facsimile Transmission

_____ Hand delivery by Courier: same day delivery

__X__ Other: E-Mail. pdf attachment

151

I certify and declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on <u>September 8, 2017</u>, at San Francisco, California.

| Teresa Li | Signature |
|---|---|
| Type or Print Name | |

# EXHIBIT 14

1    Shahrad Milanfar (SBN 201126)
     smilanfar@bkscal.com
2    Alex P. Catalona (SBN 200901)
     acatalona@bkscal.com
3    BECHERER KANNETT & SCHWEITZER
     1255 Powell Street
4    Emeryville, CA 94608
     Telephone: (510) 658-3600
5    Facsimile: (510) 658-1151

6    Attorneys for Defendant
     PRECISION VALVE & AUTOMATION, INC.

7

8             UNITED STATES DISTRICT COURT
            CENTRAL DISTRICT OF CALIFORNIA

9

10    RUBEN JUAREZ, an individual and ISELA    Case No.: CV17-03342-ODW(GJSX)
     HERNANDEZ, an individual,

11                             **DEFENDANT PRECISION VALVE &**
                                  **AUTOMATION, INC.'S**

12              Plaintiffs,         **INTERROGATORIES TO PLAINTIFF**
                                  **RUBEN JUAREZ, SET NO. TWO**

13    vs.

14    PRECISION VALVE & AUTOMATION, Inc., a
     corporation and DOES 1-20,

15              Defendants.

16

17    PROPOUNDING PARTIES:        Defendant PRECISION VALVE &
                                     AUTOMATION, INC.

18    RESPONDING PARTY:          Plaintiff RUBEN JUAREZ

19    SET NO:                          TWO

20

21       Defendant PRECISION VALVE & AUTOMATION, INC. requests that the responding

22   party, plaintiff RUBEN JUAREZ, answer the following Interrogatories, under oath, within thirty

23   (30) days, pursuant to Federal Rule of Civil Procedure 33.

                **DEFINITION APPLICABLE TO ALL INTERROGATORIES**

24       1.        "EVIDENCE" includes any facts, witnesses (including contact information),

25   statements, video, pictures, photos, recordings, documents, writings, depositions, transcripts,

26   interviews, data, compilations, reports, productions and any other evidence of any kind

27   whatsoever.

28

DEFENDANT PRECISION VALVE & AUTOMATION, INC.'S INTERROGATORIES TO PLAINTIFF RUBEN JUAREZ, SET NO. TWO

Becherer
Kannett &
Schweitzer
———
1255
Powell St.
Emeryville, CA
94608
510-658-3600

154

1       **INTERROGATORIES**

2       **INTERROGATORY NO. 16:**

3           Identify in detail all EVIDENCE which establishes or in any way relates to whether

4       plaintiffs' lawsuit is barred by the two-year statute of limitations found in California Code of

5       Civil Procedure section 340.8.

6

7

8       Dated: April 3, 2018                 BECHERER KANNETT & SCHWEITZER

9

10                                      By:  _____
                                              Alex P. Catalona
11                                            Attorney for Defendant
                                              PRECISION VALVE & AUTOMATION, INC.

12

13

14

15

16

17

18

19

20

21

Becherer    22
Kannett &
Schweitzer  23

2300
Powell St.  24
Suite 805
Emeryville, CA
94608       25
510-658-3600

26

27

28
                                          -2-
        DEFENDANT PRECISION VALVE & AUTOMATION, INC.'S INTERROGATORIES TO PLAINTIFF RUBEN
                                  JUAREZ, SET NO. TWO

155

1  Shahrad Milanfar (SBN 201126)
   smilanfar@bkscal.com
2  Alex P. Catalona (SBN 200901)
   acatalona@bkscal.com
3  BECHERER KANNETT & SCHWEITZER
   1255 Powell Street
4  Emeryville, CA 94608
   Telephone: (510) 658-3600
5  Facsimile: (510) 658-1151

6  Attorneys for Defendant
   PRECISION VALVE & AUTOMATION, INC.
7

8                    UNITED STATES DISTRICT COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10  RUBEN JUAREZ an individual and ISELA    )   CASE NO. 2:17-cv-03342 ODW (GJSx)
    HERNANDEZ, an individual,                )
11                                            )   [Los Angeles County Superior Court
                     Plaintiffs,             )   Case No. BC650229]
12                                            )
    v.                                        )
13                                            )   **CERTIFICATE OF SERVICE**
                                              )
14  PRECISION VALVE & AUTOMATION,             )
    INC., a corporation and DOES 1-20,        )
15                                            )
                     Defendants.              )
16  _____ )

17      I, Jerry M. Dumlao, declare that I am employed in the County of Alameda, State of
    California; I am over the age of eighteen (18) years and not a party to the within entitled action;
18  my business address is 1255 Powell Street, Emeryville, California 94608.

19      On **April 3, 2018**, I caused to be served the foregoing:

20      DEFENDANT PRECISION VALVE & AUTOMATION, INC.'S
21      INTERROGATORIES TO PLAINTIFF RUBEN JUAREZ, SET NO. TWO

22      In said action by placing a true copy thereof enclosed in a sealed envelope and served in
    the manner and/or manners described below to each of the parties herein and addressed as
23  follows:

24  *Attorneys for Plaintiff*                 Teresa Li, Esq.
25                                             LAW OFFICES OF TERESA LI, PC
                                               6701 Koll Center Parkway, Suite 250
26                                             Pleasanton, CA 94566
                                               Telephone: (415) 423-3377
27                                             Facsimile: (888) 646-5493
28                                             Email: teresa@lawofficesofteresali.com

-1-
CERTIFICATE OF SERVICE

Becherer
Kannett &
Schweitzer
_____
1255
Powell St.
Emeryville, CA
94608
510-658-3600

156

1 ☐ (By Mail) I deposited such envelope with postage thereon fully prepaid to be placed in the United States Mail at Emeryville, California. I am familiar with the mail collection practices of Becherer Kannett & Schweitzer Attorneys and pursuant to those practices the envelope would be deposited with the United States Postal Service the same day.

2

3

4

5 ☒ (By Personal Delivery) I caused such envelope to be delivered by hand to the office of the addressee(s).

6

7 ☐ (Via Facsimile) I caused said document(s) to be transmitted to the facsimile number(s) of the addressee(s) designated.

8 ☐ **(Electronic Filing)** I am familiar with the United States District Court, Eastern District of California's practice for collecting and processing electronic filings. Under that practice, documents are electronically filed with the court. The CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document.

9

10

11

12 Executed on March 2, 2018.

13

14

15 Jerry M. Dumlao

16

17

18

19

20

21

22

23

Becherer
Kannett &
Schweitzer

24

25

1255
Powell St.
Emeryville, CA
94608
510-658-3600

26

27

28

-2-

DEFENDANT PRECISION VALVE & AUTOMATION, INC.'S
NOTICE OF REMOVAL (28 U.S.C. § 1441(a))

# EXHIBIT 15

1 | Teresa Li (Bar No. 278779)
teresa@lawofficesofteresali.com
2 | LAW OFFICES OF TERESA LI P.C.
315 Montgomery Street, 9ᵗʰ Floor
3 | San Francisco, California 94104
Telephone: 415.423.3377
4 | Facsimile: 888.646.5493

5 | Attorneys for Plaintiffs
RUBEN JUAREZ AND ISELA
6 | HERNANDEZ

7 | Daniel K. Balaban
Daniel@dbaslaw.com
8 | BALABAN & SPIELBERGER, LLP
11999 San Vincente Boulevard
9 | Suite 345
Los Angles, CA 90049
10 | Telephone: 424.832.7677
Facsimile: 424.832.7702
11
Attorneys for Plaintiffs
12 | RUBEN JUAREZ and ISELA HERNANDEZ

13

14 | UNITED STATES DISTRICT COURT

15 | CENTRAL DISTRICT OF CALIFORNIA

16

17 | RUBEN JUAREZ, an individual and | Case No. CV-03342-ODW(GJSX)
ISELA HERNANDEZ, an
18 | individual,

19 | Plaintiff, | **PLAINTIFF RUBEN JUAREZ'S
RESPONSE TO DEFENDANT'S
20 | v. | REQUEST FOR
INTERROGATORIES, SET TWO (2)**
21 | PRECISION VALVE &
AUTOMATION, Inc., a corporation
22 | and DOES 1-20,

23 | Defendants.

24

25 | **PROPOUNDING PARTY: DEFENDANT, PRECISION VALVE &**

26 | **AUTOMATION**

27 | **RESPONDING PARTY: PLAINTIFF, RUBEN JUAREZ**

28

159

1   **SET NUMBER:**        **TWO**

2      Pursuant to Federal Rules of Civil Procedure Rule 33, Plaintiff RUBEN

3   JUAREZ hereby responds to Defendant PRECISION VALVE & AUTOMATION,

4   INC.'s request for interrogatories, set two (2).

5              **RESPONSES TO INTERROGATORIES**

6   **INTERROGATORY NO. 16**

7      Identify I detail all EVIDENCE which establishes or in any way relates to

8   whether plaintiffs' lawsuit is barred by the two-year statute of limitations found in

9   California Code of Civil Procedures section 340.8.

10   **RESPONSE TO INTERROGATORY NO. 16:**

11      The interrogatory may seek information that is protected by attorney client

12   privilege or work product doctrine.  Without waiving the objections and subject

13   thereto, plaintiff responds: all the deposition transcripts of Plaintiff Ruben Juarez,

14   all of the medical records of plaintiff Ruben Juarez produced in discovery or

15   obtained via subpoenas; all the exhibits attached to Plaintiff Ruben Juarez's

16   deposition; all the documents produced by PVA so far; and all the documents

17   produced by PVA so far

18

19   Dated:      May 8, 2018          LAW OFFICES OF TERESA LI, P.C.

20

21                                Teresa Li

22                                Attorney for Plaintiffs

                                 RUBEN JUAREZ AND ISELA

23                                HERNANDEZ

24

25

26

27

28

PLAINTIFF RUBEN JUAREZ'S RESPONSE TO DEFENDANT'S REQUEST FOR INTERROGATORIES, SET TWO (2)

**PROOF OF SERVICE**

RE: *Juarez v. PVA*

I am employed in the County of Alameda, State of California.  I am over the age of 18 years and not a party to the within action.  My business address is 6701 Koll Center Parkway, Suite 250, Pleasanton, CA 94566.

On May 8, 2018, I served a copy of the following document: **PLAINTIFF RUBEN JUAREZ'S RESPONSE TO DEFENDANT'S REQUEST FOR INTERROGATORIES, SET TWO (2); PLAINTIFF RUBEN JUAREZ'S RESPONSE TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS AND ELECTRONICALLY STORED INFORMATION (ESI), SET THREE (3); PLAINTIFF ISELA HERNANDEZ'S RESPONSE TO DEFENDANT'S REQUEST FOR INTERROGATORIES, SET TWO (2); PLAINTIFF ISELA HERNANDEZ'S RESPONSE TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS AND ELECTRONICALLY STORED INFORMATION (ESI), SET TWO (2)** on the below listed parties in this action as follows:

Alex P. Catalona
BECHERER KANNETT & SCHWEITZER
1255 Powell Street
Emeryville, CA 94608

X_____   **BY MAIL:** I placed such envelope on the above date with postage fully prepaid, for deposit in the U.S Postal Service at my place of business in Pleasanton, California, following the ordinary business practices of my place of business.  I am readily familiar with the business practice at my place of business for collection and processing of correspondence for mail with the U.S. Postal Service.  Under the practice, such correspondence is deposited with the U.S. Postal Service the same day it is collected and processed in the ordinary course of business.

_____   **BY FAX:** I caused such document to be transmitted by facsimile transmission to a facsimile machine maintained by the person on whom it is served at the facsimile number as last given by that person on any document which he or she has filed in the case.  I caused such by sending a true copy from Teresa Li's facsimile number, and that transmission reported as complete and without error to the following facsimile number: _____.

_____   **BY PERSONAL SERVICE:** I caused such document to be delivered by hand to the above listed party.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this document was executed at Pleasanton, California on

1  May 8, 2018.

2  _____
   Teresa Li

RECEIVED
MAY 14 2018
BY BKS

# EXHIBIT 16

1  Shahrad Milanfar (SBN 201126)
   smilanfar@bkscal.com
2  Alex P. Catalona (SBN 200901)
   acatalona@bkscal.com
3  BECHERER KANNETT & SCHWEITZER
   1255 Powell Street
4  Emeryville, CA 94608
   Telephone: (510) 658-3600
5  Facsimile: (510) 658-1151

6  Attorneys for Defendant
   PRECISION VALVE & AUTOMATION, INC.

7

8             UNITED STATES DISTRICT COURT
              CENTRAL DISTRICT OF CALIFORNIA

9

10 RUBEN JUAREZ, an individual and ISELA    Case No.:  CV17-03342-ODW(GJSX)
   HERNANDEZ, an individual,
11                                          **DEFENDANT PRECISION VALVE &
                     Plaintiffs,            AUTOMATION, INC.'S INTERROGATORIES
12                                          TO PLAINTIFF ISELA HERNANDEZ, SET
   vs.                                      NO. TWO**
13
   PRECISION VALVE & AUTOMATION,
14 Inc., a corporation and DOES 1-20,
15                   Defendants.
16

17 PROPOUNDING PARTIES:          Defendant PRECISION VALVE &
                                 AUTOMATION, INC.
18 RESPONDING PARTY:             Plaintiff ISELA HERNANDEZ

19 SET NO:                       TWO

20     Defendant PRECISION VALVE & AUTOMATION, INC. requests that the responding

21 party, plaintiff ISELA HERNANDEZ, answer the following Interrogatories, under oath, within

22 thirty (30) days, pursuant to Federal Rule of Civil Procedure 33.

23        **DEFINITION APPLICABLE TO ALL INTERROGATORIES**

24     1.     "EVIDENCE" means any facts, witnesses (including contact information),

25 statements, video, pictures, photos, recordings, documents, writings, depositions, transcripts,

26 interviews, data, compilations, reports, productions and any other evidence of any kind

27 whatsoever.

28

Becherer
Kannett &
Schweitzer
—————
1255
Powell St.
Emeryville, CA
94608
510-658-3600

-1-

164

1                            **INTERROGATORY**

2   **INTERROGATORY NO. 7:**

3         Identify in detail all EVIDENCE which establishes or in any way relates to whether

4   plaintiffs' lawsuit is barred by the two-year statute of limitations found in Code of Civil

5   Procedure section 340.8.

6

7   Dated: April 3, 2018               BECHERER KANNETT & SCHWEITZER

8

                           By: _____

9                              Alex P. Catalona

10                              Attorney for Defendant
                             PRECISION VALVE & AUTOMATION, INC.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                   -2-

Becherer Kannett & Schweitzer
2209 Powell St. Suite 805 Emeryville, CA 94608 510-658-3600

165

1  Shahrad Milanfar (SBN 201126)
   smilanfar@bkscal.com
2  Alex P. Catalona (SBN 200901)
   acatalona@bkscal.com
3  BECHERER KANNETT & SCHWEITZER
   1255 Powell Street
4  Emeryville, CA 94608
   Telephone: (510) 658-3600
5  Facsimile: (510) 658-1151

6  Attorneys for Defendant
   PRECISION VALVE & AUTOMATION, INC.
7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10  RUBEN JUAREZ an individual and ISELA        )   CASE NO. 2:17-cv-03342 ODW (GJSx)
    HERNANDEZ, an individual,                    )
11                                               )   [Los Angeles County Superior Court
                                                 )   Case No. BC650229]
12                 Plaintiffs,                    )
                                                 )
13  v.                                           )   **CERTIFICATE OF SERVICE**
                                                 )
14  PRECISION VALVE & AUTOMATION,                )
    INC., a corporation and DOES 1-20,           )
15                                               )
                   Defendants.                   )
16  _____          )

17      I, Jerry M. Dumlao, declare that I am employed in the County of Alameda, State of
    California; I am over the age of eighteen (18) years and not a party to the within entitled action;
18  my business address is 1255 Powell Street, Emeryville, California 94608.

19      On **April 3, 2018**, I caused to be served the foregoing:

20  DEFENDANT PRECISION VALVE & AUTOMATION, INC.'S
21  INTERROGATORIES TO PLAINTIFF ISELA HERNANDEZ, SET NO. TWO

22      In said action by placing a true copy thereof enclosed in a sealed envelope and served in
    the manner and/or manners described below to each of the parties herein and addressed as
23  follows:

24  *Attorneys for Plaintiff*                    Teresa Li, Esq.
25                                               LAW OFFICES OF TERESA LI, PC
                                                 6701 Koll Center Parkway, Suite 250
26                                               Pleasanton, CA  94566
                                                 Telephone: (415) 423-3377
27                                               Facsimile: (888) 646-5493
                                                 Email: teresa@lawofficesofteresali.com
28

Becherer
Kannett &
Schweitzer

1255
Powell St.
Emeryville, CA
94608
510-658-3600

☐ (By Mail) I deposited such envelope with postage thereon fully prepaid to be placed in the United States Mail at Emeryville, California. I am familiar with the mail collection practices of Becherer Kannett & Schweitzer Attorneys and pursuant to those practices the envelope would be deposited with the United States Postal Service the same day.

☒ (By Personal Delivery) I caused such envelope to be delivered by hand to the office of the addressee(s).

☐ (Via Facsimile) I caused said document(s) to be transmitted to the facsimile number(s) of the addressee(s) designated.

☐ **(Electronic Filing)** I am familiar with the United States District Court, Eastern District of California's practice for collecting and processing electronic filings. Under that practice, documents are electronically filed with the court. The CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document.

Executed on March 2, 2018.

Jerry M. Dumlao

Becherer
Kannett &
Schweitzer

1255
Powell St
Emeryville, CA
94608
510-658-3600

DEFENDANT PRECISION VALVE & AUTOMATION, INC.'S
NOTICE OF REMOVAL (28 U.S.C. § 1441(a))

167

# EXHIBIT 17

Teresa Li (Bar No. 278779)
teresa@lawofficesofteresali.com
LAW OFFICES OF TERESA LI P.C.
315 Montgomery Street, 9ᵗʰ Floor
San Francisco, California  94104
Telephone:  415.423.3377
Facsimile:   888.646.5493

Attorneys for Plaintiffs
RUBEN JUAREZ AND ISELA
HERNANDEZ

Daniel K. Balaban
Daniel@dbaslaw.com
BALABAN & SPIELBERGER, LLP
11999 San Vincente Boulevard
Suite 345
Los Angles, CA 90049
Telephone:  424.832.7677
Facsimile:   424.832.7702

Attorneys for Plaintiffs
RUBEN JUAREZ and ISELA
HERNANDEZ

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN JUAREZ, an individual and ISELA HERNANDEZ, an individual,<br><br>    Plaintiff,<br><br>    v.<br><br>PRECISION VALVE & AUTOMATION, Inc., a corporation and DOES 1-20,<br><br>    Defendants. | Case No.  CV-03342-ODW(GJSX)<br><br>**PLAINTIFF ISELA HERNANDEZ'S RESPONSE TO DEFENDANT'S REQUEST FOR INTERROGATORIES, SET TWO (2)** |

**PROPOUNDING PARTY:      DEFENDANT, PRECISION VALVE &**

**AUTOMATION**

**RESPONDING PARTY:      PLAINTIFF, ISELA HERNANDEZ**

169

**SET NUMBER:          TWO**

Pursuant to Federal Rules of Civil Procedure Rule 33, Plaintiff ISELA HERNANDEZ hereby responds to Defendant PRECISION VALVE & AUTOMATION, INC.'s request for interrogatories, set two (2).

## RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 7:**

Identify in detail all EVIDENCE which establishes or in any way relates to whether plaintiffs' lawsuit is barred by the two-year statute of limitations found in Code of Civil Procedure Section 340.8.

**RESPONSE TO INTERROGATORY NO. 1:**

The interrogatory may seek information that is protected by attorney client privilege or work product doctrine.  Without waiving the objections and subject thereto, plaintiff responds: all the deposition transcripts of Plaintiff Ruben Juarez, all of the medical records of plaintiff Ruben Juarez produced in discovery or obtained via subpoenas; all the exhibits attached to Plaintiff Ruben Juarez's deposition; all the documents produced by PVA so far; and all the documents produced by PVA so far.

Dated:        May 8, 2018                    LAW OFFICES OF TERESA LI, P.C.

Teresa Li
Attorney for Plaintiffs
RUBEN JUAREZ AND ISELA
HERNANDEZ

2

170

**PROOF OF SERVICE**

RE: *Juarez v. PVA*

I am employed in the County of Alameda, State of California.  I am over the age of 18 years and not a party to the within action.  My business address is 6701 Koll Center Parkway, Suite 250, Pleasanton, CA 94566.

On May 8, 2018, I served a copy of the following document: **PLAINTIFF RUBEN JUAREZ'S RESPONSE TO DEFENDANT'S REQUEST FOR INTERROGATORIES, SET TWO (2); PLAINTIFF RUBEN JUAREZ'S RESPONSE TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS AND ELECTRONICALLY STORED INFORMATION (ESI), SET THREE (3); PLAINTIFF ISELA HERNANDEZ'S RESPONSE TO DEFENDANT'S REQUEST FOR INTERROGATORIES, SET TWO (2); PLAINTIFF ISELA HERNANDEZ'S RESPONSE TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS AND ELECTRONICALLY STORED INFORMATION (ESI), SET TWO (2)** on the below listed parties in this action as follows:

Alex P. Catalona
BECHERER KANNETT & SCHWEITZER
1255 Powell Street
Emeryville, CA 94608

___X___       **BY MAIL:** I placed such envelope on the above date with postage fully prepaid, for deposit in the U.S Postal Service at my place of business in Pleasanton, California, following the ordinary business practices of my place of business.  I am readily familiar with the business practice at my place of business for collection and processing of correspondence for mail with the U.S. Postal Service. Under the practice, such correspondence is deposited with the U.S. Postal Service the same day it is collected and processed in the ordinary course of business.

_____       **BY FAX:** I caused such document to be transmitted by facsimile transmission to a facsimile machine maintained by the person on whom it is served at the facsimile number as last given by that person on any document which he or she has filed in the case.  I caused such by sending a true copy from Teresa Li's facsimile number, and that transmission reported as complete and without error to the following facsimile number: _____.

_____       **BY PERSONAL SERVICE:** I caused such document to be delivered by hand to the above listed party.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this document was executed at Pleasanton, California on

171

1   May 8, 2018.

2   Teresa Li

RECEIVED
MAY 14 2018
BY BKS

172

# EXHIBIT 18

1  Shahrad Milanfar (SBN 201126)
   smilanfar@bkscal.com
2  Alex P. Catalona (SBN 200901)
   acatalona@bkscal.com
3  BECHERER KANNETT & SCHWEITZER
   1255 Powell Street
4  Emeryville, CA 94608
   Telephone: (510) 658-3600
5  Facsimile: (510) 658-1151

6  Attorneys for Defendant
   PRECISION VALVE & AUTOMATION, INC.

7

8                  UNITED STATES DISTRICT COURT
                   CENTRAL DISTRICT OF CALIFORNIA
9

10 RUBEN JUAREZ, an individual and ISELA        Case No.:  CV17-03342-ODW(GJSX)
   HERNANDEZ, an individual,
11                                              DEFENDANT PRECISION VALVE &
                                                AUTOMATION, INC.'S REQUESTS
12                    Plaintiffs,               FOR PRODUCTION OF DOCUMENTS
                                                AND ELECTRONICALLY STORED
   vs.                                          INFORMATION (ESI) TO PLAINTIFF
13                                              RUBEN JUAREZ, SET NO. ONE
   PRECISION VALVE & AUTOMATION, Inc., a
14 corporation and DOES 1-20,

15                    Defendants.

16

17 PROPOUNDING PARTIES:          Defendant PRECISION VALVE &
                                 AUTOMATION, INC.
18
   RESPONDING PARTY:             Plaintiff RUBEN JUAREZ
19
   SET NO:                       ONE
20

21      Defendant PRECISION VALVE & AUTOMATION, INC. requests that the responding

22 party, plaintiff RUBEN HERNANDEZ, respond to the following requests for production of

23 documents and electronically stored information (ESI) (hereinafter "Requests For Production"),

24 under oath, within thirty (30) days, pursuant to Federal Rule of Civil Procedure 34.

25      **DEFINITIONS APPLICABLE TO ALL REQUESTS FOR PRODUCTION**

26      1.      The term "COMPLAINT" refers to the Complaint filed on behalf of plaintiffs

27 Ruben Juarez and Isela Hernandez in the Superior Court of California, County of Los Angeles, on

28 February 28, 2017.

Becherer
Kannett &
Schweitzer
————
1255
Powell St.
Emeryville, CA
94608
510-658-3600

-1-

DEFENDANT PRECISION VALVE & AUTOMATION, INC.'S REQUESTS FOR PRODUCTION OF
DOCUMENTS AND ELECTRONICALLY STORED INFORMATION (ESI) TO PLAINTIFF RUBEN JUAREZ,
SET NO. ONE

174

1    2.     "DEFENDANT" means PRECISION VALVE & AUTOMATION, INC.

2    3.     The terms "DOCUMENT" and "DOCUMENTS" mean any "writing", "recording"

3    and/or "photograph" as defined in Rule 1001 of the Federal Rules of Evidence including but not

4    limited to the original, copy or electronic version of anything handwritten, typewritten, printed,

5    photostatic, photographic, computer, magnetic impulse, mechanical, electronic, or electronically

6    recorded, or any other form of data compilation; this also includes but is not limited to any

7    Electronically Stored Information ("ESI"), emails, texts, deposition transcripts, articles, notes,

8    letters, correspondence, memos, communications of any kind, etc.

9    4.     "EVIDENCE" includes any facts, witnesses (including contact information),

10   statements, video, pictures, photos, recordings, documents, writings, depositions, transcripts,

11   interviews, data, compilations, reports, productions and any other evidence of any kind

12   whatsoever.

13   5.     The words "INJURY" and "INJURIES" mean and refer to any physical, mental,

14   psychological, psychiatric or emotional injuries of any kind.

15   6.     The term "MEDICAL EXPENSES" refers to any costs, charges, expenses or fees

16   for medical care, including but not limited to any medications, treatment and hospital expenses.

17   7.     The terms "YOU" and "YOUR" mean and refer to plaintiff RUBEN JUAREZ and

18   anyone acting on his behalf, including, but not limited to, attorneys, investigators, insurers, and

19   any other agents.

20                                    **REQUESTS FOR PRODUCTION**

21   **REQUEST FOR PRODUCTION NO. 1:**

22       All DOCUMENTS which support or in any way relate to YOUR allegations against

23   DEFENDANT in this case.

24   **REQUEST FOR PRODUCTION NO. 2:**

25       All DOCUMENTS which support or in any way relate to YOUR first cause of action

26   (Negligence) in YOUR COMPLAINT.

27   **REQUEST FOR PRODUCTION NO. 3:**

28

Becherer
Kannett &
Schweitzer

———
2200
Powell St.
Suite 805
Emeryville, CA
94608
510-658-3600

-2-

175

1   All DOCUMENTS which support or in any way relate to YOUR claim that YOU were

2   subjected to a "foreseeable risk of harm."

3   **REQUEST FOR PRODUCTION NO. 4:**

4   All DOCUMENTS which support or in any way relate to YOUR second cause of action

5   (Strict Product Liability) in YOUR COMPLAINT.

6   **REQUEST FOR PRODUCTION NO. 5:**

7   All DOCUMENTS which establish or in any way relate to any alleged "design defect" of

8   the PVA 350.

9   **REQUEST FOR PRODUCTION NO. 6:**

10   All DOCUMENTS which in any way relate to any warning which YOU contend should

11   have been provided, but was not provided, for the PVA 350.

12   **REQUEST FOR PRODUCTION NO. 7:**

13   All DOCUMENTS which support or in any way relate to YOUR explanation of how the

14   PVA 350 should have been designed in order to prevent YOUR injuries as alleged in YOUR

15   COMPLAINT.

16   **REQUEST FOR PRODUCTION NO. 8:**

17   All DOCUMENTS which support or in any way relate to YOUR claim that Defendant's

18   negligence "was a substantial factor in causing Plaintiffs' harm."

19   **REQUEST FOR PRODUCTION NO. 9:**

20   All DOCUMENTS which support or in any way relate to YOUR claim that the PVA

21   350's failure to perform safely "was a substantial factor in causing Plaintiffs' harm."

22   **REQUEST FOR PRODUCTION NO. 10:**

23   All DOCUMENTS which establish or in any way relate to any INJURIES YOU allege

24   were caused, or were in any way contributed to, by the PVA 350, as alleged in YOUR

25   COMPLAINT.

26   **REQUEST FOR PRODUCTION NO. 11:**

27   All DOCUMENTS which support or in any way relate to any MEDICAL EXPENSES

28

Becherer
Kannett &
Schweitzer

2200
Powell St.
Suite 805
Emeryville, CA
94608
510-658-3600

-3-

DEFENDANT PRECISION VALVE & AUTOMATION, INC.'S REQUESTS FOR PRODUCTION OF
DOCUMENTS AND ELECTRONICALLY STORED INFORMATION (ESI) TO PLAINTIFF RUBEN JUAREZ,
SET NO. ONE

176

1   which YOU incurred related to any INJURIES YOU allege in the COMPLAINT.

2   **REQUEST FOR PRODUCTION NO. 12:**

3       All DOCUMENTS which establish or in any way relate to any (past and future) lost

4   income (including but not limited to wage loss) that YOU incurred related to any INJURIES

5   YOU allege in the COMPLAINT.

6   **REQUEST FOR PRODUCTION NO. 13:**

7       All DOCUMENTS which evidence or in any way relate to what YOU did to determine

8   what caused Ruben Juarez's injuries which are alleged in the COMPLAINT.

9       (As used in this request for production, the term "DESCRIBE" means to list everything

10  YOU did including but not limited to any investigation, research, internet research, questions, and

11  communications, and exactly when, by date, it was done.)

12  **REQUEST FOR PRODUCTION NO. 14:**

13      All DOCUMENTS which establish or in any way relate to whether plaintiffs' lawsuit is

14  barred by the two-year statute of limitations found in Code of Civil Procedure section 335.1.

15  **REQUEST FOR PRODUCTION NO. 15:**

16      All DOCUMENTS which show the amount of income that Ruben Juarez earned each

17  month and year from 2007 to the present (including but not limited to any tax records, payment

18  records, payment stubs, earnings statements, social security earnings statements, etc.).

19  **REQUEST FOR PRODUCTION NO. 16:**

20      YOUR most up-to-date resume and/or curriculum vitae.

21  **REQUEST FOR PRODUCTION NO. 17:**

22      All DOCUMENTS which evidence or in any way relate to YOUR workers' compensation

23  claim made for INJURY or INJURIES during YOUR employment with Space Exploration

24

25

26

27

28

Becherer
Kannett &
Schweitzer

2200
Powell St.
Suite 805
Emeryville, CA
94608
510-658-3600

-4-

177

1   Technologies Corporation, also known as SpaceX.

2

3

4   Dated: July 17, 2017                    BECHERER KANNETT & SCHWEITZER

5

6   By: _____

7        Alex P. Catalona
         Attorney for Defendant
         PRECISION VALVE & AUTOMATION, INC.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

Becherer
Kannett &
Schweitzer

2200
Powell St.
Suite 805
Emeryville, CA
94608
510-658-3600

22

23

24

25

26

27

28

DEFENDANT PRECISION VALVE & AUTOMATION, INC.'S REQUESTS FOR PRODUCTION OF DOCUMENTS AND ELECTRONICALLY STORED INFORMATION (ESI) TO PLAINTIFF RUBEN JUAREZ, SET NO. ONE

178

1  Shahrad Milanfar (SBN 201126)
   smilanfar@bkscal.com
2  Alex P. Catalona (SBN 200901)
   acatalona@bkscal.com
3  BECHERER KANNETT & SCHWEITZER
   1255 Powell Street
4  Emeryville, CA 94608
   Telephone: (510) 658-3600
5  Facsimile: (510) 658-1151

6  Attorneys for Defendant
   PRECISION VALVE & AUTOMATION, INC.
7

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10  RUBEN JUAREZ an individual and ISELA      )   CASE NO. 2:17-cv-03342 ODW (GJSx)
    HERNANDEZ, an individual,                 )
11                                            )   [Los Angeles County Superior Court
                    Plaintiffs,               )   Case No. BC650229]
12                                            )
    v.                                        )   **CERTIFICATE OF SERVICE**
13                                            )
    PRECISION VALVE & AUTOMATION,             )
14  INC., a corporation and DOES 1-20,        )
                                              )
15                  Defendants.               )
                                              )
16  _____  )

17        I, Jerry M. Dumlao, declare that I am employed in the County of Alameda, State of
    California; I am over the age of eighteen (18) years and not a party to the within entitled action;
18  my business address is 1255 Powell Street, Emeryville, California 94608.

19        On **July 17, 2017**, I caused to be served the foregoing:

20        **DEFENDANT PRECISION VALVE & AUTOMATION, INC.'S
          REQUESTS FOR PRODUCTION OF DOCUMENTS AND
21        ELECTRONICALLY STORED INFORMATION (ESI) TO PLAINTIFF
22        RUBEN JUAREZ, SET NO. ONE**

23        In said action by placing a true copy thereof enclosed in a sealed envelope and served in
    the manner and/or manners described below to each of the parties herein and addressed as
24  follows:
25

    *Attorneys for Plaintiff*                    Teresa Li, Esq.
26                                               LAW OFFICES OF TERESA LI, PC
                                                 315 Montgomery Street, 9th Floor
27                                               San Francisco, California 94104
28                                               Telephone: (415) 423-3377

                                    -1-

Becherer
Kannett &
Schweitzer

1255
Powell St.
Emeryville, CA
94608
510-658-3600

179

1    Facsimile: (888) 646-5493
     Email: teresa@lawofficesofteresali.com

2    ☒ (By Mail) I deposited such envelope with postage thereon fully prepaid to be placed
3    in the United States Mail at Emeryville, California. I am familiar with the mail
     collection practices of Becherer Kannett & Schweitzer Attorneys and pursuant to those
4    practices the envelope would be deposited with the United States Postal Service the
     same day.
5

6    ☒ (Via Facsimile) I caused said document(s) to be transmitted to the facsimile
     number(s) of the addressee(s) designated.
7

8    Executed on July 17, 2017.

9

10                                              Jerry M. Dumlao

11

12

13

14

15

16

17

18

19

20

21

22

23

Becherer  24
Kannett &
Schweitzer
          25
1255
Powell St.  26
Emeryville, CA
94608
510-658-3600  27

28
                              -2-
              DEFENDANT PRECISION VALVE & AUTOMATION, INC.'S
              NOTICE OF REMOVAL (28 U.S.C. § 1441(a))

180

# EXHIBIT 19

1    Teresa Li (Bar No. 278779)
     teresa@lawofficesofteresali.com
2    LAW OFFICES OF TERESA LI P.C.
     315 Montgomery Street, 9th Floor
3    San Francisco, California  94104
     Telephone:    415.423.3377
4    Facsimile:    888.646.5493

5    Attorneys for Plaintiffs
     RUBEN JUAREZ AND ISELA
6    HERNANDEZ

7

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10

11

12   RUBEN JUAREZ, an individual and      Case No.  CV-03342-ODW(GJSX)
     ISELA HERNANDEZ, an individual,
13
                Plaintiff,
14                                         **PLAINTIFF RUBEN JUAREZ'S RESPONSE
         v.                                TO DEFENDANT'S REQUEST FOR
15                                         PRODUCTION OF DOCUMENTS AND
     PRECISION VALVE & AUTOMATION,         ELECTRONICALLY STORED
16   Inc., a corporation and DOES 1-20,    INFORMATION (ESI), SET ONE (1)**

17                Defendants.

18

19   **PROPOUNDING PARTY:  DEFENDANT, PRECISION VALVE & AUTOMATION**

20   **RESPONDING PARTY:    PLAINTIFF, RUBEN JUAREZ**

21   **SET NUMBER:          ONE**

22         Pursuant to Federal Rules of Civil Procedure Rule 34, Plaintiff RUBEN JUAREZ hereby

23   responds to Defendant PRECISION VALVE & AUTOMATION, INC.'s request for production

24   of documents and electronically stored information, set one (1).

25   **RESPONSES TO PRODUCTION OF DOCUMENTS AND ELECTRONICALLY
26                          STORED INFORMATION**

27   **REQUEST FOR PRODUCTION OF DOCUMENTS NO. 1**

28         All DOCUMENTS which support or in any way relate to YOUR allegations against

1  DEFENDANT in this case.

2  **RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

3  The request is overly broad, unduly burdensome, and oppressive.  It also seeks

4  information that protected by the attorney-client privilege and the attorney work product doctrine.

5  It also seeks a premature disclosure of expert opinions.   Without waiving the objections and

6  subject thereto, Plaintiff responds: plaintiff has complied.

7  **REQUEST FOR PRODUCTION OF DOCUMENTS NO. 2**

8  All DOCUMENTS which support or in any way relate to YOUR first cause of action

9  (Negligence) in YOUR COMPLAINT.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

11  The request is overly broad, unduly burdensome, and oppressive.  It also seeks

12  information that protected by the attorney-client privilege and the attorney work product doctrine.

13  It also seeks a premature disclosure of expert opinions.  Without waiving the objections and

14  subject thereto, Plaintiff responds: plaintiff has complied.

15  **REQUEST FOR PRODUCTION OF DOCUMENTS NO. 3**

16  All DOCUMENTS which support or in any way relate to YOUR claim that YOU were

17  subjected to a "foreseeable risk of harm."

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

19  The request is overly broad, unduly burdensome, and oppressive.  It also seeks

20  information that protected by the attorney-client privilege and the attorney work product doctrine.

21  It also seeks a premature disclosure of expert opinions.  Without waiving the objections and

22  subject thereto, Plaintiff responds: plaintiff has complied.

23  **REQUEST FOR PRODUCTION OF DOCUMENTS NO. 4**

24  All DOCUMENTS which support or in any way relate to YOUR second cause of action

25  (Strict Product Liability) in YOUR COMPLAINT.

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

27  The request is overly broad, unduly burdensome, and oppressive.  It also seeks

28  information that protected by the attorney-client privilege and the attorney work product doctrine.

2

183

1   It also seeks a premature disclosure of expert opinions.  Without waiving the objections and

2   subject thereto, Plaintiff responds: plaintiff has complied.

3   **REQUEST FOR PRODUCTION OF DOCUMENTS NO. 5**

4       All DOCUMENTS which establish or in any way relate to any alleged "design defect" of

5   the PVA 350.

6   **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

7       The request is overly broad, unduly burdensome, and oppressive.  It also seeks

8   information that protected by the attorney-client privilege and the attorney work product doctrine.

9   It also seeks a premature disclosure of expert opinions.  Without waiving the objections and

10  subject thereto, Plaintiff responds: plaintiff has complied.

11  **REQUEST FOR PRODUCTION OF DOCUMENTS NO. 6**

12      All DOCUMENTS which in any way relate to any warning which YOU contend should

13  have been provided, but was not provided, for the PVA 350.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

15      The request is overly broad, unduly burdensome, and oppressive.  It also seeks

16  information that protected by the attorney-client privilege and the attorney work product doctrine.

17  It also seeks a premature disclosure of expert opinions.  Without waiving the objections and

18  subject thereto, Plaintiff responds: plaintiff has complied.

19  **REQUEST FOR PRODUCTION OF DOCUMENTS NO. 7**

20      All DOCUMENTS which support or in any way relate to YOUR explanation of how the

21  PVA 350 should have been designed in order to prevent YOUR injuries as alleged in YOUR

22  COMPLAINT.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

24      The request is overly broad, unduly burdensome, and oppressive.  It also seeks

25  information that protected by the attorney-client privilege and the attorney work product doctrine.

26  It also seeks a premature disclosure of expert opinions.  Without waiving the objections and

27  subject thereto, Plaintiff responds: plaintiff has complied.

28      ///

3

184

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 8**

All DOCUMENTS which support or in any way relate to YOUR claim that Defendant's negligence "was a substantial factor in causing Plaintiffs' harm."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

The request is overly broad, unduly burdensome, and oppressive. It also seeks information that protected by the attorney-client privilege and the attorney work product doctrine. It also seeks a premature disclosure of expert opinions. Without waiving the objections and subject thereto, Plaintiff responds: plaintiff has complied.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 9**

All DOCUMENTS which support or in any way relate to YOUR claim that the PVA's failure to perform safely "was a substantial factor in causing Plaintiffs' harm."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

The request is overly broad, unduly burdensome, and oppressive. It also seeks information that protected by the attorney-client privilege and the attorney work product doctrine. It also seeks a premature disclosure of expert opinions. Without waiving the objections and subject thereto, Plaintiff responds: plaintiff has complied.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 10**

All DOCUMENTS which establish or in any way relate to any INJURIES YOU allege were caused, or were in any way contributed to, by the PVA 350, as alleged in YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

The request is overly broad, unduly burdensome, and oppressive. It also seeks information that protected by the attorney-client privilege and the attorney work product doctrine. It also seeks a premature disclosure of expert opinions. Without waiving the objections and subject thereto, Plaintiff responds: plaintiff has complied.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 11**

All DOCUMENTS which support or in any way relate to any MEDICAL EXPENSES which YOU incurred related to any INJURIES YOU allege in the COMPLAINT.

4

PLAINTIFF RUBEN JUAREZ'S RESPONSE TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS AND ELECTRONICALLY STORED INFORMATION, SET ONE (1)

185

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Plaintiff has complied.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 12**

All DOCUMENTS which establish or in any way relate to any (past and future) lost income (including but not limited to wage loss) that YOU incurred related to any INJURIES YOU allege in the COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

The request is overly broad, unduly burdensome, and oppressive.  It also seeks information that protected by the attorney-client privilege and the attorney work product doctrine. It also seeks a premature disclosure of expert opinions.  Without waiving the objections and subject thereto, Plaintiff responds: plaintiff has complied.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 13**

All DOCUMENTS which evidence or in any way relate to what YOU did to determine what caused Ruben 'Juarez's injuries which are alleged in the COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

The request is overly broad, unduly burdensome, and oppressive.  It also seeks information that protected by the attorney-client privilege and the attorney work product doctrine. It also seeks a premature disclosure of expert opinions.  Without waiving the objections and subject thereto, Plaintiff responds: plaintiff has complied.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 14**

All DOCUMENTS which establish or in any way relate to whether plaintiffs' lawsuit is barred by the two-year statute of limitations found in Code of Civil Procedure section 3351.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

The request seeks information that protected by the attorney-client privilege and the attorney work product doctrine. Without waiving the objections and subject thereto, Plaintiff responds: plaintiff has complied.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 15**

All DOCUMENTS which show the amount of income that Ruben Juarez earned each

5

1   month and year from 2007 to the present (including but not limited to any tax records, payment

2   records, payment stubs, earnings statements, social security earnings statements, etc.).

3   **RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

4       The request seeks information that protected by the attorney-client privilege, the attorney

5   work product doctrine, and tax return privilege. Without waiving the objections and subject

6   thereto, Plaintiff responds: plaintiff has produced his W2 from 2012 to 2014.  Plaintiff has not

7   worked since then due to his illness.

8   **REQUEST FOR PRODUCTION OF DOCUMENTS NO. 16**

9       YOUR most up-to-date resume and/or curriculum vitae.

10   **RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

11       Plaintiff will comply.

12   **REQUEST FOR PRODUCTION OF DOCUMENTS NO. 17**

13       All DOCUMENTS which evidence or in any way relate to YOUR workers' compensation

14   claim made for INJURY or INJURIES during YOUR employment with Space Exploration.

15   **RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

16       The request is not relevant.  It also seeks information that is protected by the attorney-

17   client privilege and work product doctrine.  Without waiving the objections and subject thereto,

18   Plaintiff does not have his workers' compensation file.  Plaintiff has requested the files from his

19   workers' compensation attorney but still does not have it.  However, Defendant has subpoenaed

20   Plaintiff's workers' compensation file, so it should be produced shortly.

21   Dated: September 7, 2017          LAW OFFICES OF TERESA LI, P.C.

22

23

24                             Teresa Li

25                             Attorney for Plaintiffs
                          RUBEN JUAREZ AND ISELA
                          HERNANDEZ

26

27

28

6

187

## PROOF OF SERVICE

State of California, County of San Francisco

    I am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the within action; my business address is 315 Montgomery Street, 9th Floor, San Francisco, CA 94104.

    On the date listed below, I served the following documents: in the manner and/or manners described below to each of the parties herein and addressed as stated below:

- **PLAINTIFF ISELA HERNANDEZ'S RESPONSE TO DEFENDANT'S REQUEST FOR INTERROGATORIES, SET ONE (1)**
- **PLAINTIFF ISELA HERNANDEZ'S RESPONSE TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS AND ELECTRONICALLY STORED INFORMATION (ESI), SET ONE (1)**
- **PLAINTIFF RUBEN JUAREZ'S RESPONSE TO DEFENDANT'S REQUEST FOR INTERROGATORIES, SET ONE (1)**
- **PLAINTIFF RUBEN JUAREZ'S RESPONSE TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS AND ELECTRONICALLY STORED INFORMATION (ESI), SET ONE (1)**

Shahrad Milanfar
smilanfar@bkscal.com
Alex P. Catalona
acatalona@bkscal.com
BECHERER KANNETT & SCHWEITZER
1255 Powell Street
Emeryville, CA 94608

\_\_\_\_ United States Postal Service, U.S. Mal, with First Class postage prepaid and deposited in a sealed envelope at San Francisco, CA.  I am readily familiar with the business practice at my place of business for collection and processing of correspondence for mailing with the United States Postal Service.  Correspondence so collected and processed is deposited with the United States Postal Service that same day in the ordinary course of business.

\_\_\_\_\_ Facsimile Transmission

\_\_\_\_\_ Hand delivery by Courier: same day delivery

\_\_X\_\_ Other: E-Mail. pdf attachment

188

I certify and declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on September 8, 2017, at San Francisco, California.  .

| | |
|---|---|
| Teresa Li | |
| Type or Print Name | Signature |

PROOF OF SERVICE

189

# EXHIBIT 20

1   Shahrad Milanfar (SBN 201126)
    smilanfar@bkscal.com
2   Alex P. Catalona (SBN 200901)
    acatalona@bkscal.com
3   BECHERER KANNETT & SCHWEITZER
    1255 Powell Street
4   Emeryville, CA 94608
    Telephone: (510) 658-3600
5   Facsimile: (510) 658-1151

6   Attorneys for Defendant
    PRECISION VALVE & AUTOMATION, INC.

7

8                 UNITED STATES DISTRICT COURT
                  CENTRAL DISTRICT OF CALIFORNIA
9

10  RUBEN JUAREZ, an individual and ISELA       Case No.:  CV17-03342-ODW(GJSX)
    HERNANDEZ, an individual,
11                                              **DEFENDANT PRECISION VALVE &**
                                                **AUTOMATION, INC.'S REQUESTS**
12                 Plaintiffs,                  **FOR PRODUCTION OF DOCUMENTS**
                                                **AND ELECTRONICALLY STORED**
13  vs.                                         **INFORMATION (ESI) TO PLAINTIFF**
                                                **ISELA HERNANDEZ, SET NO. ONE**
14  PRECISION VALVE & AUTOMATION, Inc., a
    corporation and DOES 1-20,
15
                   Defendants.
16

17  PROPOUNDING PARTIES:        Defendant PRECISION VALVE &
                                AUTOMATION, INC.
18
    RESPONDING PARTY:           Plaintiff ISELA HERNANDEZ
19
    SET NO:                     ONE
20

21       Defendant PRECISION VALVE & AUTOMATION, INC. requests that the responding

22  party, plaintiff ISELA HERNANDEZ, respond to the following requests for production of

23  documents and electronically stored information (ESI) (hereinafter "Requests For Production"),

24  under oath, within thirty (30) days, pursuant to Federal Rule of Civil Procedure 34.

        **DEFINITIONS APPLICABLE TO ALL REQUESTS FOR PRODUCTION**
25
        1.    The term "COMPLAINT" refers to the Complaint filed on behalf of plaintiffs
26
    Ruben Juarez and Isela Hernandez in the Superior Court of California, County of Los Angeles, on
27
    February 28, 2017.
28

Becherer
Kannett &
Schweitzer

1255
Powell St.
Emeryville, CA
94608
510-658-3600

-1-

DEFENDANT PRECISION VALVE & AUTOMATION, INC.'S REQUESTS FOR PRODUCTION OF
DOCUMENTS AND ELECTRONICALLY STORED INFORMATION (ESI) TO PLAINTIFF ISELA
HERNANDEZ, SET NO. ONE

191

1    2.    "DEFENDANT" means PRECISION VALVE & AUTOMATION, INC.

2    3.    The terms "DOCUMENT" and "DOCUMENTS" mean any "writing", "recording"

3    and/or "photograph" as defined in Rule 1001 of the Federal Rules of Evidence including but not

4    limited to the original, copy or electronic version of anything handwritten, typewritten, printed,

5    photostatic, photographic, computer, magnetic impulse, mechanical, electronic, or electronically

6    recorded, or any other form of data compilation; this also includes but is not limited to any

7    Electronically Stored Information ("ESI"), emails, texts, deposition transcripts, articles, notes,

8    letters, correspondence, memos, communications of any kind, etc.

9    4.    "INJURIES" means any injuries and/or damages including but not limited to the

10   loss of love, care companionship, comfort, assistance, protection, society and moral support from

11   Ruben Juarez.

12   5.    The terms "YOU" and "YOUR" mean and refer to plaintiff ISELA HERNANDEZ

13   and anyone acting on his behalf, including, but not limited to, attorneys, investigators, insurers,

14   and any other agents.

15   **REQUESTS FOR PRODUCTION**

16   **REQUEST FOR PRODUCTION NO. 1:**

17   All DOCUMENTS which support or in any way relate to YOUR allegations against

18   DEFENDANT in this case.

19   **REQUEST FOR PRODUCTION NO. 2:**

20   All DOCUMENTS which support or in any way relate to YOUR cause of action for Loss

21   of Consortium (Third Cause of Action) in the COMPLAINT.

22   **REQUEST FOR PRODUCTION NO. 3:**

23   All DOCUMENTS which support or in any way relate to YOUR claim that Defendant's

24   wrongful conduct, acts and/or omissions "were a substantial factor in causing Plaintiff ISELA

25   HERNANDEZ to sustain loss of love, care companionship, comfort, assistance, protection,

26   society, moral support from Plaintiff RUBEN JUAREZ" as alleged in the COMPLAINT.

27   **REQUEST FOR PRODUCTION NO. 4:**

28

Becherer
Kannett &
Schweitzer

2200
Powell St.
Suite 805
Emeryville, CA
94608
510-658-3600

-2-

DEFENDANT PRECISION VALVE & AUTOMATION, INC.'S REQUESTS FOR PRODUCTION OF DOCUMENTS AND ELECTRONICALLY STORED INFORMATION (ESI) TO PLAINTIFF ISELA HERNANDEZ, SET NO. ONE

192

1    All DOCUMENTS which document or relate to INJURIES which YOU allege were

2    caused, or were in any way contributed to, by Defendant's wrongful conduct, acts and/or

3    omissions, as alleged in YOUR COMPLAINT.

4    **REQUEST FOR PRODUCTION NO. 5:**

5    All DOCUMENTS which document or relate to anything YOU did to determine what

6    caused Isela Hernandez's injuries which are alleged in the COMPLAINT.

7    **REQUEST FOR PRODUCTION NO. 6:**

8    All DOCUMENTS which establish or in any way relate to whether plaintiffs' lawsuit is

9    barred by the two-year statute of limitations found in Code of Civil Procedure section 335.1.

10   **REQUEST FOR PRODUCTION NO. 7:**

11   YOUR most up-to-date resume and/or curriculum vitae.

12

13

14   Dated: July 17, 2017                    BECHERER KANNETT & SCHWEITZER

15

16                                  By: _____
                                        Alex P. Catalona
17                                      Attorney for Defendant
                                        PRECISION VALVE & AUTOMATION, INC.

18

19

20

21

22

Becherer
Kannett &
Schweitzer
23

2200
Powell St.
Suite 805
Emeryville, CA
94608
510-658-3600
24

25

26

27

28

-3-

DEFENDANT PRECISION VALVE & AUTOMATION, INC.'S REQUESTS FOR PRODUCTION OF
DOCUMENTS AND ELECTRONICALLY STORED INFORMATION (ESI) TO PLAINTIFF ISELA
HERNANDEZ, SET NO. ONE

193

1  Shahrad Milanfar (SBN 201126)
   smilanfar@bkscal.com
2  Alex P. Catalona (SBN 200901)
   acatalona@bkscal.com
3  BECHERER KANNETT & SCHWEITZER
   1255 Powell Street
4  Emeryville, CA 94608
   Telephone: (510) 658-3600
5  Facsimile: (510) 658-1151

6  Attorneys for Defendant
   PRECISION VALVE & AUTOMATION, INC.
7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10 RUBEN JUAREZ an individual and ISELA        )  CASE NO. 2:17-cv-03342 ODW (GJSx)
   HERNANDEZ, an individual,                   )
11                                             )  [Los Angeles County Superior Court
                 Plaintiffs,                   )  Case No. BC650229]
12                                             )
   v.                                          )
13                                             )  **CERTIFICATE OF SERVICE**
                                               )
   PRECISION VALVE & AUTOMATION,               )
14 INC., a corporation and DOES 1-20,          )
                                               )
15               Defendants.                   )
                                               )
16 ─────────────────────────────────────────── )

17        I, Jerry M. Dumlao, declare that I am employed in the County of Alameda, State of
   California; I am over the age of eighteen (18) years and not a party to the within entitled action;
18 my business address is 1255 Powell Street, Emeryville, California 94608.

19        On **July 17, 2017**, I caused to be served the foregoing:

20        **DEFENDANT PRECISION VALVE & AUTOMATION, INC.'S REQUESTS
          FOR PRODUCTION OF DOCUMENTS AND ELECTRONICALLY STORED**
21        **INFORMATION (ESI) TO PLAINTIFF ISELA HERNANDEZ, SET NO. ONE**

22        In said action by placing a true copy thereof enclosed in a sealed envelope and served in
23 the manner and/or manners described below to each of the parties herein and addressed as
   follows:
24

25 *Attorneys for Plaintiff*                   Teresa Li, Esq.
                                               LAW OFFICES OF TERESA LI, PC
26                                             315 Montgomery Street, 9th Floor
                                               San Francisco, California 94104
27                                             Telephone: (415) 423-3377
                                               Facsimile: (888) 646-5493
28

                                      -1-
                          CERTIFICATE OF SERVICE

Becherer
Kannett &
Schweitzer

1255
Powell St.
Emeryville, CA
94608
510-658-3600

1

Email: teresa@lawofficesofteresali.com

2 ☒ (By Mail) I deposited such envelope with postage thereon fully prepaid to be placed in the United States Mail at Emeryville, California. I am familiar with the mail

3 collection practices of Becherer Kannett & Schweitzer Attorneys and pursuant to those practices the envelope would be deposited with the United States Postal Service the

4 same day.

5 ☒ (Via Facsimile) I caused said document(s) to be transmitted to the facsimile number(s) of the addressee(s) designated.

6

7

8 Executed on July 17, 2017.

9

10 _____
Jerry M. Dumlao

11

12

13

14

15

16

17

18

19

20

21

22

23

**Becherer
Kannett &
Schweitzer**

24

25

1255
Powell St.
Emeryville, CA
94608
510-658-3600

26

27

28

-2-

195