Shahrad Milanfar (SBN 201126)
smilanfar@bkscal.com
Alex P. Catalona (SBN 200901)
acatalona@bkscal.com
BECHERER KANNETT & SCHWEITZER
1255 Powell Street
Emeryville, CA 94608
Telephone: (510) 658-3600
Facsimile: (510) 658-1151

Attorneys for Defendant
PRECISION VALVE & AUTOMATION, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN JUAREZ, an individual and ISELA HERNANDEZ, an individual,<br><br>Plaintiffs,<br><br>PRECISION VALVE & AUTOMATION, INC., a corporation and DOES 1-20,<br><br>Defendants. | CASE NO. CV17-03342-ODW (GJSX)<br>[L.A.S.C. Case No. BC650229]<br><br>**[PROPOSED] JUDGMENT GRANTING DEFENDANT PRECISION VALVE & AUTOMATION, INC.'S MOTION FOR SUMMARY JUDGMENT**<br><br>Date: September 24, 2018<br>Time: 1:30 p.m.<br>Ctrm: 5D, 5th Floor<br>Judge: Hon. Otis D. Wright II<br><br>*This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on July 16, 2018. (Catalona Dec., 9:9-17, 690-694.)<br><br>**Defendant requests oral argument on this motion for summary judgment. |

The Motion for Summary Judgment of Defendant Precision Valve & Automation, Inc. ("PVA") came on regularly for hearing on September 24, 2018 in the above-entitled court. The Court has considered the moving papers, opposition papers, reply papers and oral argument presented by counsel for the parties.

Based upon the evidence presented, IT IS HEREBY ORDERED that PVA's motion for summary judgment is GRANTED. There is no genuine dispute as to any material fact and PVA is entitled to judgment as a matter of law pursuant to Federal Rule of Civil Procedure 56.

### 1. **The Statute of Limitations:**

California has a two year limitations period in both the statute governing toxic exposure suits, Cal. Code of Civil Procedure ("C.C.P.") section 340.8, and the general product liability statute, C.C.P. section 335.1.

Under section 340.8, toxic exposure suits must be filed within "two years from the date of the injury, or two years after the plaintiff becomes aware of, or reasonably should have become aware of, (1) an injury, (2) the physical cause of the injury, and (3) sufficient facts to put a reasonable person on inquiry notice that the injury was caused or contributed to by the wrongful act of another, whichever occurs later." (C.C.P. § 340.8(a).) Under the general product liability statute, section 335.1, plaintiffs must file suit within "two years" after plaintiffs have reason to suspect that a type of wrongdoing has injured them.

Section 335.1 arguably applies to this case because PVA did not sell the allegedly "toxic substances" but a machine that plaintiff's employer used with those substances. There is no case which decides this issue but it "makes no difference," *Nelson v. Indevus Pharmaceuticals, Inc.*, 142 Cal.App.4th 1202, 1209, fn. 7 (2006), because "the analysis is the same under either two-year limitations period." *Riggs v. 7-H Tech. Serv. Group, Inc.*, 2006 WL 1720432, *3 (Cal. Ct. App. 2006.); *Viramontes v. Pfizer, Inc.*, 2015 9319497, *6, fn. 8 (Cal. Ct. App. 2015) (accord); *Meadows v. Laci Le Beau Corp.*, 2009 WL 2875344, *4 (Cal.Ct.App. 2009) (accord).

This deadline is subject to California's "delayed discovery" rule, *Gonzales v. Texaco, Inc.,* 2007 WL 4044319, *7 (Cal. Ct. App. 2007) ("Section 340.8(a) codified the discovery rule"), which is an "exception" to the affirmative defense of the statute of limitations. *Grisham v. Phillip Morris U.S.A., Inc.*, 40 Cal.4th 623, 634 (2007);

Becherer
Kannett &
Schweitzer
_____
1255 Powell St.
Emeryville, CA
94608
510-658-3600

*NBCUniversal Media, LLC. v. Superior Court*, 225 Cal.App.4th 1222, 1232 (2014).

Because it is an exception, it is plaintiffs' burden to establish the delayed discovery rule applies. *NBCUniversal, supra,* 225 Cal.App.4th at 1232 (holding plaintiffs "have the burden of demonstrating their entitlement to delayed accrual of their causes of action.") "[T]he language of section 340.8 is not intended to create a special discovery rule of accrual for claims predicated on exposure to hazardous substances but rather to clarify that California's traditional discovery rule applies to such claims." *Tsaturyan v. Glaxosmithkline, LLC*, 2018 WL 1789379, *6, fn. 9 (Cal. Ct. App. 2018) (quoting *Alexander v. Exxon Mobil,* 219 Cal.App.4th 1236, 1252 (2013)); *See also Rosas v. BASF Corporation,* 236 Cal.App.4th 1378, 1390 (2015) ("The Legislature passed section 340.8 to codify for toxic torts the delayed discovery rule.")

Pursuant to the delayed discovery rule, a cause of action will not accrue until the plaintiff "has 'notice or information of circumstances to put a reasonable person on inquiry'; he need not know the 'specific 'facts' necessary to establish' the cause of action." *Norgart v. Upjohn Co.*, 21 Cal.4th 383, 398 (1999).

A plaintiff's actual (or purported) ignorance of his claims is irrelevant so long as "sufficient facts" are known which would "put a *reasonable person* on inquiry notice." C.C.P. § 340.8 (emphasis added). "Subjective suspicion is not required. If a person becomes aware of facts which would make a reasonably prudent person suspicious, he or she has a duty to investigate further and is charged with knowledge of matters which would have been revealed by such an investigation." *McCoy v. Gustafson*, 180 Cal.App.4th 56, 108 (2009); *Treatt USA v. Superior Court*, 2015 WL 5895495, *8 (Cal. Ct. App. 2015) (holding cause of action accrues "even if the plaintiff himself is subjectively oblivious.")

A cause of action accrues for purposes of the running of the statute of limitations when the plaintiff "'suspects ... that someone has done something wrong' to him."

**Becherer Kannett & Schweitzer**
1255 Powell St.
Emeryville, CA 94608
510-658-3600

-3-
[PROPOSED] JUDGMENT GRANTING DEFENDANT PRECISION VALVE & AUTOMATION, INC.'S MOTION FOR SUMMARY JUDGMENT

*Norgart, supra,* at 397 (quoting *Jolly v. Eli Lilly & Co.*, 44 Cal.3d 1103, 1110 (1988); *see also Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal.4th 797, 808-809 (2005) (holding "a potential plaintiff who suspects that an injury has been wrongfully caused must conduct a reasonable investigation of all potential causes of that injury.")

By requiring knowledge that a wrongful act was committed by "another," section 340.8 also codified the longstanding rule that a cause of action accrues even when the identity of the defendant is unknown: "[T]he plaintiff may discover, or have reason to discover, the cause of action even if he does not suspect, or have reason to suspect, the identity of the defendant . . . because the identity of the defendant is not an element of any cause of action." *Norgart, supra,* 21 Cal.4th at 399 (relying on C.C.P. § 474 which requires plaintiffs to sue unknown defendants as "Does.")

Even if an injured plaintiff's doctors' conclusions are "ambiguous" regarding the cause of his injuries, and insufficient to "arouse a reasonable person's suspicion[,]" the fact that [the plaintiff] filed a workers' compensation claim . . . *based on exposure to toxic chemicals at work is definitive proof* that he had a suspicion that 'someone ha[d] done something wrong to [him]' long before his civil complaint was filed." *Rivas v. Safety Kleen Corp.,* 98 Cal.App.4th 218, 228-229 (2002) (emphasis added).

There is "no authority for the proposition that a cause of action cannot accrue until a plaintiff can attach a medical diagnosis, whether correct or incorrect, to her condition, even though plaintiff suffers harm and is aware of its negligent cause." *Miller v. Lakeside Village Condominium Assn.*, 1 Cal.App.4th 1611, 1625 (1991).

Here, the evidence shows that plaintiff Juarez admitted that in January or February of 2012, two weeks after starting at SpaceX, he was exposed to toxic materials from PVA's machine. Then, a few months later he developed migraine headaches, dizziness, difficulty walking and sinus symptoms which he personally attributed to exposure to chemical coating materials Arathane and Humiseal. Then, starting in June, 2012, he allegedly had over 9 hospitalizations and at least 21 visits to urgent care/emergency rooms for symptoms associated with toxic chemical exposure.

Becherer Kannett & Schweitzer
1255 Powell St. Emeryville, CA 94608
510-658-3600

He reported these issues to SpaceX who he felt should not have bypassed the machine's safety mechanisms and should have required an alarm system to prevent workers from using it without adequate ventilation. He even purchased an air filtration system to reduce the exposure to these fumes by SpaceX employees. Plaintiffs' lawsuit therefore accrued no later than October, 2012, which is the very latest he could have first suspected someone "had done something wrong" to cause his injuries. *Norgart, supra,* 21 Cal.4th at 406 (quoting *Jolly, supra,* 44 Cal.3d at 1110); *Treatt USA v. Superior Court,* 2015 WL 5895495, *8 (Cal. Ct. App. 2015) (holding "that no later than April 2009 . . . Linares was or reasonably should have been aware he had sustained appreciable lung injury caused, *at least in part, by occupational exposure to toxins*, and that a reasonable person in Linares' position would suspect or should have suspected wrongdoing. Thus, the two-year limitation period expired before the action was filed on June 20, 2012." (emphasis added).)

Plaintiff Juarez not only suspected but genuinely believed the PVA 350 was responsible for his injuries because it did not have "an alarm" and there was nothing "to advise the operator that the suction system was not working or pulling all of the fumes out of it," which is the same factual theory his attorneys alleged against PVA in their complaint.

Moreover, Juarez stopped working at SpaceX in March, 2014 due to his headaches and related symptoms, and filed his workers' compensation action for "exposure to toxic chemicals" in September, 2014—which under California law "constituted further 'definitive proof that he had a suspicion that 'someone ha[d] done something wrong to [him]' long before [he filed] his civil complaint.'" *Treatt USA, Inc., supra,* at *9 fn. 10 (quoting *Rivas, infra,* 98 Cal.App.4th at 229.)

The undisputed evidence also proves that plaintiffs did nothing to investigate the cause of their injuries, even after Juarez expressed his concerns about Humiseal, Arathane and the PVA 350 to his employer in 2012 and after filing his workers' compensation action for toxic chemical exposure in September, 2014.

[PROPOSED] JUDGMENT GRANTING DEFENDANT PRECISION VALVE & AUTOMATION, INC.'S MOTION FOR SUMMARY JUDGMENT

Becherer Kannett & Schweitzer
1255 Powell St. Emeryville, CA 94608
510-658-3600

By definition, plaintiffs' actions fail to establish the "diligence" necessary to avoid the statute of limitations. "This duty to be diligent in discovering facts that would delay accrual of a cause of action ensures that plaintiffs who do 'wait for the facts' will be *unable to successfully avoid summary judgment against them on statute of limitations grounds*." *Heimuli v. Lilja*, 2012 WL 2520907, *6 (Cal. Ct. App. 2012) (emphasis added; citation omitted).

The fact that in March, 2015 SpaceX produced MSDS sheets to Juarez's attorneys is irrelevant, because plaintiffs are not permitted to "wait for facts to find them" and "sit on their rights." *Ultimax Cement Mfg. Corp. v. Quikrete Companies, Inc.*, 2009 WL 4307082, *4 (Cal. Ct. App. 2009) (quoting *Jolly v. Eli Lilly & Co.* 44 Cal.3d 1103, 1111 (1988).) The MSDS sheets were always available to plaintiff Juarez either from SpaceX's online database on plaintiff's computer, or in the three-ring binder nearby. There was also nothing to prevent him or his attorneys from obtaining them once he left SpaceX, or simply downloading them from the internet. Plaintiffs' reliance on the MSDS sheets fails because plaintiffs are not only held to their "actual knowledge," but to any "sources" of knowledge that are reasonably available. *Jolly, supra,* 44 Cal.3d 1103 at 1109; *Treatt USA, Inc., supra*, at *12 (accord).

Plaintiff Juarez's purported failure to remember seeing the MSDS sheets at SpaceX does not create a dispute of material fact. Considering they were kept on his work computer and in a binder nearby, and that Juarez actually used them as part of his job, and because he passed a "Hazard Communication" course which taught him that this same MSDS sheets were "readily accessible to employees in their work area," the Court is free to disregard plaintiffs' version of events which "no reasonable jury could believe" because it is "utterly discredited by the record." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

Even if this story is considered for the sake of argument, it does not create a dispute of material fact because Juarez never actually disputed the MSDS sheets were

-6-

[PROPOSED] JUDGMENT GRANTING DEFENDANT PRECISION VALVE & AUTOMATION, INC.'S MOTION FOR SUMMARY JUDGMENT

Becherer
Kannett &
Schweitzer
_____
1255 Powell St.
Emeryville, CA
94608
510-658-3600

available to him at SpaceX. He only testified that he could not *remember seeing them* and the fact that they were nonetheless available remains undisputed: "In sum, Linares does not actually claim he never received or understood the communications he received from anyone from National Jewish [Hospital], *only that he 'does not recall' doing so*. But Linares's lack of recollection does not constitute affirmative evidence raising a triable issue *concerning Treatt's evidence* that he did receive and understand the communications." *Treatt USA, Inc., supra,* 2015 WL 5895495, *12 (emphasis added); *see also Jolly, supra,* 44 Cal.3d at 1109 (imputing knowledge reasonably discoverable from available "sources.")

Plaintiff Isela Hernandez's claim for loss of consortium fails because it is directly dependent upon plaintiff Juarez's claims for negligence and product liability, and thus "stands or falls with" those claims. *Leonard v. John Crane, Inc.* 206 Cal.App.4th 1274 1288 (2012); *Meighan v. Shore* 34 Cal.App.4th 1025, 1034-35 (1995) ("Thus, an unsuccessful personal injury suit by the physically injured spouse acts as an estoppel that bars the spouse who would claim damages for loss of consortium."); *see also Pineda v. Golden Valley Health Centers*, 2012 WL 2617589, *3 (E.D. Cal. 2012) (accord); *Treatt USA, Inc., supra,* *8, fn. 9 (accord).

But even if Ms. Hernandez's claim is analyzed on its own terms, it is still barred because a loss of consortium is legally presumed to accrue on "the date of injury which gives rise to the loss of consortium." *Viramontes v. Pfizer, Inc.*, 2015 WL 9319497, *11 (E.D. Cal. 2015.) Plaintiff Hernandez's claim is thus equally untimely because it is legally presumed to have accrued when plaintiff Juarez's injuries developed by September, 2012 at the latest, and plaintiff Hernandez could provide no evidence that her injuries began at any other time.

Because plaintiffs' claims accrued by October, 2012, they were required to file suit by October, 2014 at the latest. Plaintiffs' lawsuit was not filed until February 27, 2017 and is therefore barred by California's two-year statute of limitations as a matter of law. (C.C.P. § 340.8(a); C.C.P. § 335.1.)

Becherer Kannett & Schweitzer
1255 Powell St.
Emeryville, CA 94608
510-658-3600

Plaintiff Juarez also filed his workers' compensation action for workplace exposure to chemicals on September 24, 2014, which is "definitive proof that he had a suspicion that 'someone ha[d] done something wrong to [him]' long before his civil complaint was filed." *Rivas, supra,* 98 Cal.App.4th at 229.

Therefore under either scenario, both plaintiffs were also required to file their complaint before September 25, 2016. Because their lawsuit was not filed until February 27, 2017, it is unquestionably barred by California's two-year statute of limitations as a matter of law. (C.C.P. § 340.8(a); C.C.P. § 335.1.)

### 2. **Plaintiffs' Failure To Warn Claims:**

Plaintiffs' failure to warn claims fail as a matter of law because PVA unquestionably provided warnings with its machine, and also because its warnings could not have caused plaintiffs' injuries as a matter of law because they were never read.

The undisputed evidence proves that the PVA 350 contained safety features that prevented chemicals from being sprayed when its exhaust system was not in operation.

This evidence also shows that PVA's manual explicitly warned users (1) never to bypass, disable or tamper with this feature and (2) that while the materials used in the machine could be hazardous, those materials came with MSDS sheets that specified known dangers and toxicity.

The fact that PVA's warnings, which were available, were "not on the product" itself is irrelevant. *Temple v. Velcro USA, Inc.*, 148 Cal.App.3d 1090, 1094-1095 (1983).

Summary judgment must be granted on plaintiffs' failure to warn claims because the undisputed evidence negates the precise factual theory alleged in the complaint.

These claims also fail as a matter of law because Juarez never read the PVA

-8-

manual which was available and which his employer explicitly instructed him to use to program PVA's machine. "There is no causation when the person to whom the warning is directed did not read the warning." *Contois v. Aluminum Precision Products, Inc.*, 2008 WL 5065108, *4 (Cal. Ct. App. 2008); *Ramirez v. Plough, Inc.*, 6 Cal.4th 539, 556 (1993) (unless the warnings are read, there can be "no conceivable causal connection between the representations or omissions that accompanied the product and plaintiff's injury"); *Hart v. Robert Bosch Tool Corp.*, 2010 WL 3566715, *5 (Cal. Ct. App. 2010) (accord); *Motus v. Pfizer Inc.*, 358 F.3d 659 (9th Cir. (Cal.) 2004)) (holding "the adequacy of Pfizer's warnings is irrelevant" unless they were read.)

Plaintiffs' failure to warn claims therefore fail for two reasons: (1) the undisputed evidence negates plaintiffs' legal theory alleged in the complaint, and (2) plaintiffs cannot establish the legal element of causation or that PVA's warnings were inadequate because they admittedly were never read.

The MSDS sheets, provided by the third party suppliers of Arathane and Humiseal materials, also negate plaintiffs' failure to warn claims because they contained admittedly adequate warnings regarding the toxic nature of those substances, and were at all times reasonably accessible on Mr. Juarez's computer and the three ring binders in his department. *Johnson v. American Standard, Inc.*, 43 Cal.4th 56, 61-62 (2008) (HVAC worker's failure to warn claims against air conditioner manufacturer defeated by warnings contained in available MSDS sheets for third party supplier's refrigerant, "R-22," used in defendant's machine.)

### 3. **Plaintiffs' Strict Product Liability Cause of Action:**

Under California law, a product manufacturer may be held strictly liable for an injury producing material used in conjunction with its product that it neither manufactured, sold nor supplied, but only if the two products must "necessarily" be used "together." *O'Neil v. Crane Co.*, 53 Cal.4th 335, 361 (2012); *Shields v. Hennessy*

Becherer Kannett & Schweitzer
1255 Powell St.
Emeryville, CA 94608
510-658-3600

*Industries,* 205 Cal.App.4th 782, 798 (2012) (accord).

Strict liability is prohibited even when it is "foreseeable that the products will be used together," unless such use is actually necessary. *O'Neil, supra,* 53 Cal.4th at 361 (also holding that the lower court had "extend[ed] *Tellez-Cordova* [*v. Campbell–Hausfeld/Scott Fetzger Co.* (2004) 129 Cal.App.4th 577], beyond its unique factual context" which "could easily lead to absurd results. It would require match manufacturers to warn about the dangers of igniting dynamite, for example.").

Here, PVA did not manufacture, sell or supply the chemicals SpaceX used in its machine which were manufactured by third parties. Nor is there any claim that these materials were actually required to be used in PVA's machine. Indeed, SpaceX originally specified that different materials were to be used in the machine.

Partial summary judgment must also be granted on plaintiffs' strict product liability claim because it is undisputed that PVA did not manufacture, sell, supply or specify the Arathane and Humiseal materials which were not necessarily required to be used with PVA's machine. *O'Neil, supra,* 53 Cal.4th at 361.

In summary, plaintiffs are unable to meet their burden in order to rely on California's discovery rule to defeat application of California's two-year statute of limitations. Plaintiffs have also failed to meet their burden in order to establish the legal elements of their failure to warn claims and strict product liability cause of action pursuant to California law. Plaintiffs' failure to warn claims and strict product liability claim are hereby dismissed with prejudice, and judgment is hereby entered on this date in favor of Defendant Precision Valve & Automation, Inc. and against plaintiffs on all causes of action pursuant to the statute of limitations.

IT IS SO ORDERED.

Dated:

_____
HON. OTIS D. WRIGHT, II
United States District Judge

-10-
[PROPOSED] JUDGMENT GRANTING DEFENDANT PRECISION VALVE & AUTOMATION, INC.'S MOTION FOR SUMMARY JUDGMENT

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on August 24, 2018, a true and correct copy of **[PROPOSED] JUDGMENT GRANTING DEFENDANT PRECISION VALVE & AUTOMATION, INC.'S MOTION FOR SUMMARY JUDGMENT** has been served via ECF upon all counsel of record in the Court's electronic filing system.

By:   /s/ Jerry Dumlao

**Becherer Kannett & Schweitzer**

1255 Powell St.
Emeryville, CA 94608
510-658-3600