Alexander Hernaez (SBN: 201441)
ahernaez@foxrothschild.com
Tiana Seymore (SBN: 299189)
tseymore@foxrothschild.com
**FOX ROTHSCHILD LLP**
345 California Street, Suite 2200
San Francisco, California 94104
Telephone: 415.364.5540
Facsimile:  415.391.4436

Attorneys for Non-Party
SPACEX

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN JUAREZ AND ISELA HERNANDEZ,<br><br>Plaintiff,<br><br>v.<br><br>PRECISION VALVE & AUTOMATION, INC.,<br><br>Defendants. | Case No.: 2:17-cv-03342-ODW-GJS<br><br>Assigned for All Purposes to Magistrate Judge Gail J. Standish<br><br>**DISCOVERY MATTER: NON-PARTY SPACEX'S NOTICE OF MOTION AND MOTION TO QUASH OR MODIFY PLAINTIFFS' SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION ON CAL/OSHA**<br><br>Hearing Date: October 3, 2018<br>Time:          10:00 A.M.<br>Courtroom:  640 |

**TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on October 3, 2018 at 10:00 a.m., or as soon thereafter as the matter can be heard in Courtroom 640, Honorable Gail J. Standish presiding, in the United States District Court for the Central District of California located at 255 E. Temple Street, Los Angeles, California 90012, Non-Party SpaceX will and hereby does move the Court for an order quashing or modifying the Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises issued August 28, 2018 by Plaintiffs Ruben Juarez and Isela Hernandez on Cal/OSHA pursuant to Federal Rule of Civil Procedure 45(d)(3).

This motion is based on this notice of motion and motion, the attached memorandum of points and authorities, the accompanying declaration of Tiana Seymore, and the papers and records on file in this matter.

Dated:  September 6, 2018            FOX ROTHSCHILD LLP


                                     By:  /s/ *Alexander Hernaez*
                                          Alexander Hernaez
                                          Tiana Seymore
                                          Attorneys for Non-Party
                                          SPACEX

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiffs Ruben Juarez and Isela Hernandez ("Plaintiffs") have issued several third party subpoenas in this action for records pertaining to SpaceX, including a subpoena to Cal/OSHA. The subpoena to Cal/OSHA, however, is extremely broad and seeks any records pertaining to SpaceX regardless relevance to the pending litigation. This subpoena seeks information that is completely irrelevant to this action and is so broad as to seek SpaceX's confidential information and/or invade the privacy rights of its employees. The subpoena must be quashed or, in the alternative, modified to require only that information which will lead to the discovery of relevant information.

## II. RELEVANT FACTS

On August 28, 2018, Plaintiffs issued a Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises (the "Subpoena") in a Civil Action on Cal/OSHA for records pertaining to Precision Valve & Automation Inc. ("PVA") and SpaceX.  (Declaration of Tiana Seymore ("Seymore Dec.") ¶ 2, Ex. A.) Specifically, the Subpoena seeks:

1. "Any and all documents, including but not limited to, records, reports, violations, emails, documents, electronic records or (ESI files), recordings, communications, notes pertaining to CAL OSHA'S investigation of either Precision Valve & Automation Inc. (also known as 'PVA Inc.') or Space Exploration Technologies Corp. (SpaceX) (including file number RID 0950635);

2. Any and all documents pertaining to injures incurred during the use of PVA 350 machine or any other PVA machines;

3. Any and all documents pertaining to injuries sustained at Space

Exploration Technologies Corp. (SpaceX);

4. Any and all documents, including but not limited to, recordings, video, digital records, photographs, write ups, violations, complaints, adverse event reports, memorandums, emails, and communications pertaining to Space Exploration Technologies Corp. (Space X);

5. Any and all documents, recordings, videos, or digital files pertaining to injuries sustained at Precision Valve & Automation, Inc. or as a result of a PVA Inc. machine;

6. Any and all write ups, violations, complaints, adverse event reports, videos, photographs, memorandums, emails, and communications pertaining to Precision Valve & Automation Inc. machines utilized at SpaceX."

(*Id.*)

Cal/OSHA is the state agency that is responsible for setting, investigating, and enforcing employer health and safety standards in California. While the Subpoena seeks virtually any and all documents that Cal/OSHA possesses that are related to SpaceX, SpaceX is not a party to this matter and the information sought is largely unrelated to the pending litigation.

SpaceX contacted Plaintiffs on September 6, 2018 to meet and confer regarding the Subpoena. (Seymore Dec. ¶ 3, Ex. B.) SpaceX and the Plaintiffs, however, were unable to resolve SpaceX's concerns prior to the required time for filing the instant motion.

### III. ARGUMENT

#### A. The Court Has the Authority to Quash or Modify the Subpoena

A court may order that a subpoena be quashed or modified "[t]o protect a person subject to or affected by a subpoena." Fed. R. Civ. P. 45(d)(3)(B). A court may grant a motion to quash or modify where the subpoena is "unreasonable and oppressive." Fed. R. Civ. P. 45(b). This includes a subpoena for records pertaining to

3

a non-party issued to a third party. *Ceramic Corp. v. America v. Inka Maritime Corp., Inc.*, 163 F. R. D. 584, 587-588 (1995)(granting in part a motion to quash defendant's subpoena to non-party's former employer for all records regarding the non-party).

### B. Plaintiffs' Subpoena Must Be Quashed or Modified Because It Seeks Information that is Not Relevant to the Litigation

Plaintiffs' Subpoena casts a wide net to gather information regarding SpaceX. The Subpoena requests virtually any document regarding SpaceX, including "[a]ny and all documents pertaining to injuries sustained at Space Exploration Technologies Corp. (SpaceX)," and "[a]ny and all documents, including but not limited to, recordings, video, digital records, photographs, write ups, violations, complaints, adverse event reports, memorandums, emails, and communications pertaining to Space Exploration Technologies Corp. (Space X)." (Seymore Dec. ¶ 2, Ex. A.)

While discovery is broad, subpoenas under Rule 45 are subject to the relevance requirements set out in Rule 26(b). *In re Subpoena of DJO, LLC*, 295 F. R. D. 494, 497 (S.D. Cal. 2014). Parties are not entitled to discovery of information unless it is "relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1). "Although irrelevance is not among the litany of enumerated reasons for quashing a subpoena found in Rule 45, courts have incorporated relevance as a factor when determining motions to quash a subpoena." *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 637 (C.D. Cal. 2005).

The Subpoena requests any information or documents that Cal/OSHA has regarding SpaceX, regardless of whether they are related to the plaintiffs in this action, the type of injury involved, the specific machine at issue, or the relevant time period. Plaintiffs' request is grossly overbroad and seeks documents that are completely irrelevant to the resolution of this litigation; especially given that SpaceX is not a party to this action. Although Plaintiffs have a right to the discovery of evidence to support their claims, "necessary restrictions 'may be broad when a nonparty is the target of discovery.'" *Miller Marital Deduction Trust by and through*

*Miller v. Estate of DuBois*, 2018 WL 1023200 *2 (E.D. Cal. 2018); *see also Coleman v. District of Columbia*, 275 F. R. D. 33, 37 (D.C. 2011) (granting in part a motion to quash and for protective order where portions of subpoena for nonparty's records were overbroad and sought documents that were irrelevant to plaintiff's claims). Plaintiffs should not be allowed to conduct a fishing expedition of records pertaining to SpaceX.

### C. Plaintiffs' Subpoena Must Be Quashed or Modified Because It Seeks Confidential Information or Information Protected by the Right to Privacy

#### 1. The Subpoena Seeks SpaceX's Confidential Information

A court may grant a non-party's motion to quash or modify a subpoena where the result of the subpoena would be the invasion of the non-party's confidential information. *See Premium Service Corp. v. Sperry & Hutchinson Co.*, 511 F.2d 225, 229 (9th Cir. 1975) (affirming grant of motion to quash in part where subpoena invaded non-party corporation's confidential information). Plaintiffs' Subpoena seeks "[a]ny and all documents, including but not limited to, recordings, video, digital records, photographs, write ups, violations, complaints, adverse event reports, memorandums, emails, and communications pertaining to Space Exploration Technologies Corp. (Space X)," regardless of whether those documents are confidential or proprietary, such as information about SpaceX's various technologies and processes. The Subpoena is in no way narrowly tailored to minimize the invasion of SpaceX's confidential documents and information, including those that may contain proprietary or commercial information.

#### 2. The Subpoena Seeks Information Protected By The Right to Privacy of SpaceX's Employees

Plaintiffs' request for "[a]ny and all documents pertaining to injuries sustained at Space Exploration Technologies Corp. (SpaceX)," would necessarily include any confidential documents, emails or information that SpaceX provided to Cal/OSHA regarding its employees, even if the documents contain private information regarding

the employee or information completely unrelated to the matters at issue in this litigation. The California Constitution protects the right to privacy of SpaceX's employees. Cal. Const. Article I, section 1. California takes steps to insure that these rights are not invaded without notice or just cause. *See* Cal. Code Civ. Pro. § 1983.5 (requiring employers to give notice and an opportunity to object where employee's records are subpoenaed). An invasion of the right to privacy "must be drawn with narrow specificity and is permitted only to the extent necessary for a fair resolution of the lawsuit." *Cook v. Yellow Freight System, Inc.*, 132 F. R. D. 548, 552 (E.D. Cal. 1990). Plaintiffs cannot establish a need for such a broad request. Plaintiffs' need for records unrelated to the litigation is "not sufficient to outweigh the burden and invasion of… privacy" which would result if the subpoena is not modified. *Premium Service Corp.*, 511 F.2d at 299.

## IV. CONCLUSION

Plaintiffs' Subpoena for records from Cal/OSHA is so overbroad in scope and time as to require the production of every document or correspondence that Cal/OSHA possesses regarding SpaceX. It seeks information that is irrelevant to the instant action and that is confidential and protected by the right to privacy of SpaceX's employees without any justification of need for such a wholesale invasion. The Court should, therefore, quash or alternatively, modify the subpoena so that it is narrowly tailored to encompass the documents and information that are actually relevant to the issues involved in this litigation.

Dated: September 6, 2018                     FOX ROTHSCHILD LLP

                                  By  /s/ *Alexander Hernaez*
                                      Alexander Hernaez
                                      Tiana Seymore
                                      Attorneys for Third Party
                                      SPACEX