Alexander Hernaez (SBN: 201441)
ahernaez@foxrothschild.com
Tiana Seymore (SBN: 299189)
tseymore@foxrothschild.com
**FOX ROTHSCHILD LLP**
345 California Street, Suite 2200
San Francisco, California 94104
Telephone: 415.364.5540
Facsimile: 415.391.4436

Attorneys for Third Party
SPACEX

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN JUAREZ AND ISELA HERNANDEZ,<br><br>Plaintiff,<br><br>v.<br><br>PRECISION VALVE & AUTOMATION, INC.,<br><br>Defendants. | Case No.: 2:17-cv-03342-ODW-GJS<br><br>Assigned for All Purposes to Magistrate Judge Gail J. Standish<br><br>**DISCOVERY MATTER: DECLARATION OF TIANA SEYMORE IN SUPPORT OF NON-PARTY SPACEX'S NOTICE OF MOTION AND MOTION TO QUASH OR MODIFY PLAINTIFFS' SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION ON CAL/OSHA**<br><br>Hearing Date: October 3, 2018<br>Time: 10:00 A.M.<br>Courtroom: 640 |

I, Tiana Seymore, declare:

1. I am attorney licensed to practice in California before the United States District Court for the Central District of California and am an associate with the firm Fox Rothschild LLP, attorneys for Non-Party SpaceX ("SpaceX"). I have personal knowledge of the information set forth below. If called as a witness, I would be competent to testify concerning these facts.

2. Attached as Exhibit A is a true and correct copy of the Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (the "Subpoena") issued by Plaintiffs Ruben Juarez and Isela Hernandez ("Plaintiffs") to Cal/OSHA on August 28, 2018 and served on Non-Party SpaceX.

3. On September 6, 2018, my colleague, Alexander Hernaez, attempted to contact Plaintiffs' counsel, Vanessa Loftus-Brewer, via telephone to meet and confer regarding the Subpoena. Mr. Hernaez was unable reach Ms. Loftus-Brewer and subsequently sent her an email regarding the subpoena and explaining that SpaceX would need to file a motion to quash absent an agreement. Ms. Loftus-Brewer did not reply to Mr. Hernaez's email prior to the time for filing of SpaceX's motion to quash or modify the Subpoena.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on this 6th day of September, 2018 at San Francisco, California.

_____
Tiana Seymore

# EXHIBIT A

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN JUAREZ AND ISELA HERNANDEZ </br> *Plaintiff* </br> v. </br> PRECISION VALVE & AUTOMATION, INC. </br> *Defendant* | Civil Action No. 2:17-cv-03342 |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: CAL/OSHA, LOS ANGELES DISTRICT OFFICE, 320 WEST 4TH STREET, SUITE 820, LOS ANGELES, CA, 90013. (DOSHLA@dir.ca.gov); (Fax: (213) 576-7461) (Tel: (213) 576-7451)

*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

Any and all documents, including but not limited to, records, reports, violations, emails, documents, electronic records or (ESI files), recordings, communications, notes pertaining to CAL OSHA'S investigation of either Precision Valve & Automation Inc. (also known as "PVA Inc.") or Space Exploration Technologies Corp. (Space X) (including file number RID 0950635), : 2. Any and all documents pertaining to injuries incurred during the use of a PVA 350 machine or any other PVA machines. 3. Any and all documents pertaining to injuries sustained at Space Exploration Technologies Corp. (Space X). 4. Any and all documents, including but not limited to, recordings, video, digital records, photographs, write ups, violations, complaints, adverse event reports, memorandums, emails, and communications pertaining to Space Exploration Technologies Corp. (Space X). 5. Any and all documents, recordings, videos, or digital files pertaining to injuries sustained at Precision Valve & Automation, Inc. or as a result of a PVA Inc. machine, 6. Any and all write ups, violations, complaints, adverse event reports, videos, photographs, memorandums, emails, and communications pertaining to Precision Valve & Automation Inc. machines utilized at Space X.

| Place: 11999 San Vicente Blvd., Suite 345, Los Angeles, CA 90049 | Date and Time: </br> September 7, 2018 at 10:00 a.m. |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: August 28, 2018

                *CLERK OF COURT*

                                                    OR    */s/*

_____      _____
   *Signature of Clerk or Deputy Clerk*                              *Attorney's signature*
                                                            Vanessa L. Loftus-Brewer, Esq.

**EXHIBIT A**

American LegalNet, Inc. </br> www.FormsWorkFlow.com

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiffs RUBEN JUAREZ AND ISELA HERNANDEZ, who issues or requests this subpoena, are:
Vanessa L. Loftus-Brewer, 11999 San Vicente Blvd., Suite 345, Los Angeles, CA 90049, Tel. 424-832-7677, vanessa@dbaslaw.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

EXHIBIT A



American LegalNet, Inc.
www.FormsWorkFlow.com

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:17-cv-03342

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 _____

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

EXHIBIT A



AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     (i) is a party or a party's officer; or
     (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     (i) fails to allow a reasonable time to comply;
     (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
     (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     (iv) subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     (i) disclosing a trade secret or other confidential research, development, or commercial information; or
     (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     (i) expressly make the claim; and
     (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

EXHIBIT A


American LegalNet, Inc.
www.FormsWorkFlow.com

# CERTIFICATE OF SERVICE

**STATE OF CALIFORNIA**

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 11999 San Vicente Boulevard, Suite 345 Los Angeles, CA 90049.

On August 28, 2018, I served the foregoing documents described as: **PLAINTIFF'S SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION** on the interested parties in this action.

*(See Attached Service List)*

☒ By placing the true copies thereof enclosed in sealed envelopes addresses as stated on the attached mailing list.

☒ **BY MAIL**

☒ As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **BY ELECTRONIC TRANSMISSION:** Based on a court order or an agreement of the parties to accept service by electronic transmission, I hereby certify that a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Courts system.

☐ **BY OVERNIGHT DELIVERY:**

☒ **BY ELECTRONIC MAIL** to: see attached service list

☐ **BY PERSONAL SERVICE** - I caused to be delivered such envelope by hand per the service list attached.

☐ **BY FACSIMILE** - I faxed a copy of the above-described document to the interested parties as set forth on the attached mailing list.

Executed on August 28, 2018 at Los Angeles, California.

☒ **(Federal)** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Terry Welch
Name                                                                 Signature

CERTIFICATE OF SERVICE
1

EXHIBIT A

**SERVICE LIST**
RUBEN JUAREZ, ET AL. v. PRECISION VALVE & AUTOMATION, ET AL.
CASE NO. 2:17-cv-03342

Shahrad Milanfar, Esq.
Alex P. Catalona, Esq.
BECHERER KANNETT & SCHWEITZER
1255 Powell Street
Emeryville, CA 94608
Telephone: (510) 658-3600
Facsimile: (510) 658-1151
smilanfar@bkscal.com
acatalona@bkscal.com
***Attorneys for Defendant***
***Precision Valve & Automation, Inc.***

Teresa Li, Esq.
LAW OFFICES OF TERESA LI, PC
315 Montgomery Street, 9th Floor
San Francisco, California 94104
Telephone: 415.423.3377
Facsimile: 888.646.5493
teresa@lawofficesofteresali.com
***Co-Counsel for Plaintiffs***

Space Exploration Technologies Corp.
C/O Elon Musk
1 Rocket Road, Hawthorne, CA 90250
Christopher.Cardaci@spacex.com