**BALABAN & SPIELBERGER, LLP**
11999 San Vicente Blvd., Suite 345
Los Angeles, CA 90049
Tel: (424) 832-7677
Fax: (424) 832-7702
Daniel K. Balaban, SBN 243652
Andrew J. Spielberger, SBN 120231
Vanessa L. Loftus-Brewer, SBN 265213

**LAW OFFICES OF TERESA LI, PC**
315 Montgomery Street, 9th Floor
San Francisco, California 94104
Tel: (415) 423-3377
Fax: (888) 646-5493
Teresa Li, SBN 278779

Attorneys for <u>Plaintiffs</u>

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RUBEN JUAREZ, an individual and ISELA HERNANDEZ, an individual<br><br>                        Plaintiffs,<br>            v.<br><br>PRECISION VALVE & AUTOMATION, Inc., a corporation and DOES 1-20<br><br>                        Defendants. | **Case No.: 2:17-cv-03342**<br><br>**OBJECTION TO EVIDENCE SUBMITTED IN SUPPORT OF PREVISION VALVE & AUTOMATION INC.'S MOTION FOR SUMMARY JUDGMENT**<br><br>Date: October 1, 2018<br>Time: 1:30 p.m.<br>Ctrm: 5D, 5th Floor<br>Judge: Hon. Otis D. Wright II |

1

**OBJECTION TO EVIDENCE SUBMITTED IN SUPPORT OF PREVISION VALVE & AUTOMATION INC.'S MOTION FOR SUMMARY JUDGMENT**

BALABAN & SPIELBERGER LLP
11999 SAN VICENTE BOULEVARD, SUITE 345
LOS ANGELES, CALIFORNIA 90049

Plaintiffs hereby object to the following evidence presented by the moving party in connection with the motion for summary judgment set for hearing on October 1, 2018 before this Court:

(1) Declaration of David Hwang in its entirety.

The evidence is objected to on the grounds it is inadmissible as declarant lack personal knowledge (Evid. Code § 702) , the declaration lacks foundation (Evid. Code § 403), violates the best evidence rule (Evid. Code §1520), calls for speculation (Evid. Code § 702), and is an opinion pursuant to FRE 701 and 702.  As such, this declaration is in violation of FRE 56c(4) and should be excluded in its entirety.

 (2) Declaration of Lynette Dhillon in its entirety.

The evidence is objected to on the grounds it is inadmissible as declarant lack personal knowledge (Evid. Code § 702), the declaration lacks foundation (Evid. Code § 403), violates the best evidence rule (Evid. Code §1520), calls for speculation (Evid. Code § 702), and is an opinion pursuant to FRE 701 and 702.  As such, this declaration is in violation of FRE 56c(4) and should be excluded in its entirety.

(3) Declaration of Duc Q. Phan.

The evidence is objected to on the grounds it is inadmissible as declarant lack personal knowledge (Evid. Code § 702) , the declaration lacks foundation (Evid. Code § 403), violates the best evidence rule (Evid. Code §1520), calls for speculation (Evid. Code § 702), and is an opinion pursuant to FRE 701 and 702.  As such, this declaration is in violation of FRE 56c(4) and should be excluded in its entirety.

 (4) Declaration of Gregory E. Maxwell

The evidence is objected to on the grounds it is inadmissible as declarant lack personal knowledge (Evid. Code § 702) , the declaration lacks foundation (Evid. Code § 403), violates the best evidence rule (Evid. Code §1520), calls for speculation (Evid.

BALABAN & SPIELBERGER LLP
11999 SAN VICENTE BOULEVARD, SUITE 345
LOS ANGELES, CALIFORNIA 90049

**OBJECTION TO EVIDENCE SUBMITTED IN SUPPORT OF PREVISION VALVE & AUTOMATION INC.'S MOTION FOR SUMMARY JUDGMENT**

Code § 702), and is an opinion pursuant to FRE 701 and 702.  As such, this declaration is in violation of FRE 56c(4) and should be excluded in its entirety.

(5) Declaration of Jonathan Urquhart.

The evidence is objected to on the grounds it is inadmissible as declarant lack personal knowledge (Evid. Code § 702) , the declaration lacks foundation (Evid. Code § 403), violates the best evidence rule (Evid. Code §1520), calls for speculation (Evid. Code § 702), and is an opinion pursuant to FRE 701 and 702.  As such, this declaration is in violation of FRE 56c(4) and should be excluded in its entirety.

(6) Separate Statement Paragraphs 38, 50: Isaac Regev February 3, 2015 Report including the "History Section" because this is not a narrative of the party.

The evidence is objected to on the grounds it calls for speculation (Evid §702), constitutes inadmissible hearsay (FRE 801, 802), and lacks foundation (FRE 901).

(7) Separate Statement Paragraph 39: Dr. Windman's Report.

This statement is vague and ambiguous as to time.  The evidence is further objected to on the grounds it calls for speculation (Evid §702), constitutes inadmissible hearsay (FRE 801, 802), and lacks foundation (FRE 901).

(8) Separate Statement Paragraph 43: "As far as he knew, Space X never addressed any of his concerns.

Objection to the extent this reference is vague, ambiguous, misleading, and calls for speculation (Evid. § 702).

(9) Separate Statement Paragraph 46: "On a medical-intake form, he stated that he worked with the Arathane and Humiseal products for 4-5 hours every day, which caused headaches, dizziness, nausea, eye irritation and tiredness."

Objection as this statement is vague and ambiguous as to time.

BALABAN & SPIELBERGER LLP
11999 SAN VICENTE BOULEVARD, SUITE 345
LOS ANGELES, CALIFORNIA 90049

3

**OBJECTION TO EVIDENCE SUBMITTED IN SUPPORT OF PREVISION VALVE & AUTOMATION INC.'S MOTION FOR SUMMARY JUDGMENT**

BALABAN & SPIELBERGER LLP
11999 SAN VICENTE BOULEVARD, SUITE 345
LOS ANGELES, CALIFORNIA 90049

(10) Separate Statement Paragraph 48: Due to his illness and surgery, Ruben Juarez missed 33.6 weeks of work in 2013 and did not return to work after taking a third medical leave on March 26, 2014.

Objection the declaration Ms. Dhillon is not a doctor and does not have personal knowledge of the reasons Mr. Juarez missed work in 2013.

(11)  Separate Statement Paragraph 58: These MSDS sheets were then provided to Ruben Juarez's workers' compensation attorneys.

Objection as this statement is vague as to time and speculative (Evid. § 702).

(12) Separate Statement Paragraph 60: Plaintiffs allege that it was not until then that Juarez "first suspected that the PVA 350 might have caused his injuries."

Objection vague and ambiguous and thus calls for speculation (Evid. § 702).. as to time including "it" and "then."

(13) Separate Statement Paragraph 62: The MSDS sheets for all chemicals used in the conformal coating rooms, including Humiseal and Arathane, were accessible on the computer Juarez used at his workstation and in a three-ring binder kept 3-4 feet from the PVA 350.

Objection to the extent the declarants do not have personal knowledge of the alleged facts stated in the declarations.

(14) Separate Statement Paragraph 63: SpaceX complied with its own internal rules which required MSDS sheets to "be readily accessible to employees in their work area during all work shifts."

Objection to the extent the declarants do not have personal knowledge of the alleged facts stated in the declarations. (Evid. Code § 702)

**OBJECTION TO EVIDENCE SUBMITTED IN SUPPORT OF PREVISION VALVE & AUTOMATION INC.'S MOTION FOR SUMMARY JUDGMENT**

(15) Separate Statement Paragraph 64: The MSDS sheets were also accessible on at least 14 to 18 different computers located inside and outside the conformal coating rooms where Mr. Juarez worked.

Objection to the extent the declarant do not have personal knowledge of the alleged facts stated in the declarations. (Evid. Code § 702)

(16) Separate Statement Paragraph 65: Juarez consulted the MSDS sheets for Humiseal and Arathane to create experimental and test batches of these materials when SpaceX created the formula it started using in PVA's machine in 2012.

Objection to the extent the declarants do not have personal knowledge of the alleged facts stated in the declarations.  (Evid. Code § 702)

(17) Separate Statement Paragraph 65: Juarez consulted the MSDS sheets for Humiseal and Arathane to create experimental and test batches of these materials when SpaceX created the formula it started using in PVA's machine in 2012.

Objection to the extent the declarants do not have personal knowledge of the alleged facts stated in the declarations.  (Evid. Code § 702)

(18) Separate Statement Paragraph 77: Plaintiff Juarez asserted legal objections to the above interrogatories based on the attorney-client privilege and work product doctrine, but the only evidence withheld on this or any other ground was plaintiffs' attorney's personal "notes from speaking with the clients and witnesses."

Objection as to relevance and call for the attorney client privilege.

(19) Separate Statement Paragraph 80: Other than undisclosed communications with his attorneys, Juarez testified at his deposition that he had no information to explain why he waited until February 27, 2017 to file his lawsuit in this case.

Objection to the extent this called for a legal conclusion and was vague and ambiguous.  Further, Plaintiffs object to the term "undisclosed" as vague and

BALABAN & SPIELBERGER LLP
11999 SAN VICENTE BOULEVARD, SUITE 345
LOS ANGELES, CALIFORNIA 90049

5

**OBJECTION TO EVIDENCE SUBMITTED IN SUPPORT OF PREVISION VALVE & AUTOMATION INC.'S MOTION FOR SUMMARY JUDGMENT**

ambiguous as Juarez has an attorney client privilege not to disclose comments with his attorney.

(20) Plaintiffs object to Exhibit 30 and 41 as Defendant fails to attach the requisite authentications.

Objection.  The workers' compensation deposition transcripts cited by the Defendant do not have the requisite authentications—the court reporter's certification is missing.  (*Orr v. Bank of America*, NT & SA 285 F.3d at 774.).  The *Orr* case made it clear that an attorney cannot authenticate the transcript, even if the attorney attended the deposition.

(21) Plaintiffs object to the Space X documents 66, 67, 68, and 69.

Objection. These documents constitute hearsay (FRE 801, 802), no proper foundations are laid for the business record exceptions or any other exception, and lacks foundation (FRE 901).

(22) Plaintiffs object to the PVA documents relied upon by PVA Inc. including 75-79 .

Objection. These documents constitute hearsay (FRE 801, 802), no proper foundations are laid for the business record exceptions or any other exception, and lacks foundation (FRE 901).

Plaintiffs will respectfully request the court at the hearing on the motion to sustain the above objections and to strike evidence referred to above.

**OBJECTION TO EVIDENCE SUBMITTED IN SUPPORT OF PREVISION VALVE & AUTOMATION INC.'S MOTION FOR SUMMARY JUDGMENT**

BALABAN & SPIELBERGER LLP
11999 SAN VICENTE BOULEVARD, SUITE 345
LOS ANGELES, CALIFORNIA 90049

DATED: SEPTEMBER  10, 2018          **BALABAN & SPIELBERGER, LLP**


/s/ Vanessa L. Loftus-Brewer
Daniel K. Balaban, Esq.
Andrew J. Spielberger, Esq.
Vanessa L. Loftus-Brewer
Attorneys for Plaintiff

BALABAN & SPIELBERGER LLP
11999 SAN VICENTE BOULEVARD, SUITE 345
LOS ANGELES, CALIFORNIA 90049

7

**OBJECTION TO EVIDENCE SUBMITTED IN SUPPORT OF PREVISION VALVE &
AUTOMATION INC.'S MOTION FOR SUMMARY JUDGMENT**