# EXHIBIT 40

EXHIBIT 40

Teresa Li (Bar No. 278779)
teresa@lawofficesofteresali.com
LAW OFFICES OF TERESA LI P.C.
315 Montgomery Street, 9th Floor
San Francisco, California 94104
Telephone:     415.423.3377
Facsimile:      888.646.5493

Attorneys for Plaintiffs
RUBEN JUAREZ AND ISELA
HERNANDEZ

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN JUAREZ, an individual and ISELA HERNANDEZ, an individual,<br><br>Plaintiff,<br><br>v.<br><br>PRECISION VALVE & AUTOMATION, Inc., a corporation and DOES 1-20,<br><br>Defendants. | Case No.  CV-03342-ODW(GJSX)<br><br>**PLAINTIFF RUBEN JUAREZ'S RESPONSE TO DEFENDANT'S REQUEST FOR INTERROGATORIES, SET ONE (1)** |

**PROPOUNDING PARTY: DEFENDANT, PRECISION VALVE & AUTOMATION**

**RESPONDING PARTY:     PLAINTIFF, RUBEN JUAREZ**

**SET NUMBER:             ONE**

Pursuant to Federal Rules of Civil Procedure Rule 33, Plaintiff RUBEN JUAREZ hereby responds to Defendant PRECISION VALVE & AUTOMATION, INC.'s request for interrogatories, set one (1).

**RESPONSES TO INTERROGATORIES**

**INTERROGATORY NO. 1**

Identify in detail all EVIDENCE which supports or in any way relates to YOUR allegations against DEFENDANT in this case.

EXHIBIT 40                                                                659

**RESPONSE TO INTERROGATORY NO. 1:**

The interrogatory is overly broad, unduly burdensome, and oppressive.  It also seeks information that is protected by the attorney client privilege and the work product doctrine.  Without waiving the objections and subject thereto, Plaintiff responds: Plaintiff elects to produce all non-privileged documents in support of the response: (1) Defendant PVA's product specifications (2) Plaintiff Ruben Juarez's medical and billing records; (3) the Material Safety Data Sheets of various chemicals being sprayed by PVA's benchtop dispensing system.  Witnesses: all witnesses disclosed in Plaintiffs' Initial Disclosure.  Discovery is ongoing.

**INTERROGATORY NO. 2**

Identify in detail all EVIDENCE which supports or in any way relates to YOUR first cause of action (Negligence) in YOUR COMPLAINT.

**RESPONSE TO INTERROGATORY NO. 2:**

The interrogatory is overly broad, unduly burdensome, and oppressive.  It also seeks information that is protected by the attorney client privilege and the work product doctrine.  Without waiving the objections and subject thereto, Plaintiff responds: Plaintiff elects to produce all non-privileged documents in support of the response: (1) Defendant PVA's product specifications (2) Plaintiff Ruben Juarez's medical and billing records; (3) the Material Safety Data Sheets of various chemicals being sprayed by PVA's benchtop dispensing system.  Witnesses: all witnesses disclosed in Plaintiffs' Initial Disclosure.  Discovery is ongoing.

**INTERROGATORY NO. 3**

Identify in detail all EVIDENCE which supports or in any way relates to YOUR claim that YOU were subjected to a "foreseeable risk of harm."

**RESPONSE TO INTERROGATORY NO. 3:**

The interrogatory is overly broad, unduly burdensome, and oppressive.  It also seeks information that is protected by the attorney client privilege and the work product doctrine.  Without waiving the objections and subject thereto, Plaintiff responds: Plaintiff elects to produce all non-privileged documents in support of the response: (1) Defendant PVA's product specifications (2) Plaintiff Ruben Juarez's medical and billing records; (3) the Material Safety

EXHIBIT 40                                                    660

1    Data Sheets of various chemicals being sprayed by PVA's benchtop dispensing system.

2    Witnesses: all witnesses disclosed in Plaintiffs' Initial Disclosure. Discovery is ongoing.

3    **INTERROGATORY NO. 4**

4          Identify in detail all EVIDENCE which supports or in any way relates to YOUR second

5    cause of action (Strict Product Liability) in YOUR COMPLAINT.

6    **RESPONSE TO INTERROGATORY NO. 4:**

7          The interrogatory is overly broad, unduly burdensome, and oppressive. It also seeks

8    information that is protected by the attorney client privilege and the work product doctrine.

9    Without waiving the objections and subject thereto, Plaintiff responds: Plaintiff elects to produce

10    all non-privileged documents in support of the response: (1) Defendant PVA's product

11    specifications (2) Plaintiff Ruben Juarez's medical and billing records; (3) the Material Safety

12    Data Sheets of various chemicals being sprayed by PVA's benchtop dispensing system.

13    Witnesses: all witnesses disclosed in Plaintiffs' Initial Disclosure. Discovery is ongoing.

14    **INTERROGATORY NO. 5**

15          List each alleged "design defect" of the PVA 350.

16    **RESPONSE TO INTERROGATORY NO. 5:**

17          The interrogatory is overly broad, unduly burdensome, and oppressive. It also seeks

18    information that is protected by the attorney client privilege and the work product doctrine. It

19    also seeks premature disclosure of expert opinion. Without waiving the objections and subject

20    thereto, Plaintiff responds: PVA 350 lacks fail safe measures in the event that the ventilation

21    system is not in operation: for example, PVA 350 does not have an automatic shutoff function in

22    the event that the ventilation system is not in operation; PVA 350 does not have an alarm that

23    would warn operators or programmers that the ventilation system is not in operation; PVA 350

24    does not have any written warning on the machine itself to warn that it would continue spray

25    toxic chemicals even when the ventilation is not in operation; and there may be other measures

26    that can be utilize to perform the fail safe measures. Discovery is ongoing.

27    ///

28    **INTERROGATORY NO. 6**

3

EXHIBIT 40         661

1    List each warning which YOU contend should have been provided, but was not provided,

2    for the PVA 350.

3    **RESPONSE TO INTERROGATORY NO. 6:**

4        The interrogatory is overly broad, unduly burdensome, and oppressive.  It also seeks

5    information that is protected by the attorney client privilege and the work product doctrine.  It

6    also seeks premature disclosure of expert opinion.  Without waiving the objections and subject

7    thereto, Plaintiff responds: PVA 350 lacks fail safe measures in the event that the ventilation

8    system is not in operation: for example, PVA 350 does not have an automatic shutoff function in

9    the event that the ventilation system is not in operation; PVA 350 does not have an alarm that

10   would warn operators or programmers that the ventilation system is not in operation; PVA 350

11   does not have any written warning on the machine itself to warn that it would continue spray

12   toxic chemicals even when the ventilation is not in operation; and there may be other measures

13   that can be utilize to perform the fail safe measures.  Discovery is ongoing.

14   **INTERROGATORY NO. 7**

15       Explain in detail how the PVA 350 should have been designed in order to prevent YOUR

16   injuries as alleged in YOUR COMPLAINT.

17   **RESPONSE TO INTERROGATORY NO. 7:**

18       The interrogatory is overly broad, unduly burdensome, and oppressive.  It also seeks

19   information that is protected by the attorney client privilege and the work product doctrine.  It

20   also seeks premature disclosure of expert opinion.  Without waiving the objections and subject

21   thereto, Plaintiff responds: PVA 350 lacks fail safe measures in the event that the ventilation

22   system is not in operation: for example, PVA 350 does not have an automatic shutoff function in

23   the event that the ventilation system is not in operation; PVA 350 does not have an alarm that

24   would warn operators or programmers that the ventilation system is not in operation; PVA 350

25   does not have any written warning on the machine itself to warn that it would continue spray

26   toxic chemicals even when the ventilation is not in operation; and there may be other measures

27   that can be utilize to perform the fail safe measures.  Plaintiff is not an expert in the area and

28   discovery is ongoing.

4

EXHIBIT 40                                        662

1   **INTERROGATORY NO. 8**

2        Identify in detail all EVIDENCE which supports or in any way relates to YOUR claim

3   that Defendant's negligence "was a substantial factor in causing Plaintiffs' harm."

4   **RESPONSE TO INTERROGATORY NO. 8:**

5        The interrogatory is overly broad, unduly burdensome, and oppressive.  It also seeks

6   information that is protected by the attorney client privilege and the work product doctrine.

7   Without waiving the objections and subject thereto, Plaintiff responds: Plaintiff elects to produce

8   all non-privileged documents in support of the response: (1) Defendant PVA's product

9   specifications (2) Plaintiff Ruben Juarez's medical and billing records; (3) the Material Safety

10  Data Sheets of various chemicals being sprayed by PVA's benchtop dispensing system.

11  Witnesses: all witnesses disclosed in Plaintiffs' Initial Disclosure.  Discovery is ongoing.

12  **INTERROGATORY NO. 9**

13       Identify in detail all EVIDENCE which supports or in any way relates to YOUR claim

14  that the PVA 350's failure to perform safely "was a substantial factor in causing Plaintiffs' harm."

15  **RESPONSE TO INTERROGATORY NO. 9:**

16       The interrogatory is overly broad, unduly burdensome, and oppressive.  It also seeks

17  information that is protected by the attorney client privilege and the work product doctrine.

18  Without waiving the objections and subject thereto, Plaintiff responds: Plaintiff elects to produce

19  all non-privileged documents in support of the response: (1) Defendant PVA's product

20  specifications (2) Plaintiff Ruben Juarez's medical and billing records; (3) the Material Safety

21  Data Sheets of various chemicals being sprayed by PVA's benchtop dispensing system.

22  Witnesses: all witnesses disclosed in Plaintiffs' Initial Disclosure.  Discovery is ongoing.  .

23  **INTERROGATORY NO. 10**

24       DESCRIBE in detail all INJURIES which YOU allege were caused, or were in any way

25  contributed to, by the PVA 350, as alleged in YOUR COMPLAINT.

26  **RESPONSE TO INTERROGATORY NO. 10:**

27       The interrogatory is overly broad, unduly burdensome, and oppressive.  It also seeks

28  information that is protected by the attorney client privilege and the work product doctrine.

5

PLAINTIFF RUBEN JUAREZ'S RESPONSE TO DEFENDANT'S REQUEST FOR INTERROGATORIES, SET ONE (1)

EXHIBIT 40                                                                                          663

1    Without waiving the objections and subject thereto, Plaintiff responds: Plaintiff's neurological

2    defects and psychological issues that Plaintiff did not have before Plaintiff used PVA's benchtop

3    dispensing system.  This includes but not limited to severe migraine, headache, nausea, dizziness,

4    lightheadedness, slushiness in the brain, out of body experience, day dreaming, muscular

5    weakness, blurred vision, feeling faint, respiratory issues, presyncope, depression, anxiety,

6    respiratory issues, memory loss, out of balance and other symptoms.  Plaintiff elects to produce

7    the medical records for details.  Witnesses: all witnesses disclosed in Plaintiffs' Initial Disclosure.

8    **INTERROGATORY NO. 11**

9       Provide an ITEMIZED LISTING of all MEDICAL EXPENSES which YOU incurred

10   related to any INJURIES which YOU allege in the COMPLAINT.

11   **RESPONSE TO INTERROGATORY NO. 11:**

12      Plaintiff elects to produce the billing records for details that he has in his possession.

13   Discovery is ongoing.

14   **INTERROGATORY NO. 12**

15      Provide an ITEMIZED LISTING of all (past and future) lost income (including but not

16   limited to wage loss) that YOU incurred related to any INJURIES YOU allege in the

17   COMPLAINT.

18   **RESPONSE TO INTERROGATORY NO. 12:**

19      The interrogatory seeks information that is protected by the attorney-client privilege and

20   work product doctrine.  It also seeks premature disclosure of expert opinion.  Without waiving the

21   objections and subject thereto, Plaintiff responds: Plaintiff is not required to generate a document

22   that is not in existence.  However, Plaintiff has produced all documents relating to wage loss.

23   **INTERROGATORY NO. 13**

24      DESCRIBE in detail everything YOU did to determine what caused Ruben Juarez's

25   injuries, which are alleged in the COMPLAINT.

26   **RESPONSE TO INTERROGATORY NO. 13:**

27      The interrogatory seeks information that is protected by the attorney-client privilege and

28   work product doctrine.  Without waiving the objections and subject thereto, Plaintiff responds:

6

PLAINTIFF RUBEN JUAREZ'S RESPONSE TO DEFENDANT'S REQUEST FOR INTERROGATORIES, SET ONE (1)

EXHIBIT 40                                                    664

1  Plaintiff has been going to see his doctors.  But only until Plaintiff received the MSDS sheet of

2  the chemicals did Plaintiff suspect his injuries may have been caused by PVA's

3  design/manufacturing defects.

4  **INTERROGATORY NO. 14**

5      Identify in detail all EVIDENCE which establishes or in any way relates to whether

6  plaintiffs' lawsuit is barred by the two-year statute of limitations found in Code of Civil Procedure

7  section 335.1.

8  **RESPONSE TO INTERROGATORY NO. 14:**

9      The interrogatory is overly broad, unduly burdensome, and oppressive.  It also seeks

10  information that is protected by the attorney-client privilege and work product doctrine.  Without

11  waiving the objections and subject thereto, Plaintiff responds: Plaintiff's medical records, the

12  MSDS of the pertinent chemicals, and the email from Plaintiff to his HR, asking for a disclosure

13  of the MSDS.

14  **INTERROGATORY NO. 15:**

15      Explain in detail the basis for YOUR workers' compensation claim made for INJURY or

16  INJURIES during YOUR employment with Space Exploration Technologies Corporation, also

17  known as SpaceX.

18  **RESPONSE TO INTERROGATORY NO. 15:**

19      The interrogatory seeks information that is protected by the attorney-client privilege and

20  work product doctrine.  It is also not relevant to the litigation.  Without waiving the objections

21  and subject thereto, Plaintiff responds: Plaintiff filed a workers' compensation case because

22  Plaintiff was injured while working at SpaceX.  Plaintiff did not know what caused his injuries;

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

PLAINTIFF RUBEN JUAREZ'S RESPONSE TO DEFENDANT'S REQUEST FOR INTERROGATORIES, SET ONE (1)

EXHIBIT 40                                                                 665

1    only that Plaintiff was injured on the job.

2

3    Dated: September 5, 2017        LAW OFFICES OF TERESA LI, P.C.

4

5                    Teresa Li

6                    Attorney for Plaintiffs
                     RUBEN JUAREZ AND ISELA
                     HERNANDEZ

8

---

8

PLAINTIFF RUBEN JUAREZ'S RESPONSE TO DEFENDANT'S REQUEST FOR INTERROGATORIES, SET ONE (1)

EXHIBIT 40        666

## VERIFICATION

I, Ruben Juarez declare that:

I am a plaintiff in this action. I have read the foregoing Plaintiff Ruben Juarez's Response to Defendant's Request for Interrogatories, Set One (1) and know the contents thereof.

The information supplied therein is based on my own personal knowledge and/or has been supplied by my attorneys or other agents and is therefore provided as required by law. The information contained in the foregoing document is true, except as to the matters which were provided by my attorneys or other agents and, as to those matters, I am informed and believe that they are true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this verification was executed on September _____, 2017 at Granada Hills, California.


_____
RUBEN JUAREZ

EXHIBIT 40                                                    667

**PROOF OF SERVICE**

State of California, County of San Francisco

    I am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the within action; my business address is 315 Montgomery Street, 9th Floor, San Francisco, CA 94104.

    On the date listed below, I served the following documents: in the manner and/or manners described below to each of the parties herein and addressed as stated below:

- **PLAINTIFF ISELA HERNANDEZ'S RESPONSE TO DEFENDANT'S REQUEST FOR INTERROGATORIES, SET ONE (1)**
- **PLAINTIFF ISELA HERNANDEZ'S RESPONSE TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS AND ELECTRONICALLY STORED INFORMATION (ESI), SET ONE (1)**
- **PLAINTIFF RUBEN JUAREZ'S RESPONSE TO DEFENDANT'S REQUEST FOR INTERROGATORIES, SET ONE (1)**
- **PLAINTIFF RUBEN JUAREZ'S RESPONSE TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS AND ELECTRONICALLY STORED INFORMATION (ESI), SET ONE (1)**

Shahrad Milanfar
smilanfar@bkscal.com
Alex P. Catalona
acatalona@bkscal.com
BECHERER KANNETT & SCHWEITZER
1255 Powell Street
Emeryville, CA 94608

\_\_\_\_ United States Postal Service, U.S. Mal, with First Class postage prepaid and deposited in a sealed envelope at San Francisco, CA.  I am readily familiar with the business practice at my place of business for collection and processing of correspondence for mailing with the United States Postal Service.  Correspondence so collected and processed is deposited with the United States Postal Service that same day in the ordinary course of business.

\_\_\_\_ Facsimile Transmission

\_\_\_\_ Hand delivery by Courier: same day delivery

\_\_X\_\_ Other: E-Mail. pdf attachment

EXHIBIT 40                                                668

1

2          I certify and declare under penalty of perjury under the laws of the State of California that
the foregoing is true and correct.

3

Executed on September 8, 2017, at San Francisco, California.   .

4

5          Teresa Li

6          Type or Print Name                                         Signature

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

PROOF OF SERVICE

EXHIBIT 40                                                   669